Charles L. Stinneford
State Bar No. 00785057
Louis M. Phillips
Louisiana Bar No. 10505
Peter A. Kopfinger
Louisiana Bar No. 20904
Ryan J. Richmond
Louisiana Bar No. 30688
**GORDON, ARATA, MCCOLLAM,
DUPLANTIS & EAGAN, L.L.P.**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Phone: (225) 381-9643
Facsimile: (225) 336-9763

Attorneys for NFR Energy, LLC

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **In re:** | Case No. 09-35228-bjh |
| **CORNERSTONE E&P COMPANY, L.P.,** *et al.* | Chapter 11 |
| **Debtors.** | **LIMITED OBJECTION TO DEBTORS' EMERGENCY MOTION FOR AN ORDER APPROVING INTERIM AND FINAL USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, ETC.** |
| | Hearing Date: August 24, 2009 |
| | Time: 9:30 a.m. |
| | Location: Unites States Bankruptcy Court 1100 Commerce Street Dallas, Texas 75202 |
| | Objection Deadline: August 21, 2009 at 5:00 p.m. |

NFR Energy, LLC ("**NFR**") hereby submits its limited objection to Debtors'[1] Emergency

Motion for and Order (I) Approving Interim and Final Use of Cash Collateral and Granting

---

[1] Debtors are Cornerstone Southwest GO, LLC (Case No. 09-35229) and Cornerstone E&P Company, LP (Case No. 09-35228), jointly administered.

Adequate Protection; (II) Granting Authority to Make Payments to Royalty and Working Interest Owners; and (III) Approving Vendor-Financing Agreement, filed on August 6, 2009.[2] (the "**Emergency Motion**") [Docket No. 15].

NFR does not generally object to the relief sought in the Emergency Motion as agreed to by Debtors' lender, Union Bank of California, N.A. ("**Lender**") and others, but submits this limited objection to address issues raised by the Emergency Motion and/or the Agreed Interim Order that are of critical importance to NFR, notably any proposed finding by the Court that any of Lender's pre-petition security interests prime NFR's operator liens or imposition of adequate protection liens, superpriority claims, mineral liens or other liens or claims that prime NFR's operator lien rights.

**Factual Background**

Debtors each filed petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") on August 6, 2009. This Court entered an Order on August 7, 2009 granting joint administration of Debtors' bankruptcy cases [Docket No. 28]. Debtors continue to operate its businesses and manage its affairs as debtors-in-possession under Bankruptcy Code sections 1107(a) and 1108.

NFR and Cornerstone E&P Company, LP ("**Cornerstone**") are parties to an Operating Agreement dated October 1, 2007 (the "**OA**"). A copy of the OA is attached hereto, made a part

---

[2] On August 7, 2009, this Court entered an Agreed Interim Order Cash Collateral/Vendor Financing Order (I) Approving Interim and Final Use of Cash Collateral and Granting Adequate Protection; (II) Granting Authority to Make Payments to Royalty and Working Interest Owners; and (III) Approving Vendor-Financing Agreement (the "**Agreed Interim Order**"). [Docket No. 30]. Being that (1) the Emergency Motion was a first-day motion; and (2) the Agreed Interim Order signed and entered on the day following the commencement date, NFR did not have notice and/or time to object to the relief sought in the Emergency Motion. On August 11, 2009, this Court entered an Amended Agreed Interim Order Cash Collateral/Vendor Financing Order (I) Approving Interim and Final Use of Cash Collateral and Granting Adequate Protection; (II) Granting Authority to Make Payments to Royalty and Working Interest Owners; and (III) Approving Vendor-Financing Agreement (the "**Amended Agreed Interim Order**"). [Docket No. 30]. The final hearing on cash collateral is scheduled for August 24, 2009.

hereof, and identified herein as Exhibit "A". The OA designated NFR as the Operator and Cornerstone as the Non-Operator. The OA provided that NFR, as Operator, was responsible for paying and discharging all expenses incurred in the development and operation of various mineral leases in Panola, Rusk, and Shelby Counties, State of Texas (the "**Operator Area**"), subject to reimbursement by Cornerstone of Cornerstone's share of the expenses. NFR engaged in development and operations in accordance with the OA and thereafter sought reimbursement from Cornerstone for Cornerstone's share of the expenses incurred. Cornerstone has failed to pay the amounts due to NFR which, as of August 20, 2009, amounted to $1,608,647.66. NFR filed a pre-petition suit ("**Suit**") against Cornerstone seeking reimbursement of the costs owed to it by Cornerstone. A copy of the Suit is attached hereto, made a part hereof, and identified herein as Exhibit "B".

