Patrick D. Devine
State Bar No. 05662200
Law Office of Patrick D. Devine
5120 Woodway Dr., Suite 8002
Houston, Texas 77056
Telephone: 832-251-2722
Facsimile: 713-965-9173
Email: pdevine@pdevinelaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| CORNERSTONE SOUTHWEST GP, LLC | § | Case No. 09-35229-hdh |
| | § | |
| CORNERSTONE E&P COMPANY, L.P. | § | Case No. 09-35228-bjh |
| | § | |
| Debtors. | § | Motion for Joint Administration Pending |

**LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO DEBTORS' MOTION FOR FINAL CASH COLLATERAL /
VENDOR FINANCING ORDER (I) APPROVING USE OF CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION;
(II) GRANTING AUTHORITY TO MAKE PAYMENTS TO
ROYALTY AND WORKING INTEREST OWNERS; AND
<u>(III) APPROVING VENDOR FINANCING AGREEMENT</u>**

The Official Unsecured Creditor's Committee (the "Committee"), through undersigned counsel, files this Limited Objection to the Debtors' Emergency Motion for an Order (I) Approving Interim and Final Use of Cash Collateral and Granting Adequate Protection; (II) Granting Authority to Make Payments to Royalty and Working Interest and (III) Approving Vendor Financing Agreement, and respectfully represents:

**Introduction**

1.     The Committee was appointed by the United States Trustee in the above styled and numbered caused pursuant to the Appointment entered August 18, 2009.

**Objections to Proposed Final Cash Collateral / Vendor Financing Order**

    *a.*    *Automatic Termination Provisions*

    2.    The Proposed Final Order contains several provisions which result in the automatic termination of the Debtor's right to otherwise use cash collateral as provided in the Proposed Final Order. Specifically, the Committee finds the following automatic termination provisions to be objectionable:

> i.    Para. 8 (c)(v) provides for automatic termination upon "the granting relief from the automatic stay to any creditor holding or asserting a lien or reclamation claim of the Prepetition Collateral."
>
> ii.    Para. 8 (e) provides for automatic termination upon "the entry of an order approving use of Cash Collateral (other than application related to this Final Cash Collateral / Vendor Financing Order), or any financing or loan secured by liens, which are senior, *pari passu* with or junior to the Prepetition Lender's liens on the Prepetition Collateral, without the prior written approval of the Prepetition Lender."
>
> iii.    Para. 8 (g) provides for automatic termination upon "the entry of an order approving a motion in these chapter 11 cases without the Prepetition Lender's prior written consent: (i) to obtain financing under section 364 of the Bankruptcy Code from any person or entity other than the Prepetition Lender that involves liens that are senior, pari passu with or junior to the liens of the Prepetition Lender; (ii) to grant any lien that is senior, pari passu with or junior to the liens of the Prepetition Lender; (iii) to recover from any portion of the Prepetition Collateral any costs or expenses of preserving or disposing of collateral under section 506(c) of the Bankruptcy Code."

    3.    Paragraph 8(c)(v) unfairly punishes the Debtor, and endangers the estate, upon the happening of an event which may not negatively impact the Lender. The use of cash collateral should not be automatically terminated solely because a junior lienholder or a reclamation claimant obtains some relief from the stay to exercise a specific remedy. Such a remedy may be financially insignificant to the protection of the Lender's secured position.

4. Paragraphs 8(e) and (g) prohibit the Debtor from seeking any type of alternative financing which may be necessary to preserve or enhance the estate, even though such financing may not negatively impact the Lender's position. These automatic termination provisions unfairly restrict the Debtors' ability to preserve or enhance the estate should the Lender not approve.

    *b.*     *Restriction on Carve-Out Funds*

5. Paragraph 12(iv) prohibits the professionals representing the Committee and the Debtor from seeking compensation from cash collateral for "(iv) any cash collateral motion, plan of reorganization, or sale or finance motion not acceptable to the Prepetition Lender."

6. Again, the Lender is attempting to inhibit the Debtor or the Committee from pursuing any financing solutions or alternatives of which it does not expressly approve. This is a chilling provision designed to unfairly inhibit the ability of the Debtor to effectively reorganize outside the limitations put in place by the Lender.

    *c.*     *Objections to Lender's Security Interests*

7. Paragraph 28 restricts the time by which the Committee or any presumed subordinate lienholder may investigate and file any objection to the validity and priority of the Lender's pre-petition liens. In particular, the Proposed Final Order only allows 60 days after entry of the Final Order by which such objections must be filed. This 60 day time limitation is unreasonable, and the Committee suggests that no less than 90 days is necessary to allow for sufficient time to investigate and analyze the validity and priority of the Lender's pre-petition liens.

WEREFORE, the Committee prays that the Court deny the use of cash collateral

- 4 -

unless the issues referred to above and the issues raised by the Committee are addressed, and for such other relief as is equitable and just.

                                                      Respectfully submitted,

                                                      /s Patrick D. Devine
                                                      Patrick D. Devine
                                                      State Bar No. 05662200
                                                      Law Office of Patrick D. Devine
                                                      5120 Woodway Dr., Suite 8002
                                                      Houston, Texas 77056
                                                      Phone: 832-251-2722
                                                      Fax: 713-965-9173
                                                      Email: pdevine@pdevinelaw.com

                                                      ATTORNEY FOR THE OFFICIAL
                                                      UNSECURED CREDITORS COMMITTEE

**CERTIFICATE OF SERVICE**

     I hereby certify that I have served a copy of the foregoing document via the Court's ecf notification system or via United States mail, postage prepaid, on the United States Trustee, counsel for Movant, and all parties who have filed a notice of appearance, on this 21st day of August, 2009.

                                                      /s/ Patrick D. Devine
                                                      Patrick D. Devine