Phil Snow # 18812600
philsnow@snowfogel.com
Kenneth Green #24036677
kennethgreen@snowfogel.com
SNOW FOGEL SPENCE LLP
2929 Allen Parkway, Suite 4100
Houston, TX 77019
Telephone: 713-335-4800
Facsimile: 713-335-4848
ATTORNEYS FOR PLAINTIFFS

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **CORNERSTONE E&P COMPANY, L.P.,** | § | **Case No. 09-35228-BJH** |
| *et. al,* | § | **(Chapter 11)** |
| | § | |
| **Debtors.** | § | |
| | § | |
| | § | |
| **BAKER HUGHES OILFIELD** | § | **ADVERSARY PROCEEDING** |
| **OPERATIONS, INC., SCHLUMBERGER** | § | |
| **TECHNOLOGY CORPORATION,** | § | **NO. _____** |
| **SIMONS PETROLEUM, INC., TEXAS** | § | |
| **CES, INC., T.K. STANLEY INC.,** | § | |
| **PUMPCO ENERGY SERVICES, INC.,** | § | |
| **I.E. MILLER SERVICES, INC.,** | § | |
| **BRIDGEPORT TANK TRUCKS, LLC** | § | |
| **AND SELECT ENERGY SERVICES, LLC** | § | |
| **D/B/A TEJAS OILFIELD SERVICES** | § | |
| | § | |
| **Plaintiffs.** | § | |
| | § | |
| | § | |
| **V.** | § | |
| | § | |
| **UNION BANK OF CALIFORNIA, N.A.,** | § | |
| **N/K/A UNION BANK, N.A.,** | § | |
| **CORNERSTONE E&P COMPANY,** | § | |
| **L.P. AND CORNERSTONE** | § | |
| **SOUTHWEST GP, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

Plaintiffs Baker Hughes Oilfield Operations, Inc. ("Baker Hughes"), Schlumberger Technology Corporation ("Schlumberger"), Simons Petroleum, Inc. ("Simons"), Texas CES, Inc. ("CES"), T.K. Stanley, Inc. ("Stanley"), Pumpco Energy Services, Inc. ("Pumpco"), I.E. Miller Services, Inc. ("Miller"), Bridgeport Tank Trucks, LLC ("Bridgeport"), Select Energy Services, LLC d/b/a Tejas Oilfield Services ("Select") (collectively referred to as the "Subject M&M Lien Creditors") file this Complaint and Request for Declaratory Judgment pursuant to Bankruptcy Rule 7001 and the Court's Final Cash Collateral/Vendor Financing Order (I) Approving Use Of Cash Collateral and Granting Adequate Protection; and (II) Approving Vendor Financing Agreement (Docket No. 81; paragraph 27) and would respectfully show the Court as follows:

## I.
## Parties

1. Plaintiff Baker Hughes is a California corporation with its principal place of business in Texas.

2. Plaintiff Schlumberger is a Texas corporation with its principal place of business in Texas.

3. Plaintiff Simons is an Oklahoma corporation with its principal place of business in Oklahoma.

4. Plaintiff CES is a Texas corporation with its principal place of business in Texas.

5. Plaintiff Stanley is a Mississippi corporation with its principal place of business in Mississippi.

6.     Plaintiff Pumpco is a Delaware corporation with its principal place of business in Texas.

7.     Plaintiff Miller is a Texas corporation with its principal place of business in Texas.

8.     Plaintiff Bridgeport is a Texas limited liability company with its principal place of business in Texas.

9.     Plaintiff Select is a Delaware limited liability company with its principal place of business in Texas.

10.    Defendant Union Bank of California, N.A. n/k/a Union Bank, N.A. ("UBOC") is the lender under a Credit Agreement dated December 20, 2006 (the "Credit Agreement"), as amended, by and between UBOC and Cornerstone E&P Company, L.P. (defined as the "Borrower" and together with Cornerstone Southwest GP, LLC referred to collectively herein as the "Debtors" or "Cornerstone").   UBOC may be served with process in this adversary proceeding by serving its registered agent, Carl A. Stutzman at 500 N. Akard, Suite 4200, Dallas, TX 75201.

11.    Defendant Cornerstone E&P Company, L.P. is a Debtor in the above-captioned chapter 11 bankruptcy proceeding and may be served with process in this adversary proceeding by serving Debtors' counsel, Stephen M. Pezanosky, Haynes and Boone, LLP, 2323 Victory Avenue, Suite 700, Dallas, TX 75219-7673.

12.    Defendant Cornerstone Southwest GP, LLC is a Debtor in the above-captioned chapter 11 bankruptcy proceeding and may be served with process in this adversary proceeding

by serving Debtors' counsel, Stephen M. Pezanosky, Haynes and Boone, LLP, 2323 Victory Avenue, Suite 700, Dallas, TX 75219-7673.

## II.
## Jurisdiction and Venue

13.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1334. The Complaint asserts claims arising under federal law. The Complaint arises under, arises in or is related to a case under title 11. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

14.     This Court has jurisdiction to grant the relief sought herein under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

## III.
## Exhibits

15.     The Subject M&M Lien Creditors attach and incorporate by reference herein the following exhibits in support of this Complaint:

- Exhibit A: Chart reflecting the Debtors' oil and gas leases which are not identified in the UBOC Mortgage Documents.[1]

- Exhibit B: UBOC Mortgage Documents filed in Hill County, Texas.

- Exhibit C: UBOC Mortgage Documents filed in Hughes County, Oklahoma.

## IV.
## Background Facts

16.     Petition Date.  On June 16, 2009, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] Certain information contained in Exhibit A including (i) the well name; (ii) Cornerstone Lease ID; (iii) lease name; (iv) net mineral acres; (v) county and state; (vi) date recorded and recording information; and (vii) the legal description of the subject leases was received from Cornerstone and is subject to further review and correction.

17. <u>Pre-petition loan documents</u>. The Borrower and UBOC are parties to a Credit Agreement dated as of December 20, 2006, as amended. UBOC asserts that under the Credit Agreement and associated mortgages and other documents executed in connection therewith (collectively, the "<u>Mortgage Documents</u>"), UBOC holds valid, perfected, enforceable first-priority liens and security interests on all assets and property of the Borrower, which include oil and gas leasehold interests, working interests and associated property and rights which (i) are not identified or adequately described in the Mortgage Documents and (ii) in some cases were acquired by the Debtors after the date of recordation of the Mortgage Documents. The Subject M&M Lien Creditors dispute that UBOC holds valid, perfected, and enforceable liens and security interests on the Debtors' oil and gas interests which were not adequately described in the Mortgage Documents.

18. <u>Cash Collateral Order and Challenge Rights</u>. The final cash collateral order (Docket No. 81) provides as follows regarding the rights of "Trade Lien Creditors," which include the Subject M&M Lien Creditors, to challenge UBOC's liens and security interests under the Mortgage Documents:

> Notwithstanding anything contained herein to the contrary, the extent, validity, perfection and enforceability of the Prepetition Obligations and the Prepetition Lender's liens on the Prepetition Collateral are for all purposes subject to the rights of any party in interest with proper standing, other than the Debtors, to file a complaint pursuant to Bankruptcy Rule 7001, seeking to invalidate, subordinate or otherwise challenge the Prepetition Obligations and/or the Prepetition Lender's pre-petition liens upon and security interests in the Prepetition Collateral; provided, however, that if such complaint is not (a) filed by such parties in interest with proper standing to assert such complaint or the Committee, within 75 days following the date of the entry of this Final Cash Collateral / Vendor Financing Order or (b) filed – solely with respect to challenges by a Trade Lien Creditor to the validity and/or the priority of the Prepetition Lender's pre-petition liens upon a Trade Lien Creditor's collateral – by such Trade Lien Creditor within 30 days following the date on which the first proposed plan of reorganization is filed in

these cases (provided, however, any challenges filed after 75 days shall relate only to validity and perfection of the Prepetition Lenders' pre-petition liens under applicable state law and shall not relate to actions pursuant to chapter 5 of the Bankruptcy Code), then: (i) the Prepetition Obligations and the Prepetition Lender's security interests in and liens upon the Prepetition Collateral shall be recognized and allowable as valid, binding, in full force and effect, not subject to any claims, counterclaims, setoff or defenses, perfected and senior to all other liens upon and claims against the Prepetition Collateral to the extent provided herein, and the Prepetition Obligations shall be allowed in the full amount specified above pursuant to sections 502 and 506 of the Bankruptcy Code, and (ii) the acknowledgements and stipulations contained above shall be binding on all parties in interest. Nonetheless, nothing in this Order shall be deemed to grant standing to any other party to commence any adversary proceeding or contested matter.

19.     <u>The Subject M&M Lien Creditors' Claims</u>.  The Subject M&M Lien Creditors furnished goods, materials, supplies, machinery, equipment and labor under contract with one or more of the Debtors in connection with oil and gas operations conducted by the Debtors in Texas and Oklahoma for which the Subject M&M Lien Creditors have not been paid.  The Subject M&M Lien Creditors' claims for unpaid  materials and services are secured by (i) statutory mineral liens; and (ii) mineral subcontractor liens, under applicable state law.

