EXECUTED AND DELIVERED effective as of the date first written above.

MORTGAGOR:

CORNERSTONE E&P COMPANY, LP, a Texas
limited partnership
By: Cornerstone Southwest GP LLC, its general
partner

By: _____
Name: _____
Title: _____

John T. Sanchez
President & CEO

THE STATE OF TEXAS        §
                          §
COUNTY OF _DALLAS_        §

This instrument was acknowledged before me on this 20ᵗʰ day of December, 2006, by
_John T. Sanchez_ as _President & CEO_ of Cornerstone Southwest GP LLC, a Texas
limited liability company and the sole general partner of Cornerstone E&P Company, LP, a Texas limited
partnership, on behalf of said limited partnership.

_____
Notary Public in and for
the State of Texas

WILLIAM MICHAEL CIES
Notary Public, State of Texas
My Commission Expires
June 27, 2007

HOUSTON2026066

## Exhibit "A"

The designation "Working Interest" or "WI" or "GWI" when used in this Exhibit means an interest owned in an oil, gas, and mineral lease that determines the cost-bearing percentage of the owner of such interest. The designation "Net Revenue Interest" or "NRI" or "NRIO" or "NRIG" means that portion of the production attributable to the owner of a working interest after deduction for all royalty burdens, overriding royalty burdens or other burdens on production, except severance, production, and other similar taxes. The designation "Overriding Royalty Interest" "ORRI" means an interest in production which is free of any obligation for the expense of exploration, development, and production, bearing only its pro rata share of severance, production, and other similar taxes and, in instances where the document creating the overriding royalty interest so provides, costs associated with compression, dehydration, other treating or processing, or transportation of production of oil, gas, or other minerals relating to the marketing of such production. The designation "Royalty Interest" or "RI" means an interest in production which results from an ownership in the mineral fee estate or royalty estate in the relevant land and which is free of any obligation for the expense of exploration, development, and production, bearing only its pro rata share of severance, production, and other similar taxes and, in instances where the document creating the royalty interest so provides, costs associated with compression, dehydration, other treating or processing or transportation of production of oil, gas, or other minerals relating to the marketing of such production. Each amount set forth as "Working Interest" or "WI" or "GWI" or "Net Revenue Interest" or "NRI" or "NRIO" or "NRIG" is the Mortgagor's interest after giving full effect to, among other things, all Liens permitted by the Credit Agreement and after giving full effect to the agreements or instruments set forth in this Exhibit A and any other instruments or agreements affecting Mortgagor's ownership of the Hydrocarbons.

Any reference in this Exhibit A to wells or units is for warranty of interest, administrative convenience, and identification and shall not limit or restrict the right, title, interest, or Properties covered by this Deed of Trust. All right, title, and interest of Mortgagor in the Properties described herein and in Exhibit A are and shall be subject to this Deed of Trust, regardless of the presence of any units or wells not described herein.

The reference to book or volume and page herein and in Exhibit A refer to the recording location of each respective Realty Collateral described herein and in Exhibit A in the county where the land covered by the Realty Collateral is located.

HOUSTON\2026066

608

| Lessee | Legal Description | Recording Info | Gross Acres | Net Acres | WI | NRI |
|---|---|---|---|---|---|---|
| 1 Lacy's Western Wear Properties | 311.64 Acres more or less out of the 323.708 acre tract, being those certain lots, tracts, or parcels out of the W. B. Jackson Survey, A-479, the A. F. Short Survey, A-888, the J. W. Buslalah Survey, A-53, the Alex S. Dixon Survey, A-226, and the John Hayes Survey, A-361, Hill County, Texas and being the 323.78 acres described in that certain Warranty Deed dated May 26, 2000, from Paul Coffin Baker and wife Deborah L. Baker, to Lacy's Western Properties, Inc, recorded in Volume 1088, Page 607, of the Hill County Deed Records, SAVE AND EXCEPT 1, 2.45 acres conveyed by Lacy's Western Properties Inc., to Steven J. Waldron et ux. Described in Deed dated April 23, 2003, recorded in Volume 1217/Page 630, Hill County Deed Records, 2.37 acres conveyed by Lacy's Western Properties Inc., to Mary S. Steele, by Deed dated June 28, 2001 recorded in Volume 1121/Page 269, Hill County Deed Records, 1.45 acres conveyed by Lacy's Western Properties Inc., to Volume 1261/Page 0100, Hill County Deed David M Scott et ux, by Deed dated September 29, 2003 recorded in Volume 1261/Page 0100, Hill County Deed Records, 1.45 acres conveyed by Lacy's Western Properties Inc., to Joe Stratton, by Deed dated August 29, 200 | Book 1452, Page 822 Official Records of Hill County, Texas | 323.708 | 77.010 | 100.000 | 75.000 |
| 2 Mary S. Steele | Page 702, Hill County Deed Records, 1.45 acres conveyed by Lacy's Western Properties, Inc., to Jeff Stobig, et ux by Deed dated June 24, 2004, recorded in Volume 1289/Page 0167, Hill County Deed Records, 1.45 acres conveyed by Lacy's Western Properties Inc., to Duny D. Lacy et ux, by Deed dated August 31, 2001, recorded in Volume 1131/Page 0221, Hill County Deed Records, and 1.45 conveyed by Lacy's Western Properties Inc., to Duny Dan Lacy et ux, by Deed dated January 15, 2004, recorded in Volume 1253/Page 0036, Hill County Deed Records, Leaving the 311.64 acres covered by this lease.

2.37 Acres of land more or less out of the A. Short Survey, A-888 and being more fully described below, 2.37 acres, more or less, being all that lot, tract or parcel of land lying and situated in Island Creek Ranch Estates and being more particularly described as Lot 17 of Island Creek Ranch Estates, Phase 1, conveyed by Lacy's Western Properties Inc. to Mary S. Steele, in a Deed dated June 28, 2001 recorded in Volume 1121, Page 269, Hill County, Deed Records, Hill County, Texas. | Book ____ Page ____ Official Records of Hill County, Texas | 323.708 | 2.370 | 100.000 | 75.000 |
| 3 Stobig, Jeff et ux | 1.45 Acres of land more or less out of the A. Short Survey, A-889, and being more fully described below, All that certain lot, tract or parcel of land being all of Lot 16, Block 1, of Island Creek Ranch Estates, Phase 1, conveyed in Warranty Deed from Lacy's Western Properties, Inc. to Jeff Stobig and wife Julie in Volume 1289 Page 167, deed records Hill Co., Texas | Book ____ Page ____ Official Records of Hill County, Texas | 323.708 | 0.363 | 100.000 | 75.000 |

| Lessee | Legal Description | Recording Info | Gross Acres | Net Acres | WI | NRI |
|---|---|---|---|---|---|---|
| 4 Lacy, Dru & Karen | 2.90 Acres of land more or less out of the W. Jackson Survey, A-479 and the A. Short Survey A-889 being more fully described as two separate tracts as shown below. 1.45 acres, more or less, and being all that lot, tract or parcel of land lying and situated in Island Creek Ranch Estates being more particularly described as Lot 24, of Island Creek Ranch Estates, Phase II, conveyed by Lacy's Western Properties Inc. to Drury D. Lacy et ux, described in a Deed dated August 31, 2001, recorded in Volume 1131, Page 221, Deed Records, Hill County, Texas. and 1.45 acres, more or less, and being all that lot, tract or parcel of land lying and situated in Island Creek Ranch Estates and being more particularly described as Lot 23, Block 2 of Island Creek Ranch Estates, Phase II, conveyed by Lacy's Western Properties Inc. to Drury Dan Lacy et ux, described in a Deed dated January 15, 2004, recorded in Volume 1283, Page 036, Deed Records, Hill County, Texas. | Book _____ Page _____ Official Records of Hill County, Texas | 323.708 | 0.725 | 100.000 | 75.000 |
| 5 David Scott | 1.45 Acres of land and more or less out of the A. Short Survey, A-889 and being more fully described below. 1.45 acres, more or less, being all that lot, tract or parcel of land being Lot 15, Block 1 of Island Creek Ranch Estates, Phase I, conveyed by Lacy's Western Properties Inc. to David M Scott et ux in a Deed dated September 29, 2003, recorded in Volume 1261, Page 100, Deed Records, Hill County, Texas. | Book _____ Page _____ Official Records of Hill County, Texas | 323.708 | 0.383 | 100.000 | 75.000 |
| 6 Steven Waldron | 2.45 Acres of land more or less out of the W. Jackson Survey, A-479 and the A. Short Survey, A-889 and being more fully described below. 2.45 acres, more or less, being more particularly described as Lots 25 and 26, Block 2 of the Island Creek Ranch Estates, Phase II, conveyed by Lacy's Western Properties Inc. to Steven J. Waldron et ux, described in a Deed dated April 23, 2003, recorded in Volume 1217, Page 830, Deed Records, Hill County, Texas. | Book _____ Page _____ Official Records of Hill County, Texas | 323.708 | 0.613 | 100.000 | 75.000 |
| 7 Frank & Linda Hula | TRACT ONE: 20 acres of land, more or less, out of the John Holman Survey, Abstract No. 383, Hill County, Book 1465, Page 232 Texas, and being the same land described in that certain Deed from Vernon Gladwin and wife, Marie E. Gladwin to The Veterans' Land Board of the State of Texas, dated August 12, 1980, recorded in Volume 610, Page 464, Deed Records, Hill County, Texas.TRACT TWO: 20 acres of land, more or less, out of the John Holman Survey, Abstract No. 383, Hill County, Texas, and being the same land described in that certain Deed from Vernon Gladwin and wife, Marie E. Gladwin to Ross J. Miller and wife, Mary A. Miller, dated August 7, 1980, recorded in Volume 594, Page 626, Deed Records, Hill County, Texas. | Book 1465, Page 232 Official Records of Hill County, Texas | 40.000 | 40.000 | 100.000 | 80.000 |

