B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Weatherford US LP and<br>Precision Energy Services, Inc. | **DEFENDANTS**<br>Union Bank of California, N.A.<br>Cornerstone E&P Company, LP<br>Cornerstone Southwest GP, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Edward L. Rothberg<br>Weycer, Kaplan, Pulaski & Zuber, P.C.<br>11 Greenway Plaza, Suite 1400, Houston, TX 77046<br>713.961.9045 | **ATTORNEYS** (If Known)<br>Samuel M. Stricklin (Union Bank of California, N.A.)<br>Scott Everett and Stephen Pezanosky (Debtors' Counsel) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Determine the Extent, Validity and Priority of Liens
28 U.S.C. § 1334                    Bankrupcty rule 7001
28 U.S.C. § 157(b)(2)(K)
28 U.S.C. § 1409
11 U.S.C. § 506

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 3,860,000 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Cornerstone E&P Company, L.P., et. al | | BANKRUPTCY CASE NO.<br>09-35228-BJH | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern | | DIVISION OFFICE<br>Dallas | NAME OF JUDGE<br>Barbara J. Houser |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>December 11, 2009 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Edward L. Rothberg | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Edward L. Rothberg
TBN 17313990
Weycer, Kaplan, Pulaski & Zuber, P.C.
11 East Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 961-9045; (713) 961-5341 (fax)
Attorney for Weatherford US LP and
Precision Energy Services, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § § | |
| **CORNERSTONE E&P COMPANY, L.P.,** *et. al* | § § § | **CASE NO. 09-35228-BJH** |
| Debtors. | § § § | **CHAPTER 11** |
| **WEATHERFORD US LP and PRECISION ENERGY SERVICES, INC.** | § § § | **ADVERSARY NO. _____** |
| Plaintiffs | § § | |
| VS. | § § | |
| **UNION BANK OF CALIFORNIA, N.A. CORNERSTONE E&P COMPANY, LP CORNERSTONE SOUTHWEST, GP, LLC** | § § § § | |
| Defendants | § | |

**COMPLAINT TO DETERMINE EXTENT, VALIDITY AND
 <u>PRIORITY OF LIENS</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Plaintiffs, WEATHERFORD US LP and its affiliate PRECISION ENERGY

SERVICES, INC. (collectively "Weatherford"), file this Complaint to Determine the

Extent, Validity and Priority of its Liens in relationship to the liens held by Defendant,

Union Bank of California, N.A. ("Union Bank"), and, in support thereof, would respectfully show unto the Court the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §1334 and the standing order of reference. This is a core proceeding under 28 U.S.C. §157(b)(2)(K), and Bankruptcy Rule 7001.

2. Venue is proper under 28 U.S.C. §1409 because the case is pending in this district.

3. Under 11 U.S.C. §506(a), the court may determine the extent of liens. A lien will create a secured claim only to the extent of the value of the creditor's interest in estate property.

4. This adversary proceeding is timely filed pursuant to paragraph 27 of the Final Cash Collateral/Vendor Finance Order dated August 25, 2009 (Doc. 81).

## PARTIES

5. The Plaintiff, Weatherford, is an oil field service company which provided goods and service to the Debtors with respect to various mineral leases operated or owned by the Debtors located in Texas and Oklahoma.

6. The Defendant, Union Bank, is a national banking association that can be served with process under Bankruptcy Rule 7004(h) by mailing a copy of the Summons and Complaint via first class mail, postage prepaid to its attorney in this case,

Samuel M. Stricklin of Bracewell & Guiliani, LLP, at 1445 Ross Avenue, Suite 3800, Dallas, Texas 75202.

7. The Defendants/Debtors, Cornerstone E&P Company, LP and Cornerstone Southwest GP, LLC (collectively "Cornerstone") can be served with process under Bankruptcy Rule 7004(b)(9) by mailing copies of the Summons and Complaint via first class mail, postage prepaid to their joint business address at 5525 N. MacArthur Blvd., Suite 775, Irving, TX 75038 and to their attorneys, Scott Everett and Stephen Pezanosky of Haynes & Boone, LLP, at 2323 Victory Avenue, Suite 700, Dallas, TX 75219-7673.