The OA grants to NFR an operator lien upon Cornerstone's interest in the Operating Area and a security interest in Cornerstone's interest in oil and/or gas when produced, accounts, proceeds, contract rights, fixtures and personal property and equipment now or hereafter used or obtained in connection with the Operating Area, to secure payment of Cornerstone's share of expenses, together with interest, for the development and operation of the Operating Area and to secure performance of all other obligations under the OA. A copy of the Memorandum of Operating Agreement, Security Agreement and Financing Statement, duly filed and recorded in Panola, Rusk, and Shelby Counties, State of Texas, is attached hereto, made a part hereof, and identified herein as Exhibit "C".

**No Finding Should Be Made Granting Lender's Pre-Petition Security Interests Priority Over NFR's Operating Liens and Any Adequate Protection Lien, Superpriority Claims or Other Liens Should Not Prime NFR's Operator Lien Rights granted by the OA**

The Emergency Motion and the Amended Agreed Interim Order both provide: "Debtors assert that … (b) The Prepetition Lender's perfected security interest in the Debtors' property in Rusk, Panola and Shelby Counties, Texas has a lower priority than the operator's lien of NFR Energy…" Notwithstanding Debtors assertion that NFR's operator lien primes Lender's security interest, the Emergency Motion is not entirely clear concerning the extent or breadth of the imposition of any priority status of Lender's pre-petition security interests or the priority of the proposed adequate protection liens, superiority claims, mineral liens and/or other liens or claims that Debtors are granting in connection with the relief sought in the Emergency Motion.

To the extent that the Emergency Motion and/or Agreed Interim Order seeks or makes any finding that any of Lender's pre-petition security interests prime NFR's operator liens or imposes or seeks to impose priority of any adequate protection liens, superiority claims, mineral liens and/or other liens or claims over NFR's existing or future operator lien claims upon the Operating Area and/or Cornerstone's existing or future interest in oil and/or gas when produced, accounts, proceeds, contract rights, fixtures and personal property and equipment now or hereafter used or obtained in connection with the Operating Area, NFR objects. Initially, no valuation has been proposed or made with respect to Debtors' assets/collateral and nothing Debtors have filed to date grants NFR any adequate protection for impairment of its operator lien rights. No priming lien can be authorized unless a debtor shows that an affected lienholder whose rights will be impaired will be adequately protected. *See First South Savings Association*, 820 F.2d 700 (5th Cir. 1987), *Suntrust Bank v. Den-Mark Construction, Inc.*, 406 B.R. 683 (E.D. N.C. 2009) and *In re Windsor Hotel, L.L.C.*, 295 B.R. 307 (Bankr. C.D. Ill. 2003).

**Conclusion**

For the foregoing reasons, this Court should not enter a final order finding that any of Lender's pre-petition security interests prime NFR's operator liens or imposes priority of any adequate protection liens, superiority claims, mineral liens and/or other liens or claims over NFR's existing or future operator lien claims upon the Operating Area and/or Cornerstone's existing or future interest in oil and/or gas when produced, accounts, proceeds, contract rights, fixtures and personal property and equipment now or hereafter used or obtained in connection with the Operating Area.

Dated: August 21, 2009

      **GORDON, ARATA, MCCOLLAM,**
          **DUPLANTIS & EAGAN, L.L.P.**
One Riverway
777 Southpost Oak Lane, Suite 1300
Houston, TX 77056
Phone: (713) 333-5500
Facsimile: (713) 333-5501
Email: CStinneford@gordonarata.com

By: **/s/ Charles L. Stinneford**
   Charles L. Stinneford (State Bar No. 00785057)

**- AND -**

**GORDON ARATA MCCOLLAM**
     **DUPLANTIS & EAGAN, LLP**
301 Main Street, Suite 1600
Baton Rouge, LA 70825
Phone (225) 381-9643
Fax (225) 336-9763
Email: lphillips@gordonarata.com
Email: pkopfinger@gordonarata.com
Email: rrichmond@gordonarata.com

  Louis M. Phillips (La. Bar No. 10505)
  Peter A. Kopfinger (La. Bar No. 20904)
  Ryan J. Richmond (La. Bar No. 30688)