20.     The Subject M&M Lien Creditors' liens are summarized as follows:

<u>**Baker Hughes**</u>

**Texas M&M Liens**

| Claimant | Well | County | Total Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| Drilling Fluids | Campbell 1H | Hill | 187,129.63 | 6/10/2009 | 27957 | 1600/487 |
| BOT Christensen | Chittim 155-4H | Maverick | 95,069.50 | 6/16/2009 | 155162 | 1167/281 |
| Drilling Fluids | Colonial Trust 1H Amended | Hill | 90,470.64 | 6/10/2009 9/4/2009 | 27964 30228 | 1600/612 1613/183 |
| BOT | Hancock 1H | Hill | 26,130.75 | 6/10/2009 | 27965 | 1600/676 |
| BOT Drilling Fluids | Mays-McElroy1H | Hill | 185,388.55 | 6/10/2009 | 27966 | 1600/697 |
| Drilling Fluids | Smitherman 1H Amended | Hill | 126,057.68 | 6/10/2009 9/4/2009 | 27967 30229 | 1600/773 1613/250 |

| | | | | 6/10/2009 | 27956 | 1600/400 |
|---|---|---|---|---|---|---|
| Drilling Fluids | Watson 1H Amended | Hill | 178,800.32 | 9/8/2009 | 30267 | 1613/517 |
| | Young 1H | | | 6/10/2009 | 27968 | 1601/1 |
| Drilling Fluids | Amended | Hill | 68,837.71 | 9/4/2009 | 30230 | 1613/338 |

**Oklahoma M&M Liens**

| Claimant | Well | County | Total Amount of Lien | Date Lien Filed | Recordation Number | Book/ Page/Line |
|---|---|---|---|---|---|---|
| Drilling Fluids | Dingo 11-1H | Hughes | 106,975.93 | 6/11/2009 | 2661 | 1/210/3 |
| Drilling Fluids | Gecko 22-1H | Hughes | 88,363.10 | 6/11/2009 | 2662 | 1/210/5 |
| BOT | Leopard 24-1H | Hughes | 8,993.56 | 6/11/2009 | 2667 | 1/210/15 |
| Drilling Fluids | Lizard 19-1H | Hughes | 124,022.99 | 6/11/2009 | 2663 | 1/210/7 |
| Christensen Drilling Fluids | Okapi 17-1H | Hughes | 102,224.47 | 6/11/2009 | 2664 | 1/210/9 |
| BOT | Panda 5-1H | Hughes | 41,435.99 | 6/11/2009 | 2665 | 1/210/11 |
| Christensen Drilling Fluids | Wombat 1-1H | Hughes | 198,178.31 | 6/11/2009 | 2666 | 1/210/13 |

## Schlumberger

**Texas M&M Liens**

| Well | County | Total Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|
| Campbell 1H | Hill | 840,382.60 | 7/2/2009 | 28483 | 1603/784 |
| Colonial Trust 1H Amended | Hill | 10,942.08 | 7/2/2009 9/3/2009 | 28482 30187 | 1603/765 1612/840 |
| Hancock 1H | Hill | 719,352.15 | 7/2/2009 | 28486 | 1604/67 |
| Mays-McElroy1H | Hill | 105,158.33 | 7/2/2009 | 28484 | 1604/1 |
| Smitherman 1H Amended | Hill | 27,368.44 | 7/2/2009 8/31/2009 | 28485 30060 | 1604/39 1612/396 |
| Thelma Jean Turner 1H | Hill | 379,371.09 | 7/2/2009 | 28481 | 1603/702 |
| Watson 1H | Hill | 43,800.19 | 7/2/2009 | 28480 | 1603/676 |

## Simons

**Texas M&M Liens**

| Well | County | Total Amount of Lien | Date Lien Filed | Recordation Number | Book/ Page/Line |
|---|---|---|---|---|---|
| Colonial Trust 1H | Hill | 53,568.48 | 6/2/2009 | 27787 | OPR/1599/306 |
| Smitherman 1H | Hill | 69,036.60 | 6/2/2009 | 27788 | OPR/1599/319 |
| Watson 1H | Hill | 33,502.42 | 6/2/2009 | 27786 | OPR/1599/294 |
| Young 1H | Hill | 84,744.07 | 6/2/2009 | 27789 | OPR/1599/331 |

**Oklahoma M&M Liens**

| Well | County | Total Amount of Lien | Date Lien Filed | Recordation Number | Book/ Page/Line |
|------|--------|---------------------|-----------------|--------------------|-----------------|
| Dingo 11-1H | Hughes | 103,348.41 | 6/1/2009 | 2657 | 1/209/35 |
| Lizard 19-1H | Hughes | 64,448.85 | 6/1/2009 | 2655 | 1/209/31 |
| Okapi 17-1H | Hughes | 105,480.76 | 6/1/2009 | 2658 | 1/209/37 |
| Wombat 1-1H | Hughes | 129,958.90 | 6/1/2009 | 2656 | 1/208/33 |

## CES

**Texas M&M Liens**

| Well | County | Total Amount of Lien | Date Lien Filed | Recordation Number | Book/ Page/Line |
|------|--------|---------------------|-----------------|--------------------|-----------------|
| Campbell 1-H | Hill | 12,858.82 | 6/18/2009 | 28155 | OPR/1602/21 |
| Chittim 155-4H | Maverick | 322,879.00 | 6/16/2009 | 155162 | 1167/281 |
| Colonial Trust 1H | Hill | 434,000.00 | 6/18/2009 | 28157 | OPR/1602/60 |
| Covington West Acres 1H | Hill | 436,361.31 | 6/18/2009 | 28152 | OPR/1601/834 |
| Hancock 1H | Hill | 502,355.01 | 6/18/2009 | 28159 | OPR/1602/81 |
| Mays-McElroy 1H | Hill | 472,812.20 | 6/18/2009 | 28156 | OPR/1602/39 |
| Smitherman 1H | Hill | 486,760.00 | 6/18/2009 | 28153 | OPR/1602/1 |
| Watson 1H | Hill | 481,995.50 | 6/18/2009 | 28158 | OPR/1602/71 |
| Young 1H | Hill | 435,375.00 | 6/18/2009 | 28154 | OPR/1602/15 |

**Oklahoma M&M Liens**

| Well | County | Total Amount of Lien | Date Lien Filed | Recordation Number | Book/ Page/Line |
|------|--------|---------------------|-----------------|--------------------|-----------------|
| Dingo 11-1H | Hughes | 241,433.33 | 6/17/2009 | 2675 | 1/210/31 |
| Gecko 22-1H | Hughes | 352,108.33 | 6/17/2009 | 2676 | 1/210/33 |
| Lizard 19-1H | Hughes | 326,983.00 | 6/17/2009 | 2679 | 1/210/39 |
| Okapi 17-1H | Hughes | 360,839.16 | 6/17/2009 | 2677 | 1/210/35 |
| Wombat 1-1H | Hughes | 337,334.66 | 6/17/2009 | 2678 | 1/210/37 |

## Stanley

**Texas M&M Liens**

| Well | County | Total Amount of Lien | Date Lien Filed | Recordation Number | Book/Page/Line |
|------|--------|---------------------|-----------------|--------------------|----------------|
| Young 1H | Hill | 7,475.00 | 9/17/2009 | 1614 | 649-685 |

**Oklahoma M&M Liens**

| Well | County | Total Amount of Lien | Date Lien Filed | Recordation Number | Book/Page/Line |
|------|--------|----------------------|-----------------|---------------------|----------------|
| Dingo 11-1H | Hughes | 79,142.13 | 9/17/2009 | 2819 | 1/217/39 |
| Okapi 17-1H | Hughes | 97,807.00 | 9/17/2009 | 2820 | 1/218/1 |

## Pumpco

**Texas M&M Liens**

| Well | County | Total Amount of Lien | Date Lien Filed | Recordation # | Book/Page/Line |
|------|--------|----------------------|-----------------|---------------|----------------|
| Colonial Trust 1H | Hill | 22,085.82 | 8/10/2009 | 29549 | 1609/597 |
| Young 1H | Hill | 35,341.97 | 8/10/2009 | 29550 | 1609/608 |

## Miller

**Oklahoma M&M Liens**

| Well | County | Total Amount of Lien | Date Lien Filed | Recordation # | Book/Page/Line |
|------|--------|----------------------|-----------------|---------------|----------------|
| Dingo 11-1H | Hughes | 32,000 | 8/11/2009 | 2758 | 1/214/37 |

## Bridgeport Tank Trucks, LLC

**Texas M&M Liens**

| Well | County | Total Amount of Lien | Date Lien Filed | Recordation # | Book/ Page/Line |
|------|--------|----------------------|-----------------|---------------|-----------------|
| Campbell 1H | Hill | 4,242.12 | 7/21/2009 | 28990 | 1606/627 |
| Covington Acres West 1H | Hill | 541.25 | 7/21/2009 | 28992 | 1606/676 |
| Hancock 1H | Hill | 1,510.09 | 8/4/2009 | 29391 | 1608/717 |
| Mays-McElroy 1H | Hill | 1,472.20 | 8/4/2009 | 29392 | 1608/738 |
| Saunders 1H | Hill | 387.00 | 7/28/2009 | 29188 | 1607/807 |
| Thelma Jean Turner 1H | Hill | 2,007.41 | 7/21/2009 | 28991 | 1606/653 |

**Texas M&M Liens**

| Well | County | Total Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|
| Colonial Trust 1H | Hill | 32,000.00 | 6/3/2009 | 27815 | OPR/1599/452 |
| Covington West Acres 1H | Hill | 4,968.68 | 6/3/2009 | 27814 | OPR/1599/448 |
| Smitherman 1H | Hill | 43,085.81 | 6/3/2009 | 27815 | OPR/1599/452 |
| Watson 1H | Hill | 4,500.00 | 6/3/2009 | 27815 | OPR/1599/452 |
| Young 1H | Hill | 20,539.96 | 6/3/2009 | 27815 | OPR/1599/452 |

**Oklahoma M&M Liens**

| Well | County | Total Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|
| Wombat 1-1H | Hughes | 29,000.00 | 6/17/2009 | 2685 | 1/211/11 |

21.    The liens described above are referred to collectively as the "Subject Texas M&M Liens" and the "Subject Oklahoma M&M Liens." The Subject Texas M&M Liens and Subject Oklahoma M&M Liens were timely and properly filed under applicable state law and are valid, fully-perfected and enforceable.

22.    Lien rights under Texas law. The Subject Texas M&M Liens attach to and encumber (i) the subject well; (ii) the whole of such land or leasehold or lease for oil and gas purposes; (iii) the material, machinery and supplies furnished by the lien claimant; (iv) all other material, machinery and supplies used for mineral activities; (v) all personal property; (vi) all buildings; (vii) all appurtenances; (viii) all other oil, gas and water wells and pipelines and their right-of-way located on the subject leases; (ix) the oil and gas produced from the subject leases; and (x) the proceeds from the sale thereof and any other property provided for under Texas law.

*See* Tex. Prop. Code § 56.003; *Abella v. Knight Oil Tools*, 945 S.W.2d 847 (Tex. App.–Houston [1st Dist.] 1997, no writ).