610

| Lessee | Legal Description | Recording Info | Gross Acres | Net Acres | WI | NRI |
|---|---|---|---|---|---|---|
| 8 Leon L. Broumley | TRACT ONE: 20 acres of land, more or less, out of the John Holman Survey, Abstract No. 383, Hill County, Texas, and being the same land described in that certain Deed from The Veterans' Land Board of the State of Texas to Larry Dale Norton, dated August 14, 1991, recorded in Volume 594, Page 617, Deed Records, Hill County, Texas. TRACT TWO: 20 acres of land, more or less, out of the John Holman Survey, Abstract No. 383, Hill County, Texas, and being the same land described in that certain Deed from Vernon Glabvin and wife, Marie E. Glabvin to the Veterans' Land Board of the State of Texas, dated November 20, 1980, recorded in Volume 594, Page 356, Deed Records, Hill County, Texas. LESS AND EXCEPT: 1 acre of land, more or less, out of the John Holman Survey, Abstract No. 383, Hill County, Texas, and being the same land described in a Gift Deed from Leon L. Broumley, et al to Diana Johnson, dated April 9, 2003, recorded in Volume 1214, Page 43, Official Public Records, Hill County, Texas, leaving 39 acres of land, more or less, covered by this lease. | Book 1456, Page 218 Official Records of Hill County, Texas | 39.000 | 39.000 | 100.000 | 80.000 |
| 9 Diana Johnson | 1 acre of land, more or less, out of the John Holman Survey, Abstract No. 383, Hill County, Texas, and being the same land described in a Gift Deed from Leon L. Broumley, et al to Diana Johnson, dated April 9, 2003, recorded in Volume 1214, Page 43, Official Public Records, Hill County, Texas. | Book 1456, Page 239 Official Records of Hill County, Texas | 1.000 | 1.000 | 100.000 | 80.000 |
| 10 Bartlow, Keith & Susan | 30.777 acres of land, more or less, out of the A. Dixon Survey, Abstract No. 225 and out of the John Holman Survey, Abstract No. 383, Hill County, Texas, and being better described in that certain Deed from Arnold G. Davis and wife, Suzanne Davis to Scott Maughan and Linda Maughan, dated November 15, 1995, recorded in Volume 914, Page 230, Official Public Records, Hill County, Texas. | Book 1456, Page 225 Official Records of Hill County, Texas | 30.777 | 30.777 | 100.000 | 80.000 |
| 11 Toney, Garland & Shirley | 24.03 acres of land more or less, out of the John Hays Survey, A-361, Hill County, Texas and being the same land described in that certain Deed dated January 18, 1982, from John Owen Briggs, Jr. and wife, Sharon L. Briggs to Garland R. Toney and wife Shirley Toney and recorded in Volume 616, Page 201 of the Deed Records of Hill County, Texas | Book 1447, Page 353 Official Records of Hill County, Texas | 24.030 | 24.030 | 100.000 | 87.500 |
| 12 Quisenbury, JD & Margaret | 201.11 acres of land, more or less, out of the Orlando Wheeler, Abstract No. 940, Hill County, Texas, and being the same land described in a deed from J.D. Quisenbury et ux Margaret L. to Charles L. Johnson, dated November 21, 1983, recorded in Volume 638, Page 398, Deed Records, Hill County, Texas. | | 201.110 | 100.555 | 100.00 | 77.500 |

| | Lessee | Legal Description | Recording Info | Gross Acres | Net Acres | WI | NRI |
|---|---|---|---|---|---|---|---|
| 13 | Mitchell, Floyd | 135.79 acres, more or less, out of the Orlando Wheeler Survey, A-940, Hill County, Texas, and being more fully described as FIRST TRACT: 50 acres, more or less, and SECOND TRACT: 109.89 acres, more or less, conveyed by Charles Wesley Pyron, et al to Jackie I. Hartnett et ux, as recorded in Volume 657, Page 741, Deed Records, Hill County, Texas, SAVE AND EXCEPT, 24.403 acres, more or less, described in that certain Deed dated June 28, 2000, from Floyd D. Mitchell, a single man, to Charles M. Mitchell and wife Lisa S. Mitchell, recorded in Volume 1074, Page 386, of the Deed Records of Hill County, Texas. | Book 1450, Page 493 Official Records of Hill County, Texas | 135.750 | 67.875 | 100.000 | 77.500 |
| 14 | Mitchell, Charles and Lisa | 24.049 acres of land, more or less, out of the Orlando Wheeler Survey, A-940, Hill County, Texas, and being the same land described by metes and bounds in that certain Deed dated June 28, 2000 from Floyd D. Mitchell to Charles M. Mitchell and wife Lisa S. Mitchell, recorded in Volume 1074, Page 386 of the Deed Records, Hill County, Texas. | Book 1450, Page 500 Official Records of Hill County, Texas | 135.750 | 12.025 | 100.000 | 77.500 |
| 15 | D&N Ventures | Tract (1) 121.126 acres of land, more or less, out of the Orlando Wheeler Survey, Abstract No. 940, Hill County, Texas, and being the same land described in that certain deed from James H. Henderson and wife, June Henderson to D & N Ventures, Inc., dated October 28, 1999, recorded in Volume 1042, Page 429, Deed Records, Hill County, Texas, LESS AND EXCEPT, 20 acres of land, more or less, from D & N Ventures, Inc., to Ryan M. Jordan and wife, Stephanie A. Ryan, dated October 28, 1999, recorded in Volume 1042, Page 626, Deed Records, Hill County, Texas, LESS AND EXCEPT, 1 acre of land, more or less, from D & N Ventures, Inc., to Raymond F. Bunch and wife, Virginia K. Bunch, dated March 1, 2004, recorded in Volume 1273, Page 168, Deed Records, Hill County, Texas, LESS AND EXCEPT, 20 acres of land, more or less, from D & N Ventures, Inc., to Jose Diaz and wife, Rebecca Diaz, dated February 5, 2004, recorded in Volume 1267, Page 83, Deed Records, Hill County, Texas, leaving 80.126 acres of land, more or less.Tract (2) 82.194 acres of land, more or less, out of the Orlando Wheeler Survey.Abstract No. 940, Hill County, Texas, and being the same land described in that certain deed from James H. Henderson and wife, June Henderson to D & N Ventures, Inc., dated January 10, 202, recorded in Volume 1145, Page 483, Deed Records, Hill County, Texas, LESS AND EXCEPT, 10 acres of land, more or less, from D & N Ventures, Inc., to terry L. Harwell and Danielle S. Harwell, dated January 10, 2002, recorded in Volume 1145, Page 483, Deed Records, Hill County, Texas, leaving 82.194 acres of land, more or less. | Book 1452, Page 811 Official Records of Hill County, Texas | 162.320 | 162.320 | 100.000 | 80.000 |

| Lessee | Legal Description | Recording Info | Gross Acres | Net Acres | WI | NRI |
|---|---|---|---|---|---|---|
| 16 Seward, Lynn and Denise | 20 acres, more or less, a part of the Orlando Wheeler Survey, Abstract 940, Hill County, Texas, and being the same land as described in that certain Deed from Ryan M Jordan and wife Stephanie Jordan, to Lynn Seward and wife, Denise Seward, dated July 31, 2001, recorded in Volume 1129, Page 623, Official Deed Records, Hill County, Texas | Book 1453, Page 677 Official Records of Hill County, Texas | 20.000 | 20.000 | 100.000 | 77.500 |
| 17 Bunch, Raymond F. & Virginia | 1 acre, more or less, out of the Orland Wheeler Survey, A-940, Hill County, Texas and being the same land described in a Deed from D & N Ventures, Inc., to Raymond F. Bunch and wife, Virginia K. Bunch, dated March 1, 2004, recorded in Volume 1273, Page 168, Deed Records, Hill County, Texas. | Book 1456, Page 211 Official Records of Hill County, Texas | 1.000 | 1.000 | 100.000 | 80.000 |
| 18 Manderjano, Roman et ux | 12 acres of land, more of less, out of the Orlando Wheeler Survey, A-940, Hill County, Texas, and being the same land described in a deed from Jose Diaz and wife, Rebecca Diaz to Roman Manderjano, dated August 1, 2005, recorded in Volume 1435, Page 558, Official Public Records, Hill County, Texas. | Book 1456, Page 204 Official Records of Hill County, Texas | 12.000 | 12.000 | 100.000 | 80.000 |
| 19 Hawell, Terry & Danelle | 10 acres, more or less, out of the Orland Wheeler Survey, A-940, Hill County, Texas and being the same land described in a Deed from D & N Ventures, Inc., to Terry L. Hawell and wife, Danelle S. Hawell, dated January 10, 2002, recorded in Volume 1145, Page 483, Deed Records, Hill County, Texas. | Book 1456, Page197 Official Records of Hill County, Texas | 10.000 | 10.000 | 100.000 | 80.000 |
| 20 Inland Capital Corp. | Being 8.465 acres of land, more or less, out of the James S. Mathews Survey, A-817, Hill County, Texas, and being more fully described in that certain deed from The Handy Corporation, as grantor, to Inland Capital Corporation, as grantee, dated November 9, 1999, recorded in Volume 1045, Page 38, Deed Records, Hill County, Texas. | Book ___ Page ___ Official Records of Hill County, Texas | 8.465 | 8.465 | 100.000 | 80.000 |
| 21 Miller, Thomas H. | Being 3.048 acres of land, more or less, out of the James S. Matthews Survey, A-618, Hill County, Texas, and being more fully described in that certain deed from Thomas A. Miller Trust #1, as grantee, dated November 9, 1999, recorded in Volume 1045, Page 42, Deed Records, Hill County, Texas. | Book ___ Page ___ Official Records of Hill County, Texas | 3.048 | 3.048 | 100.000 | 80.000 |

| Lessee | Legal Description | Recording Info | | Gross Acres | Net Acres | WI | NRI |
|--------|-------------------|----------------|--|-------------|-----------|----|----|
| | | Page | | | | | |

22 Miller, Thomas H.

55.767 acres of land, more or less, out of the Henry Sikes Survey, A-817, Hill County, Texas, and being more fully described in that certain deed from J.R. Norton to Thomas A. Miller, Trustee, dated November 5, 1974, recorded in Volume 538, Page 990, Deed Records, Hill County, Texas, LESS and EXCEPT: 3.776 acres of land, more or less, being more fully described in that certain deed from Thomas A. Miller, Trustee, Grantor, to Joe W. Maddox, Grantee, dated July 20, 1977, as recorded in Volume 567, Page 99, Deed Records, Hill County, Texas, LESS and EXCEPT: 1.849 acres of land, more or less, being more fully described in that certain deed from Thomas A. Miller, Trustee, Grantor, to The Handy Corporation, Grantee, dated November 10, 1982, as recorded in Volume 627, Page 447, Deed Records, Hill County, Texas, LESS and EXCEPT: 2.06 acres of land, more or less, being more fully described in that certain deed from Thomas A. Miller, Trustee, Grantor, to The State of Texas, Grantee, dated September 19, 1988, as recorded in Volume 716, Page 684, Deed Records, Hill County, Texas, LESS and EXCEPT:

2.00 acres of land, more or less, being more fully described in that certain deed from Thomas A. Miller, Trustee, Grantor, to Dwight Lloyd et ux, Grantee, dated March 29, 1993, as recorded in Volume 778, Page 545, Deed Records, Hill County, Texas, LESS and EXCEPT: 8.270 acres of land, more or less, being more fully described in that certain deed from Thomas A. Miller, Trustee, Grantor, to The Handy Corporation, Grantee, dated April 11, 1997, as recorded in Volume 928, Page 566, Deed Records, Hill County, Texas, LESS and EXCEPT: 2.00 acres of land, more or less, being more fully described in that certain deed from Thomas A. Miller, Trustee, Grantor, to Dwight Lloyd et ux, Grantee, dated April 29, 1998, as recorded in Volume 971, Page 610, Deed Records, Hill County, Texas, LESS and EXCEPT: 0.686 acres of land, more or less, being more fully described in that certain deed from Thomas A. Miller, Trustee, Grantor, to John H. Hay, Grantee, dated July 28, 2001, as recorded in Volume 1077, Page 382, Deed Records, Hill County, Texas, LESS and EXCEPT: 1.009 acres of land, more or less, being more fully described in that certain deed from Thomas A. Miller, Trustee, Grantor, to Me

dated September 7, 2001, as recorded in Volume 1129, Page 590, Deed Records, Hill County, Texas, LESS and EXCEPT: 4.876 acres of land, more or less, being more fully described in that certain deed from Thomas A. Miller, Trustee, Grantor, to Oscar Castillo, Jr. et ux, Grantee, dated October 14, 2005, as recorded in Volume 1373, Page 447, Deed Records, Hill County, Texas, leaving 31.302 acres of land, more or less, covered by this lease.