## FACTUAL BACKGROUND

8. The Cornerstone Chapter 11 bankruptcy cases were filed on August 6, 2009 ("Petition Date") under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§101 et sq. (the "Bankruptcy Code").

9. On August 25, 2009, the Court entered the Final Cash Collateral/Vendor Financing Order (Docket #81), where Cornerstone stipulated that Union Bank holds a first priority, valid and perfected lien, with certain minor exceptions noted therein, on virtually all of its assets.

10. The Debtors operate or maintain ownership interests in mineral leases in Texas and Oklahoma that produce gaseous and liquid hydrocarbons. The Debtors are "mineral property owners" and own an interest in one or more of the following: 1) land, 2) an oil, gas, or other mineral leasehold interest, 3) an oil or gas pipeline, or 4) an oil or gas pipeline right-of-way.

11. The Debtors were involved in "mineral activities", which include digging, drilling, torpedoing, operating, completing, maintaining, or repairing an oil, gas, or water well, or an oil or gas pipeline.

12. The leases involved in the mineral activities include the leases identified on Exhibits A, B, and C attached hereto ("Mineral Leases").

13. Weatherford is a mineral contractor who performed labor or furnished or hauled material, machinery or supplies, or mineral subcontractors, to the Debtors for their mineral activities on the leases.

14. Weatherford is owed $3,860,265.61 for the services and goods provided to the Debtors for mineral activities in Texas and Oklahoma. These amounts are detailed in Exhibits A, B, and C.

15. Weatherford holds a lien on the Mineral Leases and related assets as provided for under Texas and Oklahoma law.

16. Weatherford has perfected its liens as shown on Exhibits A, B, and C.

17. Once filed, priority of the Weatherford liens relates back to the commencement of work or the furnishing of materials.

**Cause of Action 1 - Determination of the Extent, Validity and Priority of Liens**

18. Weatherford seeks a determination that the Debtors are indebted to Weatherford in the amount of $3,860,265.51 as set forth in Exhibits A, B, and C; that its liens secured by the Mineral Leases and related assets securing these claims are valid and perfected; and to the extent permitted by 11 U.S.C. §506(b), Weatherford is entitled to interest as well as reasonable attorneys fees and costs.

19. Weatherford further seeks a declaratory judgment that Union Bank either has no lien or that Weatherford's lien rights are superior to those of Union Bank to the extent the Mineral Leases are not properly described or covered by the Union Bank mortgages.

20. Weatherford also seeks a declaratory judgment that its lien rights are superior to those of Union Bank even with respect to those Mineral Leases which are properly described in the Union Bank mortgages, to the extent Union Bank made non-obligatory advances covered by its mortgage subsequent to the provision of labor and/or services by Weatherford as set forth in its liens.

**COUNT TWO – DETERMINATION OF ALLOWED SECURED CLAIMS**

21. Upon determination of the extent, validity and priority of the liens of Weatherford and Union Bank under Texas and Oklahoma law, Weatherford seeks a determination under 11 U.S.C. §506, of the amount of its allowed secured claim and the allowed secured claim of Union Bank with respect to each lease.

**WHEREFORE, PREMISES CONSIDERED**, Weatherford respectfully requests that the Bankruptcy Court (i) determine the extent, validity and priority of its liens in relation to the lien of Union Bank and (ii) determine the amount of its allowed secured claim and the allowed secured claim of Union Bank, and (iii) grant such other and further relief as is just and equitable.

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: */s/ Edward L. Rothberg*
EDWARD L. ROTHBERG
State Bar No. 17313990
Federal I.D. No. 2780
11 E. Greenway Plaza, Suite 1400
Houston, Texas 77046
713-961-9045 Telephone
713-961-5341 Facsimile

ATTORNEYS FOR WEATHERFORD