23.    Lien Rights under Oklahoma Law.  The Subject Oklahoma M&M Liens attach to and encumber:  (i) the whole of the land or leasehold interest;  (ii) any oil pipeline or gas pipeline; (iii) any lease for oil and gas purposes; (iv) the buildings and appurtenances; (v) the proceeds from the sale of oil or gas produced therefrom inuring to the working interest, exempting, however, any valid, bona fide reservations of oil or gas payments or overriding royalty interests executed in good faith and payable out of such working interest; (vi) the materials and supplies so furnished; (vii) any oil well supplies, tools and other articles used in digging, drilling, torpedoing, operating, completing, or repairing any oil or gas well; (viii) the oil or gas well for which they are furnished and all of the other oil wells, gas wells, fixtures, appliances, buildings and appurtenances used in operating for oil, gas, and other minerals upon the leasehold and any other property provided for under Oklahoma law.  *See* 42 Okl. St. § 144.

24.    The property interests described in paragraphs 22-23 above which are encumbered by the Subject Texas M&M Liens and the Subject Oklahoma M&M Liens are referred to collectively as the "Subject Oil and Gas Properties."

25.    Real Property Interests Encumbered. The Subject Texas M&M Liens and Subject Oklahoma M&M Liens encumber the following interests in the Subject Oil and Gas Properties: (i) the interest of the contracting party and the interest of any mineral property owner on whose behalf the contracting party contracted (ii) the interest of identified working interest owners with a recorded assignment as of the applicable mineral lien inception date; and (iii) the interest of any working interest owner without a recorded assignment as of the applicable mineral lien inception

date. *See Bandera Drilling Co. v. Lavino*, 824 S.W.2d 782 (Tex. App.–Eastland 1992, no writ); *Trevor Rees-Jones, Trustee for Atkins Petroleum Corp. v. Trevor Rees-Jones, Trustee for Apache Services, Inc.*, 799 S.W.2d 463 (Tex. App.–El Paso 1990, writ denied); *McCarty v. Halliburton Company*, 725 S.W.2d 817 (Tex. App. –Eastland 1987, writ ref'd. n.r.e.).

26.     Lien Inception.    Once filed and perfected, the Subject M&M Lien Creditors' mineral liens incept and relate back to the commencement of the furnishing of labor and/or materials on the subject leases and/or units. *See* 42 Okl. St. § 144; Tex. Prop. Code 56.004-005; *Youngstown Sheet & Tube Co. v. Lucey Products Co.,* 403 F.2d 135, 143 (5th Cir. 1968); *In re Meg Petroleum Corp.*, 61 B.R. 14, 20 (Bankr. N.D. Tex. 1986); *Bandera Drilling Co. v. Lavino*, 824 S.W.2d 782, 784 (Tex. App.–Eastland 1992, no writ); *Trevor Rees-Jones, Trustee for Atkins Petroleum Corp. v. Trevor Rees-Jones, Trustee for Apache Services, Inc.*, 799 S.W.2d 463 (Tex. App.–El Paso 1990, writ denied).

27.     Scope of Subject Texas M&M Liens and Subject Oklahoma M&M Liens.    The Debtors filed certain unit designations with respect to oil and gas properties encumbered by the Subject Texas M&M Liens thereby unitizing the leases described therein. The Debtors obtained orders from the Oklahoma Corporation Commission ("OCC") pooling the interests of mineral property owners and creating drilling and spacing units under 52 Okl. St. § 87.1 *et seq.* with respect to oil and gas properties encumbered by the Subject Oklahoma M&M Liens. Under applicable Texas and Oklahoma law, where multiple leases are operated as a unit, the liens of the Subject M&M Lien Creditors extend to and encumber the totality of the acreage of each lease included (in whole or in part) in the applicable unit. *See* 42 Okl. § 144; *In re George Rodman, Inc.*, 38 B.R. 822 (Bankr. W.D. Okla. 1984); Tex. Prop. Code § 56.003; *Texcalco, Inc. v.*

*McMillan*, 524 S.W.2d 405, 407 (Tex. Civ. App.–Eastland 1975, no writ); *Dunigan Tool & Supply Co. v. Burris*, 427 S.W.2d 341 (Tex. Civ. App.–Eastland 1968, writ ref'd n.r.e.).

## V.
## Justiciable Controversy

28.     UBOC asserts that it has valid, perfected, enforceable, first-priority liens and security interests upon all of the Debtors' assets, which include the Subject Oil and Gas Properties. The Subject M&M Lien Creditors dispute that UBOC has valid, perfected and enforceable liens upon the Debtors' interests in oil and gas leases and/or working interests, including leaseholds not identified or adequately described in the Mortgage Documents. Further, the Subject M&M Lien Creditors seek a declaration from the Court that the Subject M&M Lien Creditors' liens are valid, perfected, enforceable and senior to the lien claims of UBOC, including as to the Subject Oil and Gas Properties identified in Exhibit A attached hereto. The Subject M&M Lien Creditors further seek a declaration from the Court regarding the validity, perfection, enforceability, scope and priority of the Subject Texas M&M Liens and Subject Oklahoma M&M Liens. A declaratory judgment which declares the extent, validity and priority of competing lien claims on the Debtors' property is authorized under Bankruptcy Rule 7001 and will adjudicate disputed issues involved in this controversy between secured creditors in this bankruptcy case. The Subject M&M Lien Creditors seek and are entitled to a declaratory judgment regarding the extent, validity and priority of the Subject M&M Lien Creditors' liens and the extent, validity and priority of UBOC's asserted liens.

# VI.
## Causes of Action

29.    **Count One**.  Declaratory Judgment – Liens on leases included in the Unit

Designation filed at Instrument No. – 0028419 (Amended) and leases identified by the Debtors

as part of the Colonial Trust 1H Well (the "Colonial Trust 1H Unit").  For purposes of this

Count, the "Subject Colonial Trust 1H Unit M&M Lien Creditors" are Baker Hughes,

Schlumberger, Select, Simons, CES and Pumpco.  The Subject Colonial Trust 1H Unit M&M

Liens are as follows:

| Claimant | Well | County | Base Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| Baker Hughes | Colonial Trust 1H (Amended) | Hill | 90,470.64 | 6/10/2009 9/4/2009 | 27964 30228 | 1600/612 1613/183 |
| Schlumberger | Colonial Trust 1H | Hill | 10,942.08 | 7/2/2009 9/3/2009 | 28482 30187 | 1603/765 1612/840 |
| Select | Colonial Trust 1H | Hill | 32,000.00 | 6/3/2009 | 27815 | OPR/1599/ 452 |
| Simons | Colonial Trust 1H | Hill | 53,568.48 | 6/2/2009 | 27787 | OPR/1599/ 306 |
| CES | Colonial Trust 1H | Hill | 434,000.00 | 6/18/2009 | 28157 | OPR/1602/ 60 |
| Pumpco | Colonial Trust 1H | Hill | 22,085.82 | 8/10/2009 | 29549 | 1609/597 |

The Subject Colonial Trust 1H Unit M&M Lien Creditors incorporate by reference paragraphs 1-

28 above.

30.    This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C.

§ 2201 and Bankruptcy Rule 7001(2) and (9).

31.    UBOC has asserted that it holds a valid, perfected, enforceable, first-priority lien

and security interest on all of the Debtors' interests in the Colonial Trust 1H Unit.

32.     The following leases are not identified or adequately described in the UBOC Mortgage Documents:

| Unit | Lease Name |
| --- | --- |
| Colonial Trust 1H | Timothy K. Rogers and Cynthia Ann Rogers |
| Colonial Trust 1H | Thomas L Bills & Nell M Bills Trust Thomas & Nell |
| Colonial Trust 1H | Lisa & Kevin Tuma |

33.     The Subject Colonial Trust 1H Unit M&M Lien Creditors request that the Court issue a declaratory judgment (i) that Debtors are indebted to the Subject Colonial Trust 1H Unit M&M Lien Creditors for the base amount of their respective M&M Lien claims, (ii) that Debtors are indebted to the Subject Colonial Trust 1H Unit M&M Lien Creditors for interest accruing on the base amount of their respective M&M Lien claims at the contract rate and reasonable attorney's fees, (iii) that the Subject Colonial Trust 1H Unit M&M Lien Creditors' liens are valid, perfected, enforceable, and attach to and encumber the total acreage included in each lease which is included (in whole or in part), described in, or a part of the Colonial Trust 1H Unit, (iv) that UBOC does not have a valid, perfected or enforceable lien, including but not limited to on the above-listed, non-identified leasehold interests in the Colonial Trust 1H Unit; and (v) that the Subject Colonial Trust 1H Unit M&M Lien Creditors have valid, perfected, enforceable, first-priority liens on the above-listed leasehold interests in the Colonial Trust 1H Unit.

34.     **Count Two**.  Declaratory Judgment – Liens on leases and leasehold interests included in OCC Pooling Order No. 566011 which includes the Dingo 11-1H Well (the "Dingo 11-1H Unit").   For purposes of this Count, the "Subject Dingo 11-1H Unit M&M Lien Creditors" are Baker Hughes, Simons, CES, Stanley and Pumpco.  The Subject Dingo 11-1H Unit M&M Liens are as follows:

| Claimant | Well | County | Base Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| Drilling Fluids | Dingo 11-1H | Hughes | 106,975.93 | 6/11/2009 | 2661 | 1/210/3 |
| Simons | Dingo 11-1H | Hughes | 103,348.41 | 6/1/2009 | 2657 | 1/209/35 |
| CES | Dingo 11-1H | Hughes | 241,433.33 | 6/17/2009 | 2675 | 1/210/31 |
| Stanley | Dingo 11-1H | Hughes | 79,142.13 | 9/17/2009 | 2819 | 1/217/39 |
| Miller | Dingo 11-1H | Hughes | 32,000 | 8/11/2009 | 2758 | 1/214/37 |

The Subject Dingo 11-1H Unit M&M Lien Creditors incorporate by reference paragraphs 1-28 above.

35.     This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

36.     UBOC has asserted that it holds a valid, perfected, enforceable, first-priority lien and security interest on all of the Debtors' interests in the Dingo 11-1H Unit.