Recording Info: Official Records of Hill County, Texas

Gross Acres: 31.302  
Net Acres: 31.302  
WI: 100.000  
NRI: 80.000

| Lessee | Legal Description | Recording Info | Gross Acres | Net Acres | WI | NRI |
|---|---|---|---|---|---|---|
| 23 Reese Family Trust | 159.89 acres of land, more or less, out of the Orlando Wheeler Survey, Abstract No. 940, Hill County, Texas, and being described as two tracts, the First Tract being 50 acres and the Second Tract being 109.89 acres, the same land described in a deed from Charles Wesley Pyron, et al to Jackie L. Harnett, et ux, dated April 24, 1985, recorded in Volume 657, Page 741, Deed Records, Hill County, Texas. | Book____Page____ Official Records of Hill County, Texas | 159.890 | 26.648 | 100.000 | 77.500 |
| 24 Verna Faye Pyron Maner | 159.89 acres of land, more or less, out of the Orlando Wheeler Survey, Abstract No. 940, Hill County, Texas, and being described as two tracts, the First Tract being 50 acres and the Second Tract being 109.89 acres, the same land described in a deed from Charles Wesley Pyron, et al to Jackie L. Harnett, et ux, dated April 24, 1985, recorded in Volume 657, Page 741, Deed Records, Hill County, Texas. | Book____Page____ Official Records of Hill County, Texas | 159.890 | 23.648 | 100.000 | 77.500 |
| 25 Patsy Ruth Michaels | 159.89 acres of land, more or less, out of the Orlando Wheeler Survey, Abstract No. 940, Hill County, Texas, and being described as two tracts, the First Tract being 50 acres and the Second Tract being 109.89 acres, the same land described in a deed from Charles Wesley Pyron, et al to Jackie L. Harnett, et ux, dated April 24, 1985, recorded in Volume 657, Page 741, Deed Records, Hill County, Texas. | Book____Page____ Official Records of Hill County, Texas | 159.890 | 23.648 | 100.000 | 77.500 |
| 26 Nelson, Shirley & Jerry | 6.07 acres of land, more or less, out of the John Hayes Survey, Abstract No. 361, Hill County, Texas, and being the same land described in a deed from Shirley E. Nelson (Walker) to Shirley E. Nelson and Jerry W. Nelson, dated October 20, 2003, recorded in Volume 1252, Page 670, Deed Records, Hill County, Texas. | Book____Page____ Official Records of Hill County, Texas | 6.070 | 6.070 | 100.000 | 80.000 |
| 27 Cline, Bruce W. | 6 acres of land, more or less, a part of the William Winkler Survey, A-947, Hill County, Texas, better described in that certain deed from Carol Cline Vaughn to Bruce W. Cline and Byron W. Cline, dated July 31, 2006, recorded in Volume 1437, Page 843, Deed Records, Hill County, Texas. | Book____Page____ Official Records of Hill County, Texas | 6.000 | 3.000 | 100.000 | 80.000 |
| 28 Vaughn, Carol Cline | TRACT 1: 37.122 acres of land, more or less, out of the William Winkler Survey, A-947, Hill County, Texas, better described in that certain deed from Moon and Associates to Carol Cline Vaughn, Dated February 6, 1984, recorded in Volume 643, Page 595, Deed Records, Hill County, Texas, LESS AND EXCEPT: 6 acres of land, more or less, better described in that certain deed from Carol Cline Vaughn to Byron W. Cline and Bruce W. Cline, dated July 31, 2006, recorded in Volume 1437, Page 843, Deed Records, Hill County, Texas. TRACT 2: 52 acres of land, more or less, out of the William Winkler, A-947, better described in that certain deed from Moon and Associates to Carol Cline Vaughn, dated February 6, 1984, recorded in Volume 643, Page 595, Deed Records, Hill County, Texas. | Book____Page____ Official Records of Hill County, Texas | 83.122 | 83.122 | 100.000 | 80.000 |

| Lessee | Legal Description | Recording Info | | Gross Acres | Net Acres | WI | NRI |
|---|---|---|---|---|---|---|---|
| | | Book | Page | | | | |
| | | Official Records of Hill County, Texas | | | | | |
| 29 Abilene Christian University | 102.698 acres of land, more or less, being out of the Henry Sikes Survey, A-817, and the A.P. Merryman Survey, A-595, and being more fully described in eleven (11) separate tracts as set out below: Tract One: Being 5.158 acres of land, more or less, and being more fully described in that certain deed from R. Terry Jackson, grantor, to The State of Texas, grantee, dated October 23, 1953, as recorded in Volume 387, Page 303, Deed Records, Hill County, Texas. Tract Two: Being 10 acres of land, more or less, and being more fully described in that certain deed from Triple H Land, LTD., grantor, to Ernest L. Henderson et ux Charlie Janette Henderson, grantee, dated July 24, 2000, as recorded in Volume 1077, Page 579, Deed Records, Hill County, Texas. Tract Three: Being 22.50 acres of land, more or less, and being more fully described in that certain deed from Veterans Land Board of the State of Texas, grantor, to Michael Wayne Henderson & Koye N. Henderson, grantee, dated January 4, 2001, as recorded in Volume 1093, Page 159, Deed Records, Hill County, Texas. Tract Four: Being 10 acres of land, more or less, and being more | | | 102.698 | 53.769 | 100.000 | 75.000 |

fully described in that certain deed from Triple H Land, LTD., grantor, to Rob Degg d/b/a Antioch Baptist Church, grantee, dated February 21, 2001, as recorded in Volume 1102, Page 325, Deed Records, Hill County, Texas. Tract Five: Being 7.00 acres of land, more or less, and being more fully described in that certain deed from Triple H Land, LTD., grantor, to Jose Hernandez et ux Martha Hernandez, grantee, dated August 12, 2003, as recorded in Volume 1238, Page 133, Deed Records, Hill County, Texas. Tract Six: Being 16.00 acres of land, more or less, and being more fully described in that certain deed from Triple H Land, LTD., grantor, to Itasca Independent School District, grantee, dated November 3, 2003, as recorded in Volume 1254, Page 765, Deed Records, Hill County, Texas. Tract Seven: Being 6.75 acres of land, more or less, and being more fully described in that certain deed from Triple H Land, LTD., grantor, to Rena Talton, grantee, dated August 17, 2004, as recorded in Volume 1301, Page 730, Deed Records, Hill County, Texas. Tract Eight: Being 14.50 acres of land, more or less, and being more fully described in that certain deed

| Lessee | Legal Description | Recording Info | Gross Acres | Net Acres | WI | NRI |
|---|---|---|---|---|---|---|
| 30 Thompson, Ann Armistead | 708.372 acres of land, more or less, being 578.97 acres of land, more or less, out of the Orlando Wheeler Survey, A-940, Hill County, Texas, and being described in that certain deed from Cora Frances Armistead to Ann Armistead Thompson et ux, dated January 2, 2002, recorded in Volume 1144, Page 742, Deed Records, Hill County, Texas and 129.402 acres of land, more or less, out of the Charles Watson Survey, A-952, described in that certain deed from J. Davis Armistead et ux to Ann Armistead Thompson et ux, dated December 11, 2001, recorded in Volume 1142, Page 322, Deed Records, Hill County, Texas | Book ___ Page ___ Official Records of Hill County, Texas | 708.372 | 708.372 | | 76.500 |
| 31 Boston, Carl Ray | 214.15 acres lying in the BBB&CRR Survey, A-102 and the Hiram Boen Survey, A-40, located in Hill County, TX. | Book 1446, Page 450, Official Records of Hill County, Texas | 214.150 | 214.150 | | 75.000 |
| 32 York, Don and Ann | 86.06 acres of land out of the John Hayes Survey, A-361, Hill County, TX | Book 1442, Page 738, Official Records of Hill County, Texas | 86.060 | 86.060 | | 75.000 |
| 33 Smith, Joe and Karen | 86.06 acres of land out of the John Hayes Survey, A-361, Hill County, TX | Book 1442, Page 725, Official Records of Hill County, Texas | 86.060 | 86.060 | | 75.000 |

from Triple H Land, LTD., grantor, to James Vanderzwet and Frances Louann Vanderzwet, grantee, dated October 10, 2002, as recorded in Volume 1200, Page 13, Deed Records, Hill County, Texas. Tract Nine: Being 3.75 acres of land, more or less, and being more fully described in that certain deed from Triple H Land, LTD., grantor, to Willis Jackson, Jr., grantee, dated April 24, 2002, as recorded in Volume 1169, Page 537, Deed Records, Hill County, Texas. Tract Ten: Being 4.54 acres of land, more or less, and being more fully described in that certain deed from Michael Henderson, grantor, to Victor Sader and Jacque Sader, grantee, dated February 6, 2001, as recorded in Volume 1143, Page 352, Deed Records, Hill County, Texas. Tract Eleven: Being 2.50 acres of land, more or less, and being more fully described in that certain deed from Triple H Land, LTD., grantor, to Rob Dagg d/b/a/ Antioch Baptist Church, grantee, dated June 24, 2005, as recorded in Volume 1381, Page 493, Deed Records, Hill County, Texas.

000107

**FILED**

AT 9:55 O'CLOCK A M
ON THE 4 DAY OF Jan.
A.D., 20 07

Nicole Tanner
_____
COUNTY CLERK, HILL CO. TEXAS

BY 2. Barrett
_____ DEPUTY


**STATE OF TEXAS**
**COUNTY OF HILL**
I hereby certify that this instrument was FILED on the date
and at the time stamped hereon by me and was duly
RECORDED in the Volume and Page of the Official Public
Records of Hill County, Texas.

Nicole Tanner
County Clerk, Hill County, Texas
BY _____ DEPUTY

RECORDED 1-4-07

# UCC FINANCING STATEMENT **AMENDMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Tiffany Marquez; 713-221-1552

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

Bracewell & Giuliani LLP
Attention: Ms. Tiffany Marquez
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. |
|---|---|
| 000107, Book 1460, Page 544; Initial File Date 1/04/07 | This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the ☑ REAL ESTATE RECORDS. |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. ☐ **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor *or* ☐ Secured Party of record. Check only *one* of these two boxes.
Also check *one* of the following three boxes *and* provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR Cornerstone E&P Company, L.P. | | | | |
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| Not Applicable | | | | ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only *one* box.