37.     The following leases are not identified or adequately described in the UBOC Mortgage Documents:

| Unit | Lease Name |
|---|---|
| Dingo 11-1H | Harlow Royalties, Ltd., H. Roy Tex Inc., managing |
| Dingo 11-1H | Sally S. Streight |
| Dingo 11-1H | Susan Diane Garrison |
| Dingo 11-1H | Forrest D. Wilbanks, AIF for Lloyd H, Wilbanks |
| Dingo 11-1H | Mary D. Ross |
| Dingo 11-1H | Mekusukey Oil Company, Inc. Attn: Duke R. Ligon |
| Dingo 11-1H | Johnny Wayne Cozad |
| Dingo 11-1H | Melanie Golightly |
| Dingo 11-1H | The Larry G. Murray Revocable Trust dated 3/22/199 |
| Dingo 11-1H | Harold W. West |
| Dingo 11-1H | Glenda Rhynes |

38.     The Subject Dingo 11-1H Unit M&M Lien Creditors request that the Court issue a declaratory judgment (i) that Debtors are indebted to the Subject Dingo 11-1H Unit M&M Lien

Creditors for the base amount of their respective M&M Lien claims, (ii) that Debtors are indebted to the Subject Dingo 11-1H Unit M&M Lien Creditors for interest accruing on the base amount of their respective M&M Lien claims at the contract rate and reasonable attorney's fees, (iii) that the Subject Dingo 11-1H Unit M&M Lien Creditors' liens are valid, perfected, enforceable, and attach to and encumber the total acreage included in each lease which is included (in whole or in part), described in, or a part of the Dingo 11-1H Unit, (iv) that UBOC does not have a valid, perfected or enforceable lien, including but not limited to on the above-listed, non-identified leasehold interests in the Dingo 11-1H Unit; and (v) that the Subject Dingo 11-1H Unit M&M Lien Creditors have valid, perfected, enforceable, first-priority liens on the above-listed leasehold interests in the Dingo 11-1H Unit.

39.    **Count Three**.  Declaratory Judgment – Liens on leases and leasehold interests included in OCC Pooling No. 561362 which includes the Gecko 22-1H Well (the "Gecko 22-1H Unit").  For purposes of this Count, the "Subject Gecko 22-1H Unit M&M Lien Creditors" are Baker Hughes and CES.  The Subject Gecko 22-1H Unit M&M Liens are as follows:

| Claimant | Well | County | Base Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| Drilling Fluids | Gecko 22-1H | Hughes | 88,363.10 | 6/11/2009 | 2662 | 1/210/5 |
| CES | Gecko 22-1H | Hughes | 352,108.33 | 6/17/2009 | 2676 | 1/210/33 |

The Subject Gecko 22-1H Unit M&M Lien Creditors incorporate by reference paragraphs 1-28 above.

40.    This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

41.     UBOC has asserted that it holds a valid, perfected, enforceable, first-priority lien and security interest on all of the Debtors' interests in the Gecko 22-1H Unit.

42.     The following leases are not identified or adequately described in the UBOC Mortgage Documents:

| Unit | Lease Name |
|------|------------|
| Gecko 22-1H | Robert R. Gadberry and Reta Ann Gadberry |
| Gecko 22-1H | Nancy Lee Thrasher |
| Gecko 22-1H | Ramona Kay Otis |
| Gecko 22-1H | Arlene Rosalind Bergner |
| Gecko 22-1H | Michele Bowling |
| Gecko 22-1H | Tommie Sue Tollett |
| Gecko 22-1H | Debra Brantley |
| Gecko 22-1H | Ronal Ward Stallings |

43.     The Subject Gecko 22-1H Unit M&M Lien Creditors request that the Court issue a declaratory judgment (i) that Debtors are indebted to the Subject Gecko 22-1H Unit M&M Lien Creditors for the base amount of their respective M&M Lien claims, (ii) that Debtors are indebted to the Subject Gecko 22-1H Unit M&M Lien Creditors for interest accruing on the base amount of their respective M&M Lien claims at the contract rate and reasonable attorney's fees, (iii) that the Subject Gecko 22-1H Unit M&M Lien Creditors' liens are valid, perfected, enforceable, and attach to and encumber the total acreage included in each lease which is included (in whole or in part), described in, or a part of the Gecko 22-1H Unit, (iv) that UBOC does not have a valid, perfected or enforceable lien, including but not limited to on the above-listed, non-identified leasehold interests in the Gecko 22-1H Unit; and (v) that the Subject Gecko 22-1H Unit M&M Lien Creditors have valid, perfected, enforceable, first-priority liens on the above-listed leasehold interests in the Gecko 22-1H Unit.

44. **Count Four**. Declaratory Judgment – Liens on leases included in the Unit Designation filed at Instrument No. – 00028125 (Second Amended) and leases identified by the Debtors as part of the Hancock 1H Well the "Hancock 1-H Unit"). For purposes of this Count, the "Subject Hancock 1H Unit M&M Lien Creditors" are Baker Hughes, Schlumberger, CES and Bridgeport. The Subject Hancock 1-H Unit M&M Liens are as follows:

| Claimant | Well | County | Base Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| BOT | Hancock 1H | Hill | 26,130.75 | 6/10/2009 | 27965 | 1600/676 |
| Schlumberger | Hancock 1H | Hill | 719,352.15 | 7/2/2009 | 28486 | 1604/67 |
| CES | Hancock 1H | Hill | 502,355.01 | 6/18/2009 | 28159 | OPR/1602/81 |
| Bridgeport | Hancock 1H | Hill | 1,510.09 | 8/4/2009 | 29391 | 1608/717 |

The Subject Hancock 1H Unit M&M Lien Creditors incorporate by reference paragraphs 1-28 above.

45. This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

46. UBOC has asserted that it holds a valid, perfected, enforceable, first-priority lien and security interest on all of the Debtors' interests in the Hancock 1H Unit.

47. The following leases are not identified or adequately described in the UBOC Mortgage Documents:

| Unit | Lease Name |
|---|---|
| Hancock 1H | Anadarko Petroleum Corporation |
| Hancock 1H | George Davis Jr and Leah Davis |
| Hancock 1H | George A. Davis  Sr. and Linda Davis |
| Hancock 1H | George A. Davis  Sr. and Linda Davis |
| Hancock 1H | Charles W. Holland, Jr. |
| Hancock 1H | Ann Charlene Elder |
| Hancock 1H | Darla Kristen Peacock |

48.     The Subject Hancock 1H Unit M&M Lien Creditors request that the Court issue a declaratory judgment (i) that Debtors are indebted to the Subject Hancock 1H Unit M&M Lien Creditors for the base amount of their respective M&M Lien claims, (ii) that Debtors are indebted to the Subject Hancock 1H Unit M&M Lien Creditors for interest accruing on the base amount of their respective M&M Lien claims at the contract rate and reasonable attorney's fees, (iii) that the Subject Hancock 1H Unit M&M Lien Creditors' liens are valid, perfected, enforceable, and attach to and encumber the total acreage included in each lease which is included (in whole or in part), described in, or a part of the Hancock 1H Unit, (iv) that UBOC does not have a valid, perfected or enforceable lien, including but not limited to on the above-listed, non-identified leasehold interests in the Hancock 1H Unit; and (v) that the Subject Hancock 1H Unit M&M Lien Creditors have valid, perfected, enforceable, first-priority liens on the above-listed leasehold interests in the Hancock 1H Unit.

49.     **Count Five**.  Declaratory Judgment – Liens on leases and leasehold interests included in OCC Pooling Order Nos. 562805/566835 which includes the Lizard 19-1H Well (the "Lizard 19-1H Unit").  For purposes of this Count, the "Subject Lizard 19-1H Unit M&M Lien Creditors" are Baker Hughes, Simons and CES.  The Subject Lizard 19-1H Unit M&M Liens are as follows:

| Claimant | Well | County | Base Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| Drilling Fluids | Lizard 19-1H | Hughes | 124,022.99 | 6/11/2009 | 2663 | 1/210/7 |
| Simons | Lizard 19-1H | Hughes | 64,448.85 | 6/1/2009 | 2655 | 1/209/31 |
| CES | Lizard 19-1H | Hughes | 326,983.00 | 6/17/2009 | 2679 | 1/210/39 |

The Subject Lizard 19-1H Unit M&M Lien Creditors incorporate by reference paragraphs 1-28 above.

50.    This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

51.    UBOC has asserted that it holds a valid, perfected, enforceable, first-priority lien and security interest on all of the Debtors' interests in the Lizard 19-1H Unit.

52.    The following leases are not identified or adequately described in the UBOC Mortgage Documents:

| Unit | Lease Name |
|---|---|
| Lizard 19-1H | Bryanne W. Hundley Wallace |
| Lizard 19-1H | Donald R. Standridge |
| Lizard 19-1H | Louis E. Standridge |
| Lizard 19-1H | Wanda Collins |
| Lizard 19-1H | David J. Milner and Beverly Milner |
| Lizard 19-1H | Arthur Steven Milner and Cheryl Milner |
| Lizard 19-1H | Lynn Kaplan |
| Lizard 19-1H | LaDonna Wallis and Bob Wallis |
| Lizard 19-1H | Dana Lynne Cary |
| Lizard 19-1H | George Etta Emerson |

53.    The Subject Lizard 19-1H Unit M&M Lien Creditors request that the Court issue a declaratory judgment (i) that Debtors are indebted to the Subject Lizard 19-1H Unit M&M Lien Creditors for the base amount of their respective M&M Lien claims, (ii) that Debtors are indebted to the Subject Lizard 19-1H Unit M&M Lien Creditors for interest accruing on the base amount of their respective M&M Lien claims at the contract rate and reasonable attorney's fees, (iii) that the Subject Lizard 19-1H Unit M&M Lien Creditors' liens are valid, perfected, enforceable, and attach to and encumber the total acreage included in each lease which is included (in whole or in part), described in, or a part of the Lizard 19-1H Unit, (iv) that UBOC does not have a valid, perfected or enforceable lien, including but not limited to on the above-

listed, non-identified leasehold interests in the Lizard 19-1H Unit; and (v) that the Subject Lizard 19-1H Unit M&M Lien Creditors have valid, perfected, enforceable, first-priority liens on the above-listed leasehold interests in the Lizard 19-1H Unit.