Describe collateral ☐ deleted *or* ☑ added, *or* give entire ☐ restated collateral description, *or* describe collateral ☐ assigned.

This financing statement is being filed to add the Additional Collateral as defined and described in the First Supplement to Deed of Trust, Security Agreement, Financing Statement, Fixture Filing and Assignment of Production attached hereto and incorporated herein for all purposes.

THIS FINANCING STATEMENT IS A FIXTURE FILING AND ALSO COVERS AS-EXTRACTED COLLATERAL.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR Union Bank of California, N.A., as Administrative Agent | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
Hill County, TX; B&G #2229088

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

Prepared by and after recording return to:

Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
Attn: Mr. Herman Wommack

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HILL | § |

## FIRST SUPPLEMENT TO DEED OF TRUST, SECURITY AGREEMENT, FINANCING STATEMENT, FIXTURE FILING AND ASSIGNMENT OF PRODUCTION

THIS FIRST SUPPLEMENT TO DEED OF TRUST, SECURITY AGREEMENT, FINANCING STATEMENT, FIXTURE FILING AND ASSIGNMENT OF PRODUCTION (this "Supplement") entered into and made effective as of the 10th day of October, 2008 ("Effective Date"), by and between **CORNERSTONE E&P COMPANY, L.P.**, a Texas limited partnership, whose address for notice is 5525 N. MacArthur Boulevard, Suite 775, Irving, Texas 75038 ("Mortgagor"), to and in favor of **UNION BANK OF CALIFORNIA, N.A.**, as administrative agent for the Lenders described below (the "Administrative Agent" or the "Mortgagee"), whose address for notice is Lincoln Plaza, 500 N. Akard Street, Suite 4200, Dallas, Texas 75201.

### W I T N E S S E T H:

A.    This Supplement is executed in connection with the Credit Agreement dated December 20, 2006, as amended by that certain Amendment No. 1 dated as of January 29, 2008, as further amended by that certain Amendment No. 2 dated as of March 31, 2008, and as further amended by that certain Amendment No. 3 dated as of October 10, 2008 (as so amended and as futher renewed, extended, amended, supplemented and/or restated from time-to-time, the "Credit Agreement") among Mortgagor, the lenders party thereto from time to time (the "Lenders"), and Mortgagee, as Administrative Agent for the Lenders and as issuing lender (in such capacity, the "Issuing Lender").

B.    In connection with the Credit Agreement, Mortgagor executed and delivered to the Mortgagee for its benefit and the benefit of the Lenders that certain Deed of Trust, Security Agreement, Financing Statement, Fixture Filing and Assignment of Production effective as of December 20, 2006 and duly filed for record on the dates, under the file numbers and in the counties as set forth in Annex 1 attached hereto (the "Mortgage"; the defined terms from which are used herein unless otherwise defined herein).

C.    Mortgagor desires to supplement the Mortgage by entering into this Supplement to add to the Collateral covered by the Mortgage, all rights, titles, interests and estates now owned or hereafter acquired by Mortgagor in and to the Additional Collateral, as defined below.

HOUSTON\2229138

NOW, THEREFORE, in connection with the foregoing and for other good and valuable consideration, the Mortgagor and the Mortgagee hereby agree as follows:

Section 1. **Reaffirmation**. To secure the Obligations (as such Obligations are extended, increased and modified pursuant to the terms of the Credit Agreement) and performance of the covenants and obligations contained in the Mortgage, Mortgagor HEREBY RATIFIES, CONFIRMS AND ACKNOWLEDGES the liens and security interest granted pursuant to the Mortgage and securing the Obligations (as such Obligations are extended, increased and modified pursuant to the terms of the Credit Agreement and this Supplement), and further agrees and acknowledges that such liens and security interest and the Mortgagor's obligations under the Mortgage are, and SHALL CONTINUE IN FULL FORCE AND EFFECT, TO SECURE THE PROMPT AND UNCONDITIONAL PAYMENT AND PERFORMANCE IN FULL OF THE OBLIGATIONS (AS EXTENDED, INCREASED AND MODIFIED PURSUANT TO THE TERMS OF THE CREDIT AGREEMENT AND THIS SUPPLEMENT).

Section 2. **Removable and Appointment of Trustee**. The Mortgagee hereby removes Kim Coil as Trustee under and pursuant to the Mortgage. The Mortgagee appoints M. Jarrod Bourgeois as the Trustee under and pursuant to the Mortgage until such time as such Trustee resigns or is removed pursuant to the Mortgage. The appointment and designation of M. Jarrod Bourgeois as Trustee shall vest in the name of such successor Trustee all the estate and title of the Trustee in all of the Collateral and all of the rights, powers, privileges, immunities and duties conferred hereby and under the Mortgage and at law upon the Trustee.

Section 3. **Grant of Lien for Additional Collateral**. In consideration of the advances or extensions by the Beneficiaries to the Mortgagor of the funds or credit constituting the Obligations (including the making of the Advances), and in further consideration of the mutual covenants contained herein, Mortgagor, by this Supplement hereby GRANTS, CONVEYS, SELLS, TRANSFERS and ASSIGNS with a general warranty of title but subject to Section 4.2(b) of the Mortgage as to Mortgagor's right, title, and interest in such Additional Collateral, for the uses, purposes and conditions hereinafter set forth and as set forth in the Mortgage, as supplemented hereby, unto Trustee, and to his successor or successors or substitutes IN TRUST, WITH POWER OF SALE, to secure the payment and performance of the Obligations for the benefit of Mortgagee on behalf of the Beneficiaries all of its right, title and interest in and to the Additional Collateral described in the following paragraphs (a) through (d):

(a)    All of Mortgagor's rights, titles, interests and estates now owned or hereafter acquired by Mortgagor in and to (i) the oil and gas and/or oil, gas and mineral leases and leasehold interests, fee mineral interests, term mineral interests, participation interests, back-in or carried working interests, rights of first refusal, options, subleases, farmouts, royalties, overriding royalties, net profits interests, production payments and similar interests or estates described in Exhibit A attached hereto and made a part hereof for all purposes including the net revenue interests warranted in the Credit Agreement and any reversionary or carried interests relating to any of the foregoing; (ii) all production units (and the Properties covered thereby) which may affect all or any portion of such interests including those units which may be described or referred to on Exhibit A and any units created by agreement or designation or under orders, regulations, rules or other official acts of any Federal, state or other governmental body or agency having jurisdiction; (iii) the surface leases described in Exhibit A; (iv) any and all non-

consent interests owned or held by, or otherwise benefiting, Mortgagor and arising out of, or pursuant to, any of the Contracts (as such term is supplemented as a result of this Supplement); (v) any other interest in, to or relating to (A) all or any part of the land described in Exhibit A, the land relating to the leases set forth in Exhibit A or in the documents described in Exhibit A, or (B) any of the estates, property rights or other interests referred to above; (vi) any instrument executed in amendment, correction, modification, confirmation, renewal or extension of the same; (vii) any and all rights, titles and interests of Mortgagor (which are similar in nature to any of the rights, titles and interests described in (i) through (vi) above) which are located on or under or which concern any Property or Properties located in counties referenced in Exhibit A hereto or counties in which a counterpart of this Supplement or the Mortgage is filed of record in the real property records of such county; and (viii) all tenements, hereditaments and appurtenances now existing or hereafter obtained in connection with any of the aforesaid, including any rights arising under unitization agreements, orders or other arrangements, communitization agreements, orders or other arrangements or pooling orders, agreements or other arrangements (the properties, rights, titles, interests and estates described in the following paragraphs (i) through (viii) collectively referred to as the "Additional Oil and Gas Properties");

    (b)    All of Mortgagor's rights, titles, interests and estates now owned or hereafter acquired by Mortgagor in and to all unsevered and unextracted Hydrocarbons in and under and which may be produced and saved from or attributable to the Additional Oil and Gas Properties, the lands pooled or unitized therewith and Mortgagor's interests therein, including all oil in tanks and all rents, issues, profits, proceeds, products, revenues and other income from or attributable to the Additional Oil and Gas Properties, the lands pooled or unitized therewith and Mortgagor's interests therein which are subjected or required to be subjected to the liens and security interests of this Supplement (hereinafter collectively called the "Additional Hydrocarbons" and together with the Additional Oil and Gas Properties, the "Additional Realty Collateral");

    (c)    All of Mortgagor's rights, titles, interests and estates now owned or hereafter acquired by Mortgagor in and to all surface or subsurface machinery, equipment, facilities, supplies or other Property of whatsoever kind or nature now or hereafter located on any of the Property affected by the Additional Oil and Gas Properties or in any way constituting a part of, relating to or arising out of the Additional Realty Collateral, and in any event, which are useful for the production, treatment, storage or transportation of Hydrocarbons, including all oil wells, gas wells, water wells, injection wells, casing, tubing, rods, pumping units and engines, christmas trees, derricks, separators, gun barrels, flow lines, pipelines, tanks, gas systems (for gathering, treating and compression), water systems (for treating, disposal and injection), supplies, derricks, wells, power plants, poles, cables, wires, meters, processing plants, compressors, dehydration units, lines, transformers, starters and controllers, machine shops, tools, storage yards and equipment stored therein, buildings and camps, telegraph, telephone and other communication systems, roads, loading racks, shipping facilities and all additions, substitutes and replacements for, and accessories and attachments to, any of the foregoing (collectively, the "Additional Fixture Collateral"); and

    (d)    All of Mortgagor's rights, titles, interests and estates now owned or hereafter acquired by Mortgagor in and to (i) all Operating Equipment, (ii) all Hydrocarbons severed and extracted from or attributable to the Additional Oil and Gas Properties, including oil in tanks, and all other "as-extracted" collateral from or attributable to the Additional Oil and Gas

Properties, (iii) all accounts (including accounts resulting from the sale of Hydrocarbons at the wellhead), contract rights and general intangibles, including all accounts, contract rights and general intangibles now or hereafter arising regardless of whether any of the foregoing is in connection with the sale or other disposition of any Hydrocarbons or otherwise, (iv) all accounts, contract rights and general intangibles now or hereafter arising regardless of whether any of the foregoing is in connection with or resulting from any of the Contracts, (v) all proceeds and products of the Additional Realty Collateral and any other contracts or agreements, (vi) all information concerning the Additional Oil and Gas Properties and all wells located thereon, including abstracts of title, title opinions, geological and geophysical information and logs, lease files, well files, and other books and records (including computerized records and data), (vii) any options to acquire any Additional Realty Collateral, and (viii) all proceeds, products, renewals, increases, profits, substitutions, replacements, additions, amendments and accessions of, to or for any of the foregoing (the properties, rights, titles, interests and estates described in the following paragraphs (i) through (viii) collectively referred to as the "Additional Personalty Collateral"; and together with the Additional Realty Collateral and the Additional Fixture Collateral, the "Additional Collateral").