54. **Count Six**. Declaratory Judgment – Liens on leases and leasehold interests included in OCC Pooling No. 566763 which includes the Okapi 17-1H Well (the "Okapi 17-1H Unit"). For purposes of this Count, the "Subject Okapi 17-1H Unit M&M Lien Creditors" are Baker Hughes, Simons, CES and Stanley. The Subject Okapi 17-1H Unit M&M Liens are as follows:

| Claimant | Well | County | Base Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| Christensen Drilling Fluids | Okapi 17-1H | Hughes | 102,224.47 | 6/11/2009 | 2664 | 1/210/9 |
| Simons | Okapi 17-1H | Hughes | 105,480.76 | 6/1/2009 | 2658 | 1/209/37 |
| CES | Okapi 17-1H | Hughes | 360,839.16 | 6/17/2009 | 2677 | 1/210/35 |
| Stanley | Okapi 17-1H | Hughes | 97,807.00 | 9/17/2009 | 2820 | 1/218/1 |

The Subject Okapi 17-1H Unit M&M Lien Creditors incorporate by reference paragraphs 1-28 above.

55. This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

56. UBOC has asserted that it holds a valid, perfected, enforceable, first-priority lien and security interest on all of the Debtors' interests in the Okapi 17-1H Unit.

57. The following leases are not identified or adequately described in the UBOC Mortgage Documents:

| Unit | Lease Name |
|---|---|
| Okapi 17-1H | MAP2006-OK |
| Okapi 17-1H | Margaret Lee Revels Nall |
| Okapi 17-1H | Lochbuie Limited Partnership, an Oklahoma Ltd Part |

| | |
|---|---|
| Okapi 17-1H | Jack Darrough |
| Okapi 17-1H | Susan Darrough Kanard |
| Okapi 17-1H | Paul G. Darrough, III |
| Okapi 17-1H | Diane Darrough |

58.     The Subject Okapi 17-1H Unit M&M Lien Creditors request that the Court issue a declaratory judgment (i) that Debtors are indebted to the Subject Okapi 17-1H Unit M&M Lien Creditors for the base amount of their respective M&M Lien claims, (ii) that Debtors are indebted to the Subject Okapi 17-1H Unit M&M Lien Creditors for interest accruing on the base amount of their respective M&M Lien claims at the contract rate and reasonable attorney's fees, (iii) that the Subject Okapi 17-1H Unit M&M Lien Creditors' liens are valid, perfected, enforceable, and attach to and encumber the total acreage included in each lease which is included (in whole or in part), described in, or a part of the Okapi 17-1H Unit, (iv) that UBOC does not have a valid, perfected or enforceable lien, including but not limited to on the above-listed, non-identified leasehold interests in the Okapi 17-1H Unit; and (v) that the Subject Okapi 17-1H Unit M&M Lien Creditors have valid, perfected, enforceable, first-priority liens on the above-listed leasehold interests in the Okapi 17-1H Unit.

59.     **Count Seven**.  Declaratory Judgment – Liens on leases and leasehold interests included in the OCC Pooling Order Nos. 563743/565339 which includes the Panda 5-1H Well (the "Panda 5-1H Unit").  For purposes of this Count, the "Subject Panda 5-1H Unit M&M Lien Creditor" is Baker Hughes.  The Subject Panda 5-1H Unit M&M Lien is as follows:

| Claimant | Well | County | Base Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| BOT | Panda 5-1H | Hughes | 41,435.99 | 6/11/2009 | 2665 | 1/210/11 |

The Subject Panda 5-1H Unit M&M Lien Creditor incorporates by reference paragraphs 1-28 above.

60.     This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

61.     UBOC has asserted that it holds a valid, perfected, enforceable, first-priority lien and security interest on all of the Debtors' interests in the Panda 5-1H Unit.

62.     The following leases are not identified or adequately described in the UBOC Mortgage Documents:

| Unit | Lease Name |
| --- | --- |
| Panda 5-1H | E. L. B. Whalen Revocable Trust, by Trustees Emmy |
| Panda 5-1H | Margaret M. Biggers and c/o Bryan Cave |
| Panda 5-1H | Joyce A. Wallace, AIF for William Ray Wallace a/k/a Billie Wallace |
| Panda 5-1H | William Franklin Howell and Suzanne Howell |
| Panda 5-1H | Sara Frances Trigg |
| Panda 5-1H | James V. Biggers |
| Panda 5-1H | Sandra L. Manahan |
| Panda 5-1H | Sharon Leah McCarty |
| Panda 5-1H | Darren R. Sigler |
| Panda 5-1H | David Sigler, Jr |
| Panda 5-1H | The Helen Jo Lewis Trust, Trustee, Helen Jo Lewis |

63.     The Subject Panda 5-1H Unit M&M Lien Creditor request that the Court issue a declaratory judgment (i) that Debtors are indebted to the Subject Panda 5-1H Unit M&M Lien Creditor for the base amount of its respective M&M Lien claims, (ii) that Debtors are indebted to the Subject Panda 5-1H Unit M&M Lien Creditor for interest accruing on the base amount of its respective M&M Lien claims at the contract rate and reasonable attorney's fees, (iii) that the

Subject Panda 5-1H Unit M&M Lien Creditor's lien is valid, perfected, enforceable, and attaches to and encumbers the total acreage included in each lease which is included (in whole or in part), described in, or a part of the Panda 5-1H Unit, (iv) that UBOC does not have a valid, perfected or enforceable lien, including but not limited to on the above-listed, non-identified leasehold interests in the Panda 5-1H Unit; and (v) that the Subject Panda 5-1H Unit M&M Lien Creditor has valid, perfected, enforceable, first-priority liens on the above-listed leasehold interests in the Panda 5-1H Unit.

64.     **Count Eight**.   Declaratory Judgment – Liens on leases included in the Unit Designation filed at Instrument No. – 0028418 (Amended) and leases identified by the Debtors as part of the Smitherman 1H Well (the "Smitherman 1H Unit").  For purposes of this Count, the "Subject Smitherman 1H Unit M&M Lien Creditors" are Baker Hughes, Schlumberger, Select, Simons and CES.  The Subject Smitherman 1H Unit M&M Liens are as follows:

| Claimant | Well | County | Base Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| Drilling Fluids | Smitherman 1H Amended | Hill | 126,057.68 | 6/10/2009 9/4/2009 | 27967 30229 | 1600/773 1613/250 |
| Schlumberger | Smitherman 1H Amended | Hill | 27,368.44 | 7/2/2009 8/31/2009 | 28485 30060 | 1604/39 1612/396 |
| Select | Smitherman 1H Amended | Hill | 43,085.81 | 6/3/2009 | 27815 | OPR/1599/ 452 |
| Simons | Smitherman 1H Amended | Hill | 69,036.60 | 6/2/2009 | 27788 | OPR/1599/ 319 |
| CES | Smitherman 1H Amended | Hill | 486,760.00 | 6/18/2009 | 28153 | OPR/1602/ 1 |

The Subject Smitherman 1H Unit M&M Lien Creditors incorporate by reference paragraphs 1-28 above.

65.     This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

66. UBOC has asserted that it holds a valid, perfected, enforceable, first-priority lien and security interest on all of the Debtors' interests in the Smitherman 1H Unit.

67. The following leases are not identified or adequately described in the UBOC Mortgage Documents:

| Unit | Lease Name |
|---|---|
| Smitherman 1H | MAP2006-OK |
| Smitherman 1H | Helen Louise Abbott, AIF f/b/o Vernon Earl Abbott |
| Smitherman 1H | M. L. Ivy and Shirley Ivy |
| Smitherman 1H | Larry D. Fuller and Theresa G. Fuller |
| Smitherman 1H | Jack Calvert |
| Smitherman 1H | Wanda Malone |
| Smitherman 1H | Bill Dale Calvert |
| Smitherman 1H | Kay Holland |
| Smitherman 1H | Iva Nell Townley |
| Smitherman 1H | Jim Calvert |
| Smitherman 1H | George Calvert |
| Smitherman 1H | Lana Jan Grey |
| Smitherman 1H | Lydia Sue Wilson |
| Smitherman 1H | Linda Ann Manley |
| Smitherman 1H | Johnnie G. Boyd & Laverne Boyd |
| Smitherman 1H | Thomas C. Byford and Wanda S. Byford |
| Smitherman 1H | Klint E. Abbott and Sarah M. Abbott |
| Smitherman 1H | Laura Jill Purvin Zinner |
| Smitherman 1H | Jeffrey L. Purvin |
| Smitherman 1H | Lisa Purvin Oliner |
| Smitherman 1H | Robert L. Purvin, Jr |
| Smitherman 1H | Duane Emory Purvin |
| Smitherman 1H | James Kenneth Purvin |
| Smitherman 1H | Louis J. Hexter |
| Smitherman 1H | Holly Hexter |
| Smitherman 1H | Victoria Hexter |
| Smitherman 1H | David Cunningham & Tammy Cunningham |
| Smitherman 1H | Cinda Kay Obney |
| Smitherman 1H | Kimberly Ann Mihal |
| Smitherman 1H | James M. Britton |
| Smitherman 1H | Rebecca Williams |
| Smitherman 1H | Douglas Spinks by James M. Britton, AIF |
| Smitherman 1H | Tracy L. Baccus & Stacy Baccus |

| Smitherman 1H | Scott Baccus & Teresa Baccus |
|---|---|
| Smitherman 1H | Melissa Lewis & Quincey Lewis |
| Smitherman 1H | The Dorothy Tripp Rutter Turst , by trustees, Kaj |
| Smitherman 1H | W. Rutter, Jr.,  Kaj. A. Engberg and  Charles F. |

68.     The Subject Smitherman 1H Unit M&M Lien Creditors request that the Court issue a declaratory judgment (i) that Debtors are indebted to the Subject Smitherman 1H Unit M&M Lien Creditors for the base amount of their respective M&M Lien claims, (ii) that Debtors are indebted to the Subject Smitherman 1H Unit M&M Lien Creditors for interest accruing on the base amount of their respective M&M Lien claims at the contract rate and reasonable attorney's fees, (iii) that the Subject Smitherman 1H Unit M&M Lien Creditors' liens are valid, perfected, enforceable, and attach to and encumber the total acreage included in each lease which is included (in whole or in part), described in, or a part of the Smitherman 1H Unit, (iv) that UBOC does not have a valid, perfected or enforceable lien, including but not limited to on the above-listed, non-identified leasehold interests in the Smitherman 1H Unit; and (v) that the Subject Smitherman 1H Unit M&M Lien Creditors have valid, perfected, enforceable, first-priority liens on the above-listed leasehold interests in the Smitherman 1H Unit.