TO HAVE AND TO HOLD the Additional Collateral unto the Trustee and its successors and substitutes in trust and to his and their successors and assigns forever for the benefit of the Mortgagee on behalf of the Secured Parties, together with all and singular the rights, hereditaments and appurtenances thereto in anywise appertaining or belonging, to secure payment of the Obligations and the performance of the covenants of Mortgagor contained in this Supplement. Mortgagor does hereby bind itself, its successors and permitted assigns, to warrant and forever defend all and singular the Additional Collateral unto the Trustee and its successors and assigns, against every Person whomsoever lawfully claiming or to claim the same, or any part thereof.

Subject, however, to the condition that none of the Mortgagee, the Lenders, or the Secured Parties shall be liable in any respect for the performance of any covenant or obligation of the Mortgagor in respect of the Additional Collateral. Any reference in Exhibit A to the name of a well shall not be construed to limit the Additional Collateral to the well bore of such well or in the pro rata units unless expressly provided to the contrary in Exhibit A. It is Mortgagor's intention that this instrument cover Mortgagor's entire interest in the lands, leases, units and other interests set forth in Exhibit A. In some instances, Exhibit A hereto may also include a schedule of oil and gas leases and/or oil, gas and mineral leases. In any and all events, the Oil and Gas Interests shall include, but not be limited to, all of Mortgagor's undivided interest therein, and the Realty Collateral shall include, but not be limited to, all of the lands covered thereby. Notwithstanding anything to the contrary contained herein, any listing of specific oil and gas leases or oil, gas and mineral leases on Exhibit A shall in no event imply that such list is complete or have the effect of limiting the interests intended to be mortgaged or that would otherwise be covered by this Mortgage.

Section 4. **Grant of Security Interest**. For the same consideration and to further secure the Obligations, Mortgagor hereby grants to Mortgagee for its benefit and the ratable benefit of the other Secured Parties a security interest in and to the Additional Collateral.

### Section 5. Assignment of Production.

(a)    In order to further secure the Obligations, Mortgagor has assigned, transferred, conveyed and delivered and does hereby assign, transfer, convey and deliver unto Mortgagee, effective as of the date hereof at 7:00 a.m. Dallas, Texas time, all Hydrocarbons produced from, and which are attributable to, Mortgagor's interest, now owned or hereafter acquired, in and to the Additional Oil and Gas Properties, or are allocated thereto pursuant to pooling or unitization orders, agreements or designations, and all proceeds therefrom.

(b)    Subject to the provisions of subsection (f) below, all parties producing, purchasing, taking, possessing, processing or receiving any production from the Additional Oil and Gas Properties, or having in their possession any such production, or the proceeds therefrom, for which they or others are accountable to Mortgagee by virtue of the provisions of this Section 5, are authorized and directed by Mortgagor to treat and regard Mortgagee as the assignee and transferee of Mortgagor and entitled in its place and stead to receive such Hydrocarbons and the proceeds therefrom.

(c)    Mortgagor directs and instructs each of such parties to pay to Mortgagee, for its benefit and the ratable benefit of the other Secured Parties, all of the proceeds of such Hydrocarbons until such time as such party has been furnished evidence that all of the Obligations have been paid and that the Lien evidenced hereby has been released; provided, however, that until Mortgagee shall have exercised the rights as herein to instruct such parties to deliver such Hydrocarbons and all proceeds therefrom directly to Mortgagee, such parties shall be entitled to deliver such Hydrocarbons and all proceeds therefrom to Mortgagor for Mortgagor's use and enjoyment, and Mortgagor shall be entitled to execute division orders, transfer orders and other instruments as may be required to direct all proceeds to Mortgagor without the necessity of joinder by Mortgagee in such division orders, transfer orders or other instruments. Mortgagor agrees to perform all such acts, and to execute all such further assignments, transfers and division orders, and other instruments as may be reasonably required or desired by Mortgagee or any party in order to have said revenues and proceeds so paid to Mortgagee. None of such parties shall have any responsibility for the application of any such proceeds received by Mortgagee. Subject to the provisions of subsection (f) below, Mortgagor authorizes Mortgagee to receive and collect all proceeds of such Hydrocarbons.

(d)    Subject to the provisions of subsection (f) below, Mortgagor will execute and deliver to Mortgagee any instruments Mortgagee may from time to time reasonably request for the purpose of effectuating this assignment and the payment to Mortgagee of the proceeds assigned.

(e)    Neither the foregoing assignment nor the exercise by Mortgagee of any of its rights herein shall be deemed to make Mortgagee a "mortgagee-in-possession" or otherwise responsible or liable in any manner with respect to the Additional Collateral or the use, occupancy, enjoyment or operation of all or any portion thereof, unless and until Mortgagee, in person or by agent, assumes actual possession thereof, nor shall appointment of a receiver for the Additional Collateral by any court at the request of Mortgagee or by agreement with Mortgagor or the entering into possession of the Additional Collateral or any part thereof by such receiver be deemed to make Mortgagee a "mortgagee-in-possession" or otherwise responsible or liable in

any manner with respect to the Additional Collateral or the use, occupancy, enjoyment or operation of all or any portion thereof.

(f)     Notwithstanding anything to the contrary contained herein, so long as no Default or an Event of Default shall have occurred and is continuing, Mortgagor shall have the right to collect all revenues and proceeds attributable to the Hydrocarbons that accrue to the Additional Collateral or the products obtained or processed therefrom, as well as any Liens and security interests securing any sales of said Hydrocarbons and to retain, use and enjoy same.

(g)     Mortgagee may endorse and cash any and all checks and drafts payable to the order of Mortgagor or Mortgagee for the account of Mortgagor, received from or in connection with the proceeds of the Hydrocarbons affected hereby, and the same may be applied as provided herein.  Mortgagee may execute any transfer or division orders in the name of Mortgagor or otherwise, with warranties and indemnities binding on Mortgagor; provided that Mortgagee shall not be held liable to Mortgagor for, nor be required to verify the accuracy of, Mortgagor's interests as represented therein.

(h)     Mortgagee shall have the right at Mortgagee's election and in the name of Mortgagor, or otherwise, to prosecute and defend any and all actions or legal proceedings deemed advisable by Mortgagee in order to collect such proceeds and to protect the interests of Mortgagee or Mortgagor, with all costs, expenses and attorneys fees incurred in connection therewith being paid by Mortgagor.  In addition, should any purchaser taking production from the Additional Oil and Gas Properties fail to pay promptly to Mortgagee in accordance with this Section 5, Mortgagee shall have the right to demand a change of connection and to designate another purchaser with whom a new connection may be made without any liability on the part of Mortgagee in making such election, so long as ordinary care is used in the making thereof, and upon failure of Mortgagor to consent to such change of connection, the entire amount of all the Obligations may, at the option of Mortgagee, be immediately declared to be due and payable and subject to foreclosure hereunder.

(i)     Without in any way limiting the effectiveness of the foregoing provisions, if Mortgagor receives any proceeds which under this Section 5 are payable to Mortgagee, Mortgagor shall hold the same in trust and remit such proceeds, or cause them to be remitted, immediately, to Mortgagee.

Section 6. **Additional Terms Regarding Assignment**.

(a)     Application of Proceeds.  All payments received by Mortgagee pursuant to Section 5 attributable to the interest of Mortgagor in and to the Hydrocarbons shall be applied in the order set forth in Section 7.06 of the Credit Agreement.

(b)     Mortgagor's Payment Duties.  Except as provided in Section 7.18 of the Mortgage, as supplemented hereby, nothing contained herein or in the Mortgage will limit Mortgagor's absolute duty to make payment of the Obligations regardless of whether the proceeds assigned by Section 5 are sufficient to pay the same, and the receipt by Mortgagee of proceeds from Hydrocarbons under this Supplement will be in addition to all other security now or hereafter existing to secure payment of the Obligations.

(c)    Liability of Mortgagee. Mortgagee is hereby absolved from all liability for failure to enforce collection of any of such proceeds, and from all other responsibility in connection therewith except the responsibility to account to Mortgagor for proceeds actually received by Mortgagee.

(d)    Actions to Effect Assignment. Subject to the provisions of Section 5(f), Mortgagor covenants to cause all operators, pipeline companies, production purchasers and other remitters of said proceeds to pay promptly to Mortgagee the proceeds from such Hydrocarbons in accordance with the terms of this Supplement, and to execute, acknowledge and deliver to said remitters such division orders, transfer orders, certificates and other documents as may be necessary, requested or proper to effect the intent of this assignment; and Mortgagee shall not be required at any time, as a condition to its right to obtain the proceeds of such Hydrocarbons, to warrant its title thereto or to make any guaranty whatsoever. In addition, Mortgagor covenants to provide to Mortgagee the name and address of every such remitter of proceeds from such Hydrocarbons, together with a copy of the applicable division orders, transfer orders, sales contracts and governing instruments. All expenses incurred by the Mortgagee in the collection of said proceeds shall be repaid promptly by Mortgagor; and prior to such repayment, such expenses shall be a part of the Obligations secured hereby. If under any existing Contracts for the sale of Hydrocarbons, other than division orders or transfer orders, any proceeds of Hydrocarbons are required to be paid by the remitter direct to Mortgagor so that under such existing agreements payment cannot be made of such proceeds to Mortgagee in the absence of foreclosure, Mortgagor's interest in all proceeds of Hydrocarbons under such existing Contracts shall, when received by Mortgagor, constitute trust funds in Mortgagor's hands and shall be immediately paid over to Mortgagee.

(e)    Power of Attorney. Without limitation upon any of the foregoing, Mortgagor hereby designates and appoints Mortgagee as true and lawful agent and attorney-in-fact (with full power of substitution, either generally or for such periods or purposes as Mortgagee may from time to time prescribe), with full power and authority, for and on behalf of and in the name of Mortgagor, to execute, acknowledge and deliver all such division orders, transfer orders, certificates and other documents of every nature, with such provisions as may from time to time, in the opinion of Mortgagee, be necessary or proper to effect the intent and purpose of the Mortgage (as supplemented hereby); and Mortgagor shall be bound thereby as fully and effectively as if Mortgagor had personally executed, acknowledged and delivered any of the foregoing orders, certificates or documents. The powers and authorities herein conferred on Mortgagee may be exercised by Mortgagee through any person who, at the time of exercise, is the president, a senior vice president or a vice president of Mortgagee. The power of attorney conferred by this Section 6(e) is granted for valuable consideration and coupled with an interest and is irrevocable so long as the Obligations, or any portion thereof, shall remain unpaid. All persons dealing with Mortgagee, or any substitute, shall be fully protected in treating the powers and authorities conferred by this Section 6(e) as continuing in full force and effect until advised by Mortgagee that the Obligations are fully and finally paid.