69.     **Count Nine**.  Declaratory Judgment – Liens on leases included in the Unit Designation filed at Instrument No. – 00022463 and leases identified by the Debtors as part of the Thelma Jean Turner Well (the "Turner 1H Unit").  For purposes of this Count, the "Subject Turner 1H Unit M&M Lien Creditors" are Schlumberger and Bridgeport.  The Subject Turner 1H Unit M&M Liens are as follows:

| Claimant | Well | County | Base Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| Schlumberger | Thelma Jean Turner 1H | Hill | 379,371.09 | 7/2/2009 | 28481 | 1603/702 |

| Bridgeport | Thelma Jean Turner 1H | Hill | 2,007.41 | 7/21/2009 | 28991 | 1606/653 |
|---|---|---|---|---|---|---|

The Subject Turner 1H Unit M&M Lien Creditors incorporate by reference paragraphs 1-28 above.

70. This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

71. UBOC has asserted that it holds a valid, perfected, enforceable, first-priority lien and security interest on all of the Debtors' interests in the Turner 1H Unit.

72. The following leases are not identified or adequately described in the UBOC Mortgage Documents:

| Unit | Lease Name |
|---|---|
| Turner 1H | Nancilu Jackson McClellan |
| Turner 1H | Jane C. Mar |
| Turner 1H | Linda Jackson Bryan |
| Turner 1H | Morris K. Jackson |
| Turner 1H | James R. Jackson |
| Turner 1H | Daniel D. Meyer and Melissa R. Meyer |
| Turner 1H | Bryan C. Hardin, Jr. |
| Turner 1H | William Bryan Merrell |
| Turner 1H | Garland Eugene Hardin |
| Turner 1H | William Dwight Hardin aka Bill Hardin |
| Turner 1H | Doris Ann Hardin |
| Turner 1H | Bobby Glen Hardin |
| Turner 1H | Garrett Middlebrook |
| Turner 1H | Norman Wall and Mildred Wall |
| Turner 1H | Jerry D. Jennings |
| Turner 1H | Danny Jennings and Gina Jennings |
| Turner 1H | James Denzil Truitt |
| Turner 1H | Aaron Herschel Truitt |
| Turner 1H | Travis Virgil Truitt |
| Turner 1H | Luther Donald Truitt |
| Turner 1H | Veda Truitt Carpenter |
| Turner 1H | William A. Truitt |
| Turner 1H | Geraldine Lawhon |

73.     The Subject Turner 1H Unit M&M Lien Creditors request that the Court issue a declaratory judgment (i) that Debtors are indebted to the Subject Turner 1H Unit M&M Lien Creditors for the base amount of their respective M&M Lien claims, (ii) that Debtors are indebted to the Subject Turner 1H Unit M&M Lien Creditors for interest accruing on the base amount of their respective M&M Lien claims at the contract rate and reasonable attorney's fees, (iii) that the Subject Turner 1H Unit M&M Lien Creditors' liens are valid, perfected, enforceable, and attach to and encumber the total acreage included in each lease which is included (in whole or in part), described in, or a part of the Turner 1H Unit, (iv) that UBOC does not have a valid, perfected or enforceable lien, including but not limited to on the above-listed, non-identified leasehold interests in the Turner 1H Unit; and (v) that the Subject Turner 1H Unit M&M Lien Creditors have valid, perfected, enforceable, first-priority liens on the above-listed leasehold interests in the Turner 1H Unit.

74.     **Count Ten**.  Declaratory Judgment – Liens on leases included in the Unit Designation filed at Instrument No. – 00023571 and leases identified by the Debtors as part of the Watson 1H Well (the "Watson 1H Well"). For purposes of this Count, the "Subject Watson 1H Unit M&M Lien Creditors" are Baker Hughes, Schlumberger, Simons, CES and Select. The Subject Watson 1H Unit M&M Liens are as follows:

| Claimant | Well | County | Base Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| Drilling Fluids | Watson 1H Amended | Hill | 178,800.32 | 6/10/2009 9/8/2009 | 27956 30267 | 1600/400 1613/517 |
| Schlumberger | Watson 1H Amended | Hill | 43,800.19 | 7/2/2009 | 28480 | 1603/676 |
| Simons | Watson 1H Amended | Hill | 33,502.42 | 6/2/2009 | 27786 | OPR/1599/ 294 |
| CES | Watson 1H Amended | Hill | 481,995.50 | 6/18/2009 | 28158 | OPR/1602/ 71 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Select | Watson 1H Amended | | Hill | 4,500.00 | 6/3/2009 | 27815 | OPR/1599/452 |

The Subject Watson 1H Unit M&M Lien Creditors incorporate by reference paragraphs 1-28 above.

75.     This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

76.     UBOC has asserted that it holds a valid, perfected, enforceable, first-priority lien and security interest on all of the Debtors' interests in the Watson 1H Unit.

77.     The following leases are not identified or adequately described in the UBOC Mortgage Documents:

| Unit | Lease Name |
|---|---|
| Watson 1H | Burt Living Trust, Frank E. Burt & Nelda D. Burt |
| Watson 1H | Albert Cordova and Heidi Cordova |
| Watson 1H | Benny Carroll Conner |
| Watson 1H | Timothy Wade Poteet |
| Watson 1H | Shirley Roye Poteet |
| Watson 1H | Tommy Watson |
| Watson 1H | O.P. Watson |
| Watson 1H | Margie Watson |
| Watson 1H | Burgdorf Family, LP |
| Watson 1H | Burgdorf Family, LP |
| Watson 1H | Roy H. Powers |
| Watson 1H | Richard W. Jones and Crystal D. Jones |
| Watson 1H | Brian Scott McCoy and Carol Grace McCoy |
| Watson 1H | K. Don Jennings & LaVerne M. Jennings |
| Watson 1H | Darwin C. Brunson |
| Watson 1H | Travis D. Herring & Caroline Herring |
| Watson 1H | Homer Horton |
| Watson 1H | George S. Bell and Sarah Marie Bell |
| Watson 1H | Michael D. Kennedy |
| Watson 1H | Thomas A. Linamen, Jr |

78.     The Subject Watson 1H Unit M&M Lien Creditors request that the Court issue a declaratory judgment (i) that Debtors are indebted to the Subject Watson 1H Unit M&M Lien Creditors for the base amount of their respective M&M Lien claims, (ii) that Debtors are indebted to the Subject Watson 1H Unit M&M Lien Creditors for interest accruing on the base amount of their respective M&M Lien claims at the contract rate and reasonable attorney's fees, (iii) that the Subject Watson 1H Unit M&M Lien Creditors' liens are valid, perfected, enforceable, and attach to and encumber the total acreage included in each lease which is included (in whole or in part), described in, or a part of the Watson 1H Unit, (iv) that UBOC does not have a valid, perfected or enforceable lien, including but not limited to on the above-listed, non-identified leasehold interests in the Watson 1H Unit; and (v) that the Subject Watson 1H Unit M&M Lien Creditors have valid, perfected, enforceable, first-priority liens on the above-listed leasehold interests in the Watson 1H Unit.

79.     **Count Eleven**.  Declaratory Judgment – Liens on leases and leasehold interests included in OCC Pooling Order No. 566621 which includes the Wombat 1-1H Well (the "Wombat 1-1H Unit").  For purposes of this Count, the "Subject Wombat 1-1H Unit M&M Lien Creditors" are Baker Hughes, Simons, CES and Select.  The Subject Wombat 1-1H Unit M&M Liens are as follows:

| Claimant | Well | County | Base Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| Christensen Drilling Fluids | Wombat 1-1H | Hughes | 198,178.31 | 6/11/2009 | 2666 | 1/210/13 |
| Simons | Wombat 1-1H | Hughes | 129,958.90 | 6/1/2009 | 2656 | 1/208/33 |
| CES | Wombat 1-1H | Hughes | 337,334.66 | 6/17/2009 | 2678 | 1/210/37 |
| Select | Wombat 1-1H | Hughes | 29,000.00 | 6/17/2009 | 2685 | 1/211/11 |

The Subject Wombat 1-1H Unit M&M Lien Creditors incorporate by reference paragraphs 1-28 above.

80.     This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

81.     UBOC has asserted that it holds a valid, perfected, enforceable, first-priority lien and security interest on all of the Debtors' interests in the Wombat 1-1H Unit.

82.     The following leases are not identified or adequately described in the UBOC Mortgage Documents:

| Unit | Lease Name |
|---|---|
| Wombat 1-1H | Wallston Rixfield, L.L.C. and Oklahoma Limited lia |
| Wombat 1-1H | Jeffrey Rixleben, Conservator for Patti B. Rixlebe |
| Wombat 1-1H | Wallston Rixfield, L.L.C. and Oklahoma limited lia |
| Wombat 1-1H | G. H. Blankenship, Inc. |
| Wombat 1-1H | TBL Investments Lance Davis, managing partner |
| Wombat 1-1H | Burton L. Young |
| Wombat 1-1H | Robert J. McCall |
| Wombat 1-1H | Shirley H. Pool Trust, dated 10/24/1990 by Roy G. |
| Wombat 1-1H | Jon Alan Ferris, Trustee of the Jon Alan Ferris Re |
| Wombat 1-1H | Cliett A. Palmer Trust, Trustee Laurence A. Yeagle |
| Wombat 1-1H | Gerry P. Holland |
| Wombat 1-1H | John M. Sullivan |
| Wombat 1-1H | Christie E. Reeves |
| Wombat 1-1H | Gordon G. Rogers and Nancy L. Rogers |
| Wombat 1-1H | Elizabeth Read |
| Wombat 1-1H | Charles R. Read |
| Wombat 1-1H | Russell F. Read |
| Wombat 1-1H | The LaVelle Murray Revocable Trust dated 3/22/1994 |

| Wombat 1-1H | The Larry G. Murray Revocable Trust dated 3/22/199 |
|---|---|

83. The Subject Wombat 1-1H Unit M&M Lien Creditors request that the Court issue a declaratory judgment (i) that Debtors are indebted to the Subject Wombat 1-1H Unit M&M Lien Creditors for the base amount of their respective M&M Lien claims, (ii) that Debtors are indebted to the Subject Wombat 1-1H Unit M&M Lien Creditors for interest accruing on the base amount of their respective M&M Lien claims at the contract rate and reasonable attorney's fees, (iii) that the Subject Wombat 1-1H Unit M&M Lien Creditors' liens are valid, perfected, enforceable, and attach to and encumber the total acreage included in each lease which is included (in whole or in part), described in, or a part of the Wombat 1-1H Unit, (iv) that UBOC does not have a valid, perfected or enforceable lien, including but not limited to on the above-listed, non-identified leasehold interests in the Wombat 1-1H Unit; and (v) that the Subject Wombat 1-1H Unit M&M Lien Creditors have valid, perfected, enforceable, first-priority liens on the above-listed leasehold interests in the Wombat 1-1H Unit.