(F)    INDEMNIFICATION. MORTGAGOR AGREES TO INDEMNIFY MORTGAGEE AND THE OTHER SECURED PARTIES, AND EACH OF THEIR RESPECTIVE DIRECTORS, OFFICERS, EMPLOYEES, AND AGENTS (COLLECTIVELY, THE "INDEMNIFIED PARTIES") FROM, AND DISCHARGE,

RELEASE AND HOLD EACH OF THEM HARMLESS AGAINST ALL LOSSES, DAMAGES, CLAIMS, ACTIONS, LIABILITIES, JUDGMENTS, COSTS, ATTORNEYS FEES OR OTHER CHARGES OF WHATSOEVER KIND OR NATURE (HEREAFTER REFERRED TO AS "CLAIMS") MADE AGAINST, IMPOSED ON, INCURRED BY OR ASSERTED AGAINST ANY OF THEM AS A CONSEQUENCE OF THE ASSERTION EITHER BEFORE OR AFTER THE PAYMENT IN FULL OF THE OBLIGATIONS THAT ANY OF THE INDEMNIFIED PARTIES RECEIVED HYDROCARBONS OR PROCEEDS PURSUANT TO THE MORTGAGE OR THIS SUPPLEMENT OR PURSUANT TO ANY RIGHT TO COLLECT PROCEEDS DIRECTLY FROM ACCOUNT DEBTORS WHICH ARE CLAIMED BY THIRD PERSONS. THE INDEMNIFIED PARTIES WILL HAVE THE RIGHT TO EMPLOY ATTORNEYS AND TO DEFEND AGAINST ANY SUCH CLAIMS AND UNLESS FURNISHED WITH REASONABLE INDEMNITY, THE INDEMNIFIED PARTIES WILL HAVE THE RIGHT TO PAY OR COMPROMISE AND ADJUST ALL SUCH CLAIMS. MORTGAGOR WILL INDEMNIFY AND PAY TO THE INDEMNIFIED PARTIES ALL SUCH AMOUNTS AS MAY BE PAID IN RESPECT THEREOF, OR AS MAY BE SUCCESSFULLY ADJUDICATED AGAINST ANY OF THE INDEMNIFIED PARTIES. THE INDEMNITY UNDER THIS SECTION SHALL APPLY TO CLAIMS ARISING OR INCURRED BY REASON OF THE PERSON BEING INDEMNIFIED'S OWN NEGLIGENCE BUT SHALL NOT APPLY TO CLAIMS ARISING OR INCURRED BY REASON OF THE PERSON BEING INDEMNIFIED'S OWN GROSS NEGLIGENCE OR WILLFUL MISCONDUCT. THE LIABILITIES OF MORTGAGOR AS SET FORTH IN THIS SECTION SHALL SURVIVE THE TERMINATION OF THE MORTGAGE.

Section 7. **Additional Amendments and Supplements.**   Mortgagor and Mortgagee hereby agree that: (a) the term "Collateral" as used in the Mortgage is hereby supplemented and amended to include the Additional Collateral as defined and described in this Supplement; (b) the term "Realty Collateral" as used in the Mortgage is hereby supplemented and amended to include the Additional Realty Collateral as defined and described in this Supplement; (c) the term "Hydrocarbons" as used in the Mortgage is hereby supplemented and amended to include the Additional Hydrocarbons as defined and described in this Supplement; (d) the term "Personalty Collateral" as used in the Mortgage is hereby supplemented and amended to include the Additional Personalty Collateral as defined and described in this Supplement; (e) the term "Fixture Collateral" as used in the Mortgage is hereby supplemented and amended to include the Additional Fixture Collateral as defined and described in this Supplement; and (f) references to "Exhibit A" in the Mortgage shall include Exhibit A attached hereto.

Section 8. **Representations, Covenants and Warranties.**  Mortgagor hereby represents, warrants and covenants as follows:

(a)    Mortgagor hereby reaffirms all covenants, representations and warranties made in the Mortgage as such may be amended and supplemented as a result of this Supplement, and hereby represents and warrants that the representations and warranties set forth therein, as such may be amended and supplemented as a result of this Supplement, including without limitation, Article IV of the Mortgage, are true and correct in all material respects on and as of the date hereof, before and after giving effect to this Supplement, as though made on and as of the date

hereof, except to the extent that any such representation or warranty expressly relates solely to an earlier date, in which case it shall have been true and correct in all material respects as of such earlier date.

**Section 9. <u>Security Agreement, Financing Statement and Fixture Filing</u>.** This Supplement will be deemed to be and may be enforced from time to time as an assignment, chattel mortgage, contract, deed of trust, financing statement, real estate mortgage, or security agreement, and from time to time as any one or more thereof if appropriate under applicable state law. As a financing statement, this Supplement is intended to cover all Additional Personalty Collateral including Mortgagor's interest in all Additional Hydrocarbons as and after they are extracted and all accounts arising from the sale thereof at the wellhead. THIS SUPPLEMENT SHALL BE EFFECTIVE AS A FINANCING STATEMENT FILED AS A FIXTURE FILING WITH RESPECT TO ADDITIONAL FIXTURE COLLATERAL INCLUDED WITHIN THE ADDITIONAL COLLATERAL. This Supplement may be filed in the real estate records or other appropriate records of the county or counties in the state in which any part of the Additional Realty Collateral and Additional Fixture Collateral is located as well as the Uniform Commercial Code records of the Secretary of State or other appropriate office of the state in which any Additional Collateral or Mortgagor is located. Furthermore, Mortgagor hereby irrevocably authorizes Mortgagee and any affiliate, employee or agent thereof, at any time and from time to time, to file in any Uniform Commercial Code jurisdiction any financing statement or document and amendments thereto, without the signature of Mortgagor where permitted by law, in order to perfect or maintain the perfection of any security interest granted under this Supplement. A photographic or other reproduction of this Supplement shall be sufficient as a financing statement.

**Section 10. <u>Effectiveness of Mortgage</u>.** As supplemented and amended by this Supplement, the Mortgage shall remain in full force and effect. None of the rights, titles and interests existing and to exist under the Mortgage are hereby released, diminished or impaired. Mortgagor hereby reaffirms all covenants, representations and warranties made in the Mortgage and all agreements, covenants, representations and warranties are incorporated herein by reference, including, without limitation, Article IV of the Mortgage. Nothing herein shall act as a waiver of any of the Administrative Agent's or any Lender's rights under the Loan Documents as amended, including the waiver of any default or event of default, however denominated. The Mortgagor acknowledges and agrees that this Supplement shall in no manner impair or affect the validity or enforceability of the Mortgage. This Supplement is a Loan Document for the purposes of the provisions of the other Loan Documents. Without limiting the foregoing, any breach of representations, warranties, and covenants under this Supplement may be a default or event of default under other Loan Documents.

**Section 11. <u>Unenforceable or Inapplicable Provisions</u>.** If any term, covenant, condition or provision hereof is invalid, illegal or unenforceable in any respect, the other provisions hereof will remain in full force and effect and will be liberally construed in favor of the Mortgagee in order to carry out the provisions hereof.

**Section 12. <u>Counterparts</u>.** This Supplement may be executed in any number of counterparts, each of which will for all purposes be deemed to be an original, and all of which are identical except that, to facilitate recordation, in any particular counties counterpart portions

of <u>Exhibit A</u> hereto which describe Properties situated in counties other than the counties in which such counterpart is to be recorded may have been omitted.

Section 13. <u>Governing Law</u>. This Supplement shall be governed by and construed in accordance with the laws of the State of Texas.

Section 14. <u>Successors and Assigns</u>. This Supplement is binding upon Mortgagor, Mortgagor's successors and assigns, and shall inure to the benefit of the Mortgagee, the Issuing Lender, and each of the Lenders, and each of their respective successors and assigns, and to the benefit of the Swap Counterparties, and each of their respective successors and assigns with the prior consent of the Mortgagee, and the provisions hereof shall likewise be covenants running with the land.

Section 15. <u>Article and Section Headings</u>. The article and section headings in this Supplement are inserted for convenience of reference and shall not be considered a part of this Supplement or used in its interpretation.

Section 16. <u>Due Authorization</u>. Mortgagor hereby represents, warrants and covenants to Mortgagee that the obligations of Mortgagor under this Supplement are the valid, binding and legally enforceable obligations of Mortgagor, that the execution, ensealing and delivery of this Supplement by Mortgagor has been duly and validly authorized in all respects by Mortgagor, and that the persons who are executing and delivering this Supplement on behalf of Mortgagor have full power, authority and legal right to so do, and to observe and perform all of the terms and conditions of this Supplement on Mortgagor's part to be observed or performed.

Section 17. <u>No Offsets, Etc</u>. Mortgagor hereby represents, warrants and covenants to Mortgagee that there are no offsets, counterclaims or defenses at law or in equity against this Supplement or the Obligations secured hereby.

**THIS WRITTEN AGREEMENT AND THE OTHER LOAN DOCUMENTS, AS DEFINED IN THE CREDIT AGREEMENT, REPRESENT THE FINAL AGREEMENT AMONG THE PARTIES WITH RESPECT TO THE SUBJECT MATTER HEREOF AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS AMONG THE PARTIES.**

[Signatures Begin on Next Page]

**NOTICE TO MORTGAGOR:**

**A POWER OF SALE HAS BEEN GRANTED IN THE MORTGAGE AND IN THIS SUPPLEMENT. A POWER OF SALE MAY ALLOW THE MORTGAGEE TO TAKE THE COLLATERAL AND SELL IT WITHOUT GOING TO COURT IN A FORECLOSURE ACTION UPON DEFAULT BY THE MORTGAGOR UNDER THE MORTGAGE AND UNDER THIS SUPPLEMENT.**

EXECUTED on the date of the acknowledgments set forth below, but effective for all purposes as of the date first above written.

MORTGAGOR:

CORNERSTONE E&P COMPANY, LP,
a Texas limited partnership

By: CORNERSTONE SOUTHWEST GP, LLC,
its general partner

By: _____
Name: ~~John T. Sanchez~~
Title: ~~President & CEO~~

MORTGAGEE:

UNION BANK OF CALIFORNIA, N.A.,
as the Administrative Agent

By: _____
Name: _____
Title: _____

**NOTICE TO MORTGAGOR:**

**A POWER OF SALE HAS BEEN GRANTED IN THE MORTGAGE AND IN THIS SUPPLEMENT. A POWER OF SALE MAY ALLOW THE MORTGAGEE TO TAKE THE COLLATERAL AND SELL IT WITHOUT GOING TO COURT IN A FORECLOSURE ACTION UPON DEFAULT BY THE MORTGAGOR UNDER THE MORTGAGE AND UNDER THIS SUPPLEMENT.**

EXECUTED on the date of the acknowledgments set forth below, but effective for all purposes as of the date first above written.