84. **Count Twelve**. Declaratory Judgment – Liens on leases included in the Unit Designation filed at Instrument No. – 00027775 (Amended) and leases identified by the Debtors as part of the Young 1H Well (the "Young 1H Unit"). For purposes of this Count, the "Subject Young 1H Unit M&M Lien Creditors" are Baker Hughes, Simons, CES, Stanley, Pumpco and Select. The Subject Young 1H M&M Liens are as follows:

| Claimant | Well | County | Base Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| Drilling Fluids | Young 1H Amended | Hill | 68,837.71 | 6/10/2009 9/4/2009 | 27968 30230 | 1601/1 1613/338 |
| Simons | Young 1H Amended | Hill | 84,744.07 | 6/2/2009 | 27789 | OPR/1599/ 331 |

| CES | Young 1H Amended | Hill | 435,375.00 | 6/18/2009 | 28154 | OPR/1602/ 15 |
| Stanley | Young 1H Amended | Hill | 7,475.00 | 9/17/2009 | 1614 | 649-685 |
| Pumpco | Young 1H Amended | Hill | 35,341.97 | 8/10/2009 | 29550 | 1609/608 |
| Select | Young 1H Amended | Hill | 20,539.96 | 6/3/2009 | 27815 | OPR/1599/ 452 |

The Subject Young 1H Unit M&M Lien Creditors incorporate by reference paragraphs 1-28 above.

85.     This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

86.     UBOC has asserted that it holds a valid, perfected, enforceable, first-priority lien and security interest on all of the Debtors' interests in the Young 1H Unit.

87.     The following leases are not identified or adequately described in the UBOC Mortgage Documents:

| Unit | Lease Name |
| --- | --- |
| Young 1H | Anadarko Petroleum Corporation c/o Gene Frasco |
| Young 1H | Ronald W. Wherrell & Margaret D. Wherrell |
| Young 1H | Charles W. Holland, Jr |
| Young 1H | Ann Charlene Elder |
| Young 1H | Jack Calvert |
| Young 1H | Wanda Malone |
| Young 1H | Bill Dale Calvert |
| Young 1H | Kay Holland |
| Young 1H | Iva Nell Townley |
| Young 1H | Jim Calvert |
| Young 1H | George Calvert |
| Young 1H | Teresa Chandler, AIF f/b/a Samuel Duford Gray |
| Young 1H | Gail Yvonne McClain |
| Young 1H | John Barnes and Alisha Barnes |
| Young 1H | James M. Britton |
| Young 1H | Rebecca Williams |
| Young 1H | Douglas Spinks by James M. Britton, AIF |

| | |
|---|---|
| Young 1H | Bernice Chapman c/o Darla Knight |
| Young 1H | Lester O. Lunsford |
| Young 1H | James L. Carr and Marjorie Carr |
| Young 1H | Arabella Minerals and Royalties, LLC |
| Young 1H | John Rhea and wife, Monika Rhea |
| Young 1H | Hazel Gilmore |
| Young 1H | Carl W. Gilmore and Laura Gilmore |
| Young 1H | Bobby Frank and Margaret J. Frank |
| Young 1H | Billy Frank and Juanice Frank |
| Young 1H | Sharon O'Brien |
| Young 1H | Charles D. Smith and Judith A. Smith |
| Young 1H | Marie Smith |
| Young 1H | Clara Lee Myers |
| Young 1H | Linda Lovell and David D. Lovell |
| Young 1H | E. Frances Shellhorse |
| Young 1H | Doris Oliver and Donald Oliver |

88.     The Subject Young 1H Unit M&M Lien Creditors request that the Court issue a declaratory judgment (i) that Debtors are indebted to the Subject Young 1H Unit M&M Lien Creditors for the base amount of their respective M&M Lien claims, (ii) that Debtors are indebted to the Subject Young 1H Unit M&M Lien Creditors for interest accruing on the base amount of their respective M&M Lien claims at the contract rate and reasonable attorney's fees, (iii) that the Subject Young 1H Unit M&M Lien Creditors' liens are valid, perfected, enforceable, and attach to and encumber the total acreage included in each lease which is included (in whole or in part), described in, or a part of the Young 1H Unit, (iv) that UBOC does not have a valid, perfected or enforceable lien, including but not limited to on the above-listed, non-identified leasehold interests in the Young 1H Unit; and (v) that the Subject Young 1H Unit M&M Lien Creditors have valid, perfected, enforceable, first-priority liens on the above-listed leasehold interests in the Young 1H Unit.

89. **Count Thirteen**. Declaratory Judgment – Liens on leases and leasehold interests included in the Unit Designation filed at Instrument No. – 00021491 and leases identified by the Debtors as part of the Covington Acres West 1-H Well (the "Covington Acres West 1-H Unit"). For purposes of this Count, the "Subject Covington Acres West 1-H Unit M&M Lien Creditors" are CES, Bridgeport and Select. The Subject Covington Acres West 1-H Unit M&M Liens are as follows:

| Claimant | Well | County | Base Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| CES | Covington West Acres 1H | Hill | 436,361.31 | 6/18/2009 | 28152 | OPR/1601/834 |
| Bridgeport | Covington West Acres 1H | Hill | 541.25 | 7/21/2009 | 28992 | 1606/676 |
| Select | Covington West Acres 1H | Hill | 4,968.68 | 6/3/2009 | 27814 | OPR/1599/448 |

The Subject Covington Acres West 1-H M&M Lien Creditors incorporate by reference paragraphs 1-28 above.

90. This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

91. UBOC has asserted that it holds a valid, perfected, enforceable, first-priority lien and security interest on all of the Debtors' interests in the Covington Acres West 1-H Unit.

92. The following leases are not identified or adequately described in the UBOC Mortgage Documents:

| Unit | Lease Name |
|---|---|
| Covington Acres West 1-H | Annie Ledbetter |

93. The Subject Covington Acres West 1-H Unit M&M Lien Creditors request that the Court issue a declaratory judgment (i) that Debtors are indebted to the Subject Covington Acres West 1-H Unit M&M Lien Creditors for the base amount of their respective M&M Lien claims, (ii) that Debtors are indebted to the Subject Covington Acres West 1-H Unit M&M Lien Creditors for interest accruing on the base amount of their respective M&M Lien claims at the contract rate and reasonable attorney's fees, (iii) that the Subject Covington Acres West 1-H Unit M&M Lien Creditors' liens are valid, perfected, enforceable, and attach to and encumber the total acreage included in each lease which is included (in whole or in part), described in, or a part of the Covington Acres West 1-H Unit, (iv) that UBOC does not have a valid, perfected or enforceable lien, including but not limited to on the above-listed, non-identified leasehold interests in the Covington Acres West 1-H Unit; and (v) that the Subject Covington Acres West 1-H Unit M&M Lien Creditors have valid, perfected, enforceable, first-priority liens on the above-listed leasehold interests in the Covington Acres West 1-H Unit.

94. **Count Fourteen**. Declaratory Judgment – Liens on leases included in the Unit Designation filed at Instrument No. – 00019925 and leases identified by the Debtors as part of the Campbell 1-H Well (the "Campbell 1-H Unit"). For purposes of this Count, the "Subject Campbell 1-H Unit M&M Lien Creditors" are Schlumberger, CES and Bridgeport. The Subject Campbell 1-H Unit M&M Liens are as follows:

| Claimant | Well | County | Base Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| Schlumberger | Campbell 1H | Hill | 840,382.60 | 7/2/2009 | 28483 | 1603/784 |
| CES | Campbell 1H | Hill | 12,858.82 | 6/18/2009 | 28155 | OPR/1602/21 |
| Bridgeport | Campbell 1H | Hill | 4,242.12 | 7/21/2009 | 28990 | 1606/627 |

The Subject Campbell H Unit M&M Lien Creditors incorporate by reference paragraphs 1-28 above.

95.     This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

96.     The Subject Campbell 1-H Unit M&M Lien Creditors request that the Court issue a declaratory judgment (i) that Debtors are indebted to the Subject Campbell 1-H Unit M&M Lien Creditors for the base amount of their respective M&M Lien claims, (ii) that Debtors are indebted to the Subject Campbell 1-H Unit M&M Lien Creditors for interest accruing on the base amount of their respective M&M Lien claims at the contract rate and reasonable attorney's fees, (iii) that the Subject Campbell 1-H Unit M&M Lien Creditors' liens are valid, perfected, enforceable, and attach to and encumber the total acreage included in each lease which is included (in whole or in part), described in, or a part of the Campbell 1-H Unit, and (iv) that UBOC does not have a valid, perfected or enforceable lien on all of the leasehold interests in the Campbell 1-H Unit.

97.     **Count Fifteen**.  Declaratory Judgment – Liens on leases included in the Unit Designation filed at Instrument No. – 00022613 and leases identified by the Debtors as part of the Mays-McElroy 1H Well (the "Mays-McElroy 1H Unit"). For purposes of this Count, the "Subject Mays-McElroy 1H Unit M&M Lien Creditors" are Baker Hughes, Schlumberger, CES and Bridgeport. The Subject Mays-McElroy 1H Unit M&M Liens are as follows:

| Claimant | Well | County | Base Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| BOT Drilling Fluids | Mays-McElroy1H | Hill | 185,388.55 | 6/10/2009 | 27966 | 1600/697 |
| Schlumberger | Mays-McElroy1H | Hill | 105,158.33 | 7/2/2009 | 28484 | 1604/1 |

| CES | Mays-McElroy1H | Hill | 472,812.20 | 6/18/2009 | 28156 | OPR/1602/39 |
| Bridgeport | Mays-McElroy1H | Hill | 1,472.20 | 8/4/2009 | 29392 | 1608/738 |

The Subject Mays-McElroy 1H Unit M&M Lien Creditors incorporate by reference paragraphs 1-28 above.