MORTGAGOR:

CORNERSTONE E&P COMPANY, L.P.,
a Texas limited partnership

By: CORNERSTONE SOUTHWEST GP, LLC,
    its general partner

By: _____
Name: _____
Title: _____


MORTGAGEE:

UNION BANK OF CALIFORNIA, N.A.,
as the Administrative Agent

By: _WRandolph_____
Name: _____Whitney Randolph_____
Title: _____Assistant Vice President____

**Acknowledgments**

STATE OF TEXAS                    §
                                 §
COUNTY OF ___Dallas___           §

The foregoing instrument was acknowledged before me on the 9th day of October, 2008, by _John Sanchez_, as President & CEO of Cornerstone Southwest GP, LLC, a Texas limited liability company and the general partner of Cornerstone E&P Company, LP, a Texas limited partnership on behalf of said limited partnership.

Given under my hand and official seal this October 9th, 2008.

Olivia Van Slyke
NOTARY PUBLIC
State of Texas
My Comm. Exp. 1-22-2011

[NOTARIAL SEAL]

_____
Notary Public in and for
the State of Texas

STATE OF TEXAS                    §
                                 §
COUNTY OF DALLAS                  §

The foregoing instrument was acknowledged before me on the ___ day of October, 2008 by _____, the _____ of Union Bank of California, N.A., a national banking association on behalf of said banking association.

Given under my hand and official seal this October ___, 2008.

_____
Notary Public in and for
the State of Texas

[NOTARIAL SEAL]

**Acknowledgments**

STATE OF TEXAS                    §
                                 §
COUNTY OF _____          §

The foregoing instrument was acknowledged before me on the ___ day of October, 2008, by _____, as _____ of Cornerstone Southwest GP, LLC, the general partner of Cornerstone E&P Company, L.P., a Texas limited partnership on behalf of said limited partnership.

Given under my hand and official seal this October ___, 2008.

_____
Notary Public in and for
the State of Texas

[NOTARIAL SEAL]

STATE OF TEXAS                    §
                                 §
COUNTY OF DALLAS                 §

The foregoing instrument was acknowledged before me on the 9 day of October, 2008 by *Whitney Randolph*, the *AVP* of Union Bank of California, N.A., a national banking association on behalf of said banking association.

Given under my hand and official seal this October 9, 2008.

*Holli C Saskiw*
Notary Public in and for
the State of Texas

[NOTARIAL SEAL]

HOLLI C SASKIW
My Commission Expires
June 21, 2011

Houston/2229138          Acknowledgement Page to First Supplement to Deed of Trust

## ANNEX I TO SUPPLEMENT

## MORTGAGE RECORDING INFORMATION

| Jurisdiction | File Date | File No. |
|---|---|---|
| Hill County, Texas | 01/04/2007 | File No. 000106, Book 1460, Page 544 |

Annex I to First Supplement to Deed of Trust

EXHIBIT A
TO
**FIRST SUPPLEMENT TO DEED OF TRUST,**
**SECURITY AGREEMENT, FINANCING STATEMENT,**
**FIXTURE FILING AND ASSIGNMENT OF PRODUCTION**

The designation "Overriding Royalty Interest" "ORRI" means an interest in production which is free of any obligation for the expense of exploration, development, and production, bearing only its pro rata share of severance, production, and other similar taxes and, in instances where the document creating the overriding royalty interest so provides, costs associated with compression, dehydration, other treating or processing, or transportation of production of oil, gas, or other minerals relating to the marketing of such production. The designation "Royalty Interest" or "RI" means an interest in production which results from an ownership in the mineral fee estate or royalty estate in the relevant land and which is free of any obligation for the expense of exploration, development, and production, bearing only its pro rata share of severance, production, and other similar taxes and, in instances where the document creating the royalty interest so provides, costs associated with compression, dehydration, other treating or processing or transportation of production of oil, gas, or other minerals relating to the marketing of such production.

Any reference in this Exhibit to wells or units is for warranty of interest, administrative convenience, and identification and shall not limit or restrict the right, title, interest, or properties covered by this Supplement. All right, title, and interest of Mortgagor in the properties described herein are and shall be subject to this Supplement, regardless of the presence of any units or wells not described herein.

The reference to book or volume and page herein refer to the recording location of Additional Collateral that is real property in the county where the land covered by such real property is located.

EXHIBIT A

| Lessee Name | Lessor Name | Lease County | Lease State | Tract Legal Description | Recording Information |
|---|---|---|---|---|---|
| Cornerstone E & P Company, LP | Dale Freeman and wife Sandra Freeman | Hill | Texas | John Hayes Survey, A - 361 (26.437 acres), Hill County, Texas | 01/03/2007, Book 1464, Volume 000819, Page 0409 |
| Cornerstone E & P Company, LP | Tommy Willis Crouch | Hill | Texas | Orlando Wheeler Survey, A-940 (141.291 acres) in Hill County, Texas | 03/01/2007, Book 1470, Volume 001884, Page 0500 |
| Cornerstone E & P Company, LP | Charlene Wiginton Patricia Wiginton | Hill | Texas | Orlando Wheeler Survey, A-940 (263.5 acres) in Hill County, Texas | 03/01/2007, Book 1470, Page 0498, Entry 001883 |
| Cornerstone E & P Company, LP | Anderson | Hill | Texas | J P Rushing Survey, A-786 (107.5 acres) in Hill County, Texas | 03/01/2007, Book 1470, Page 0492, Entry 001881 |
| Cornerstone E & P Company, LP | Denton J. Wiginton | Hill | Texas | J P Rushing Survey, A-786 (107.5 acres) in Hill County, Texas | 03/01/2007, Book 1470, Page 0495, Entry 001882 |
| Cornerstone E & P Company, LP | Joe C. Stratton | Hill | Texas | A. Short Survey, A-889 (1.45 acres), Hill County, Texas Robert F. Fridge Survey, Abstract 295 (42.641 acres), Hill County, Texas | 01/29/2007, Book 1464, Page 0405, Entry 000818 02/20/2007, Book 1468, Page 0704, Entry 001533 |
| Chimney Hill Resources, LLC | David C. Neese | Hill | Texas | John Hayes Survey, Abstract 361 (23.16 acres), Hill County, Texas | 03/14/2007, Book 1473, Page 0546, Entry 002323 |
| Cornerstone E & P Company, LP | Christopher G. Webb | Hill | Texas | John Hayes Survey, Abstract 361 (23.16 acres), Hill County, Texas | 03/14/2007, Book 1473, Page 0569, Entry 002325 |
| Cornerstone E & P Company, LP | Linda Ann Cox | Hill | Texas | John Hayes Survey, Abstract 361 (23.16 acres), Hill County, Texas | 03/14/2007, Book 1473, Page 0554, Entry 002324 |
| Cornerstone E & P Company, LP | Teresa Q. Luttrell | Hill | Texas | Robert F. Fridge Survey, Abstract 295 (68.996 acres), Hill County, Texas | 02/28/2007, Book 1470, Page 0388, Entry 001857 |
| Chimney Hill Resources, LLC | D & N Ventures, Inc. | Hill | Texas | J M Mccarter Survey, Abstract 555 (143.5 acres), Hill County, Texas | 02/16/2007, Book 1468, Page 0330, Entry 001448 |
| Chimney Hill Resources, LLC | Marcia Irene Hill | Hill | Texas | J M Mccarter Survey, Abstract 555 (143.5 acres), Hill County, Texas | 02/16/2007, Book 1468, Page 0330, Entry 001448 |
| Chimney Hill Resources, LLC | James Robert Hill | Hill | Texas | Alex Dixon Survey, Abstract 225 (172.8 acres), Hill County, Texas | 02/16/2007, Book 1468, Page 0330, Entry 001448 |
| Adexco Production Company | Ted Hajek and wife Judy Ann Hajek | Hill | Texas | This tract also contains acreage in John Hayes Survey A 09/10/2001, Book 1250, Page 361 and the John Holman Survey A 383. | 0428, Entry 007053 |

Page 1 of 61

EXHIBIT A

| Lessee Name | Lessor Name | Lease County | Lease State | Tract Legal Description | Recording Information |
|---|---|---|---|---|---|
| | Letha Francis Smith Marital Trust Letha F Smith, | | | Orlando Wheeler Survey, Abstract 940 (199.6 acres), Hill County, Texas | |
| Adexco Production Company | Trustee Patricia Ann Campbell | Hill | Texas | This tract also contains acreage in the John Hayes Survey, A 361. | 11/01/2001, Book 1224, Page 0128, Entry 008552 |
| Adexco Production Company | & husband Geoffrey Campbell | Hill | Texas | Ellis Co School Land Survey, Abstract 252 (216.5 acres), Hill County, Texas | 11/19/2001, Book 1250, Page 0446, Entry 009036 |
| | Earnest L. Henderson & wife Charlie Janette | | | Henry Sikes Survey, Abstract 817 (1.46 acres), Hill | 09/30/2004, Book 1306, Page 0387, Entry 008994 |
| Quicksilver Resources Inc. | Henderson George B. Peckham | Hill | Texas | County, Texas | |
| Cornerstone E & P Company, LP | and wife Diane F Peckham | Hill | Texas | Orlando Wheeler Survey, Abstract 940 (49.811 acres), Hill County, Texas | 03/21/ 2007, Book 1475, Page 0243, Entry 002562 |
| Cornerstone E & P Company, LP | Don York and wife Ann York | Hill | Texas | John Hayes Survey, Abstract 361 (86.06 acres), Hill County, Texas | 09/22/2006, Book 1442, Page 0738, Entry 011178 |
| Quicksilver Resources Inc. | Victor Sader & Jacque Sader | Hill | Texas | Henry Sikes Survey, Abstract 817 (4.54 acres), Hill County, Texas | 09/30/2004, Book 1306, Page 0400, Entry 008998 |
| Cornerstone E & P Company, LP | Rob Degg dba Antioch Baptist Church | Hill | Texas | A P Merryman Survey, Abstract 595 (10 acres), Hill County, Texas | 11/08/2007, Book 1517, Page 357, Entry 00010637 |
| | Michael W. Henderson and wife | | | Henry Sikes Survey, Abstract 817 (22.5 acres), Hill County, Texas | 10/28/2004, Book 1311, Page 0651, Entry 009977 |
| Quicksilver Resources Inc. | Kaye Henderson | Hill | Texas | G W Crockett Survey, Abstract 145 (100 acres), Hill | 10/28/2004, Book 1311, Page 0608, Entry 009964 |
| Quicksilver Resources Inc. | Fred E. Jones and wife Angie B. Jones | Hill | Texas | County, Texas G W Crockett Survey, Abstract 145 (100 acres), Hill | 10/28/2004, Book 1311, Page 0617, Entry 009967 |
| Quicksilver Resources Inc. | Buford Bourland | Hill | Texas | County, Texas G W Crockett Survey, Abstract 145 (100 acres), Hill | 10/28/2004, Book 1311, Page 0614, Entry 009966 |
| Quicksilver Resources Inc. | Neva B. Lacy | Hill | Texas | County, Texas G W Crockett Survey, Abstract 145 (100 acres), Hill | 10/28/2004, Book 1311, Page 0611, Entry 009965 |
| Quicksilver Resources Inc. | Anna B. Scott | Hill | Texas | County, Texas | |