98.     This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

99.     The Subject Mays-McElroy 1H Unit M&M Lien Creditors request that the Court issue a declaratory judgment (i) that Debtors are indebted to the Subject Mays-McElroy 1H Unit M&M Lien Creditors for the base amount of their respective M&M Lien claims, (ii) that Debtors are indebted to the Subject Mays-McElroy 1H Unit M&M Lien Creditors for interest accruing on the base amount of their respective M&M Lien claims at the contract rate and reasonable attorney's fees, (iii) that the Subject Mays-McElroy 1H Unit M&M Lien Creditors' liens are valid, perfected, enforceable, and attach to and encumber the total acreage included in each lease which is included (in whole or in part), described in, or a part of the Mays-McElroy 1H Unit, and (iv) that UBOC does not have a valid, perfected or enforceable lien on all of the leasehold interests in the Mays-McElroy 1H Unit.

100.     **Count Sixteen**.  Declaratory Judgment – Liens on leases included in Pooling Order No. 553092 which includes the Leopard 24-1H Well (the "Leopard 24-1H Unit").  For purposes of this Count, the "Subject Leopard 24-1H Unit M&M Lien Creditor" is Baker Hughes. The Subject Leopard 24-1H Unit M&M Lien is as follows:

| Claimant | Well | County | Base Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| BOT | Leopard 24-1H | Hughes | 8,993.56 | 6/11/2009 | 2667 | 1/210/15 |

- 39 -

The Subject Leopard 24-1H Unit M&M Lien Creditor incorporates by reference paragraphs 1-28 above.

101. This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

102. The Subject Leopard 24-1H Unit M&M Lien Creditor request that the Court issue a declaratory judgment (i) that Debtors are indebted to the Subject Leopard 24-1H Unit M&M Lien Creditor for the base amount of its respective M&M Lien claims, (ii) that Debtors are indebted to the Subject Leopard 24-1H Unit M&M Lien Creditor for interest accruing on the base amount of its respective M&M Lien claims at the contract rate and reasonable attorney's fees, (iii) that the Subject Leopard 24-1H Unit M&M Lien Creditor's liens is valid, perfected, enforceable, and attaches to and encumbers the total acreage included in each lease which is included (in whole or in part), described in, or a part of the Leopard 24-1H Unit, and (iv) that UBOC does not have a valid, perfected or enforceable lien on all of the leasehold interests in the Leopard 24-1H Unit.

103. **Count Seventeen**. Declaratory Judgment – Liens on leases which are part of Chittim 155-4H Well in Maverick County, Texas (the "Chittim Well"). For purposes of this Count, the "Subject Chittim Well M&M Lien Creditors" are Baker Hughes and CES. The Subject Chittim M&M Liens are as follows:

| Claimant | Well | County | Base Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| BOT Christensen | Chittim 155-4H | Maverick | 95,069.50 | 6/16/2009 | 155162 | 1167/281 |
| CES | Chittim 155-4H | Maverick | 322,879.00 | 6/16/2009 | 155162 | 1167/281 |

The Subject Chittim M&M Lien Creditors incorporate by reference paragraphs 1-28 above.

104.    This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

105.    The Subject Chittim M&M Lien Creditors request that the Court issue a declaratory judgment (i) that Debtors are indebted to the Subject Chittim M&M Lien Creditors for the base amount of their respective M&M Lien claims, (ii) that Debtors are indebted to the Subject Chittim M&M Lien Creditors for interest accruing on the base amount of their respective M&M Lien claims at the contract rate and reasonable attorney's fees, (iii) that the Subject Chittim M&M Lien Creditors' liens are valid, perfected, enforceable, and attach to and encumber the total acreage included in each lease which is included (in whole or in part), described in, or a part of the Chittim Well, (iv) that UBOC does not have a valid, perfected or enforceable lien on the Chittim Well; and (v) that the Subject Chittim M&M Lien Creditors have valid, perfected, enforceable, first-priority liens on the above-listed leasehold interests in the Chittim Well.

106.    **Count Eighteen**.  Declaratory Judgment – Priority of Subject Oklahoma M&M Liens to the extent of the enhanced value of the Subject Oil and Gas Properties as a result of the goods, materials, supplies, machinery, equipment and labor furnished by the Subject M&M Lien Creditors.  The Subject M&M Lien Creditors incorporate by reference paragraphs 1-28 above.

107.    This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. 2201 and Bankruptcy Rule 7001(2) and (9).

108.    UBOC has asserted that it holds a valid, perfected, enforceable, first-priority lien and security interest on all of the Debtors' interests in the Subject Oklahoma Oil and Gas

Properties which are encumbered by the Subject Oklahoma M&M Liens. In addition to the Declaratory Relief sought in Counts 1-17, the Subject M&M Lien Creditors request that the Court issue a declaratory judgment that UBOC's asserted liens and security interests, if any, against the below-listed properties which are encumbered by the Subject Oklahoma M&M Liens are junior to the Subject Oklahoma M&M Liens, to the extent of any increase in value of such properties, after the applicable lien inception date (i.e. the date of commencement of furnishing of materials and/or labor) of the Subject Oklahoma M&M Liens, on a property-by-property basis:

### Baker Hughes

**Oklahoma M&M Liens**

| Claimant | Well | County | Total Amount of Lien | Date Lien Filed | Recordation Number | Book/ Page/Line |
|---|---|---|---|---|---|---|
| Drilling Fluids | Dingo 11-1H | Hughes | 106,975.93 | 6/11/2009 | 2661 | 1/210/3 |
| Drilling Fluids | Gecko 22-1H | Hughes | 88,363.10 | 6/11/2009 | 2662 | 1/210/5 |
| BOT | Leopard 24-1H | Hughes | 8,993.56 | 6/11/2009 | 2667 | 1/210/15 |
| Drilling Fluids | Lizard 19-1H | Hughes | 124,022.99 | 6/11/2009 | 2663 | 1/210/7 |
| Christensen Drilling Fluids | Okapi 17-1H | Hughes | 102,224.47 | 6/11/2009 | 2664 | 1/210/9 |
| BOT | Panda 5-1H | Hughes | 41,435.99 | 6/11/2009 | 2665 | 1/210/11 |
| Christensen Drilling Fluids | Wombat 1-1H | Hughes | 198,178.31 | 6/11/2009 | 2666 | 1/210/13 |

### Simons

**Oklahoma M&M Liens**

| Well | County | Total Amount of Lien | Date Lien Filed | Recordation Number | Book/ Page/Line |
|---|---|---|---|---|---|
| Dingo 11-1H | Hughes | 103,348.41 | 6/1/2009 | 2657 | 1/209/35 |
| Lizard 19-1H | Hughes | 64,448.85 | 6/1/2009 | 2655 | 1/209/31 |
| Okapi 17-1H | Hughes | 105,480.76 | 6/1/2009 | 2658 | 1/209/37 |
| Wombat 1-1H | Hughes | 129,958.90 | 6/1/2009 | 2656 | 1/208/33 |

## CES

**Oklahoma M&M Liens**

| Well | County | Total Amount of Lien | Date Lien Filed | Recordation Number | Book/Page/Line |
|------|--------|---------------------|-----------------|--------------------|----------------|
| Dingo 11-1H | Hughes | 241,433.33 | 6/17/2009 | 2675 | 1/210/31 |
| Gecko 22-1H | Hughes | 352,108.33 | 6/17/2009 | 2676 | 1/210/33 |
| Lizard 19-1H | Hughes | 326,983.00 | 6/17/2009 | 2679 | 1/210/39 |
| Okapi 17-1H | Hughes | 360,839.16 | 6/17/2009 | 2677 | 1/210/35 |
| Wombat 1-1H | Hughes | 337,334.66 | 6/17/2009 | 2678 | 1/210/37 |

## Stanley

**Oklahoma M&M Liens**

| Well | County | Total Amount of Lien | Date Lien Filed | Recordation Number | Book/Page/Line |
|------|--------|---------------------|-----------------|--------------------|----------------|
| Dingo 11-1H | Hughes | 79,142.13 | 9/17/2009 | 2819 | 1/217/39 |
| Okapi 17-1H | Hughes | 97,807.00 | 9/17/2009 | 2820 | 1/218/1 |

## Miller

**Oklahoma M&M Liens**

| Well | County | Total Amount of Lien | Date Lien Filed | Recordation # | Book/Page/Line |
|------|--------|---------------------|-----------------|---------------|----------------|
| Dingo 11-1H | Hughes | 32,000 | 8/11/2009 | 2758 | 1/214/37 |

## Select

**Oklahoma M&M Liens**

| Well | County | Total Amount of Lien | Date Lien Filed | Recordation Number | Book/Page |
|------|--------|---------------------|-----------------|--------------------|-----------|
| Wombat 1-1H | Hughes | 29,000.00 | 6/17/2009 | 2685 | 1/211/11 |

## PRAYER

WHEREFORE, Baker Hughes Oilfield Operations, Inc., Schlumberger Technology Corporation, Simons Petroleum, Inc., Texas CES, Inc. d/b/a Felderhoff Brothers Drilling, T.K. Stanley, Inc., Pumpco Energy Services, Inc., I.E. Miller Services, Inc., Bridgeport Tank Trucks, LLC and Select Energy Services, LLC d/b/a Tejas Oilfield Services respectfully request that the Court enter judgment in their favor and grant the relief requested herein and for such other and further relief to which the Subject M&M Lien Creditors are justly entitled.

Respectfully submitted,

By: /s/ Kenneth Green
    Phil F. Snow
    State Bar No. 18812600
    Kenneth Green
    State Bar No. 24036677
    2929 Allen Parkway, Suite 4100
    Houston, TX 77019
    (713) 335-4800
    (713) 335-4848 (Fax)

ATTORNEYS FOR PLAINTIFFS


**OF COUNSEL:**

**SNOW FOGEL SPENCE LLP**
2929 Allen Parkway, Suite 4100
Houston, TX 77019
(713) 335-4800
(713) 335-4848 (Fax)