Page 2 of 61

EXHIBIT A

| Lessee Name | Lessor Name | Lease County | Lease State | Tract Legal Description | Recording Information |
|---|---|---|---|---|---|
| Quicksilver Resources Inc. | Eugene Clielt Edens | Hill | Texas | W.B. Jackson Survey, Abstract 479 (100 acres), Hill County, Texas | 06/29/2005, Book 1352, Page 0682, Entry 006084 |
| Quicksilver Resources Inc. | James Keith Edens | Hill | Texas | W.B. Jackson Survey, Abstract 479 (100 acres), Hill County, Texas | 06/29/2005, Book 1352, Page 0666, Entry 006085 |
| Cornerstone E & P Company, LP | Carl Ray Boston and wife Angie J. Boston | Hill | Texas | BBB And CRR Survey, Abstract 102 (214.15 acres), Hill County, Texas | 10/12/2006, Book 1446, Page 0452, Entry 11878 |
| Cornerstone E & P Company, LP | Joe K. Smith and wife Karen J. Smith | Hill | Texas | John Hayes Survey, Abstract 361 (86.06 acres), Hill County, Texas | 09/22/2006, Book 1442, Page 0724, Entry 011177 |
| Cornerstone E & P Company, LP | Garland R. Toney and wife Shirley Toney | Hill | Texas | John Hayes Survey, Abstract 361 (24.03 acres), Hill County, Texas | 10/18/2006, Book 1447, Page 0353, Entry 12057 |
| Cornerstone E & P Company, LP | John H. Hay | Hill | Texas | Henry Sikes Survey, Abstract 817 (.685 acres), Hill County, Texas | 01/12/2007, Book 1463, Page 0477, Entry 000446 |
| Cornerstone E & P Company, LP | Mark and Maria Wood | Hill | Texas | Henry Sikes Survey, Abstract 817 (1.009 acres), Hill County, Texas | 01/12/2007, Book 1462, Page 0467, Entry 000444 |
| Cornerstone E & P Company, LP | Oscar G. Castillo, Jr. and Amy Castillo | Hill | Texas | Henry Sikes Survey, Abstract 817 (4.876 acres), Hill County, Texas | 11/08/2007, Book 1517, Page 356, Entry 00010636 |
| Cornerstone E & P Company, LP | D. Wayne and Miriam Henderson | Hill | Texas | William Winkler Survey, Abstract 947 (1.08 acres), Hill County, Texas | 11/08/2007, Book 1517, Page 354, Entry 00010634 |
| Cornerstone E & P Company, LP | Charlie Mitchell and Lisa Mitchell | Hill | Texas | William Winkler Survey, Abstract 947 (.635 acres), Hill County, Texas | 10/25/2007, Book 1515, Page 0457, Entry 010222 |
| Cornerstone E & P Company, LP | Eugene M. Ballard and Mae Ballard | Hill | Texas | William Winkler Survey, Abstract 947 (3 acres), Hill County, Texas | / / |
| Cornerstone E & P Company, LP | Shirley E. Nelson and Jerry W. Nelson | Hill | Texas | John Hayes Survey, Abstract 361 (6.07 acres), Hill County, Texas | 01/08/2007, Book 1461, Page 0565, Entry 000281 |
| Cornerstone E & P Company, LP | Thomas A Miller, Trustee | Hill | Texas | Henry Sikes Survey, Abstract 817 (31.302 acres), Hill County, Texas | 01/12/2007, Book 1462, Page 0456, Entry 000442 |
| Cornerstone E & P Company, LP | Thomas A Miller Trust # 1 | Hill | Texas | James S Matthews Survey, Abstract 618 (3.048), Hill County, Texas | 01/12/2007, Book 1462, Page 0472, Entry 000445 |
| Cornerstone E & P Company, LP | Roman Mandujano etux Natividad Mandujano | Hill | Texas | Orlando Wheeler Survey, Abstract 940 (12 acres), Hill County, Texas | 12/04/2005, Book 1456, Page 0210, Entry 13639 |

Page 3 of 61

EXHIBIT A

| Lessee Name | Lessor Name | Lease County | Lease State | Tract Legal Description | Recording Information |
|---|---|---|---|---|---|
| Cornerstone E & P Company, LP | Diana Johnson and husband Lloyd Johnson | Hill | Texas | John Holman Survey, Abstract 383 (1 acre), Hill County, Texas | 12/04/2006, Book 1456, Page 0245, Entry 13644 |
| Cornerstone E & P Company, LP | Raymond F. Bunch and wife Virginia K. Bunch | Hill | Texas | Orlando Wheeler Survey, Abstract 940 (1 acre), Hill County, Texas | 12/04/2006, Book 1456, Page 0211, Entry 13640 |
| Cornerstone E & P Company, LP | Stewart L. Brown Ann Armistead Thompson and | Hill | Texas | William Winkler Survey, Abstract 947 (14.584 acres), Hill County, Texas | 11/08/2007, Book 1517, Page 352, Entry 00010632 |
| Cornerstone E & P Company, LP | Robert Dan Thompson III | Hill | Texas | Charles Watson Survey, Abstract 952 (129.402), Hill County, Texas | 12/07/2006, Book 1456, Page 0568, Entry 13706 |
| Cornerstone E & P Company, LP | Floyd W. Mitchell | Hill | Texas | Orlando Wheeler Survey, Abstract 940 (135.841 acres), Hill County, Texas | 11/03/2006, Book 1450, Page 0493, Entry 12600 |
| Cornerstone E & P Company, LP | Reese Family Trust James Reese, Trustee | Hill | Texas | Orlando Wheeler Survey, Abstract 940 (135.841 acres), Hill County, Texas | 03/14/2007, Entry 002326 |
| Cornerstone E & P Company, LP | Charlie Mitchell and Lisa Mitchell | Hill | Texas | Orlando Wheeler Survey, Abstract 940 (24.049 acres), Hill County, Texas | 11/03/2006, Book 1450, Page 0500, Entry 12601 |
| Cornerstone E & P Company, LP | Verna Fay Pyron Maner wife of Charles W. Pyron, Dec'd | Hill | Texas | Orlando Wheeler Survey, Abstract 940 (135.841 acres), Hill County, Texas | 12/28/2006, Book 1459, Page 0777, Entry 014339 |
| Cornerstone E & P Company, LP | Patsy Ruth Michaels | Hill | Texas | Orlando Wheeler Survey, Abstract 940 (24.049 acres), Hill County, Texas | 01/08/2007, Book 1461, Page 0576, Entry 000283 |
| Cornerstone E & P Company, LP | Bruce W. Cline | Hill | Texas | William Winkler Survey, Abstract 947 (6 acres), Hill County, Texas | 01/12/2007, Book 1462, Page 0490, Entry 000449 |
| Cornerstone E & P Company, LP | Byron W. Cline | Hill | Texas | William Winkler Survey, Abstract 947 (6 acres), Hill County, Texas | 01/29/2007, Book 1464, Page 0423, Entry 000822 |
| Cornerstone E & P Company, LP | Leon L. Broumley | Hill | Texas | John Holman Survey, Abstract 383 (39 acres), Hill County, Texas | 12/04/2006, Book 1456, Page 0218, Entry 13641 |

Page 4 of 61

EXHIBIT A

| Lessee Name | Lessor Name | Lease County | Lease State | Tract Legal Description | Recording Information |
|---|---|---|---|---|---|
| Cornerstone E & P Company, LP | Keith Bartlow and wife Susan Bartlow | Hill | Texas | John Holman Survey, Abstract 383 (30.777 acres), Hill County, Texas | 12/04/2006, Book 1456, Page 0225, Entry 13642 |
| Cornerstone E & P Company, LP | Frank Hula and wife Linda Hula | Hill | Texas | John Holman Survey, Abstract 383(40 acres), Hill County, Texas | 12/04/2006, Book 1456, Page 0238, Entry 13643 |
| Cornerstone E & P Company, LP | D & N Ventures, Inc. | Hill | Texas | Orlando Wheeler Survey, Abstract 940 (162.32 acres), Hill County, Texas | 11/15/2006, Book 1452, Page 0811, Entry 13025 |
| Cornerstone E & P Company, LP | Terry L. Harwell and wife Danelle S. Harwell | Hill | Texas | Orlando Wheeler Survey, Abstract 940 (10 acres), Hill County, Texas | 12/04/2006, Book 1456, Page 0197, Entry 13638 |
| Cornerstone E & P Company, LP | Inland Capital Corporation | Hill | Texas | James S Mathews Survey, Abstract 618 (8.465 acres), Hill County, Texas  This tract also contains acreage in the Henry Sikes Survey, A-817. | 01/12/2007, Book 1462, Page 0466, Entry 000443 |
| Cornerstone E & P Company, LP | Lynn Seward and wife Denise Seward | Hill | Texas | Orlando Wheeler Survey, Abstract 940 (20 acres), Hill County, Texas | 11/21/2006, Book 1453, Page 0677, Entry 13179 |
| Cornerstone E & P Company, LP | Carol Cline Vaughn Individually and as Trustee | Hill | Texas | William Winkler Survey, Abstract 947 (83.122 acres), Hill County, Texas | 01/12/2007, Book 1462, Page 0486, Entry 000448 |
| Cornerstone E & P Company, LP | Charles Unis Clark | Hill | Texas | F W Delesdernier Survey, Abstract 214 (80 acres), Hill County, Texas | 11/08/2007, Book 1517, Page 350, Entry 00010630 |
| Cornerstone E & P Company, LP | Sam W. Clark IV | Hill | Texas | F W Delesdernier Survey, Abstract 214 (80 acres), Hill County, Texas | 11/08/2007, Book 1517, Page 351, Entry 00010631 |
| Cornerstone E & P Company, LP | Kimberly Clark Bailey | Hill | Texas | F W Delesdernier Survey, Abstract 214 (80 acres), Hill County, Texas | 01/08/2007, Book 1461, Page 0570, Entry 000282 |
| Quicksilver Resources Inc. | Patrick Henry Foley Clark | Hill | Texas | F W Delesdernier Survey, Abstract 214 (80 acres), Hill County, Texas | 11/01/2001, Book 1136, Page 0423, Entry 008658 |
| T S Dudley Land Company, Inc. | Robert G. Clark | Hill | Texas | F W Delesdernier Survey, Abstract 214 (80 acres), Hill County, Texas | 11/14/2007, Book 1518, Page 254, Entry 10847 |
| Cornerstone E & P Company, LP | Rebecca Holland Bradford | Hill | Texas | John Clary Survey, Abstract 118 (150 acres), Hill County, Texas | 01/29/2007, Book 1464, Page 0416, Entry 000820 |
| Cornerstone E & P Company, LP | Dale Pat Campbell | Hill | Texas | John Clary Survey, Abstract 118 (150 acres), Hill County, Texas | 01/29/2007, Book 1464, Page 0417, Entry 000821 |

Page 5 of 61