B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>BJ SERVICES COMPANY, U.S.A<br>NEWPARK DRILLING FLUIDS, LLC | **DEFENDANTS**<br>UNION BANK OF CALIFORNIA, N.A., CORNERSTONE E&P COMPANY, LP AND CORNERSTONE SOUTHWEST, GP, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>CARL DORE', JR., DORE & ASSOCIATES, ATTORNEYS, P.C., 17171 PARK ROW, SUITE 350, HOUSTON, TEXAS 77084 | **ATTORNEYS** (If Known)<br>SAMUEL M. STRICKLIN (Union Bank of California, N.A.)<br>Scott Everett and Stephen Pezanosky (Cornerstone) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Determine the Extent, Validity and Priority of Liens

28 USC 1334 11 USC 506
28 USC 125(b) Bankruptcy Rule 7001(2)
28 USC 1409

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 1,790,557.77 |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Cornerstone E&P Company, L.P., et al | | BANKRUPTCY CASE NO.<br>09-35228-BJH | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern | | DIVISION OFFICE<br>Dallas | NAME OF JUDGE<br>Barbara J. Houser |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>December 11, 2009 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Carl Dore', Jr. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Carl Dore', Jr.
State Bar No. 6000600
Kristin S. Wallis
State Bar No. 24060794
Dore' & Associates, Attorney's P.C.
17171 Park Row, Suite 350
Houston, Texas 77084
Telephone: (281) 829-1555
Facsimile: (281) 829-1579
ATTORNEYS FOR PLAINTIFFS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **CORNERSTONE E&P COMPANY, L.P.** | § | **CASE NO. 09-35228** |
| ***et al.*,** | § | |
| | § | |
| **Debtors.** | § | **CHAPTER 11** |
| **B.J. SERVICES COMPANY, USA** | § | |
| **and NEWPARK DRILLING FLUIDS,** | § | |
| **LLC** | § | |
| ***Plaintiffs,*** | § | |
| | § | |
| **VS.** | § | **ADVERSARY PROCEEDING** |
| | § | |
| **UNION BANK OF CALIFORNIA, N.A.,** | § | |
| **CORNERSTONE E&P COMPANY, LP** | § | **NO. ___________** |
| **AND CORNERSTONE SOUTHWEST,** | § | |
| **GP, LLC,** | § | |
| | § | |
| ***Defendants.*** | § | |

**COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT TO DETERMINE EXTENT, VALIDITY AND PRIORITY OF LIENS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE

COMES NOW, Creditors **BJ SERVICES COMPANY, U.S.A.** ("BJ Services") and **NEWPARK DRILLING FLUIDS, LLC** ("Newpark") (collectively referred to as "Plaintiffs") to hereby file this Complaint and Request for Declaratory Judgment to Determine Extent, Validity and Priority of Liens with regard to the liens held by Defendant, Union Bank of California, N.A. ("Union Bank") on Defendants Cornerstone E&P Company, LP and Cornerstone Southwest GP, LLC (collectively referred to as "Debtors" or "Cornerstone") oil and gas leasehold interests, and would respectfully show unto the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction by virtue of 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b) and Bankruptcy Rule 7001.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

3. This Court has jurisdiction to grant the relief sought herein pursuant to 11 U.S.C. §506(a) and under the Federal Declaratory Judgment act, 28 U.S.C. §2001, et seq.

4. This adversary proceeding is timely filed pursuant to this Court's Final Cash Collateral/Vendor Finance Order (Docket No. 81).

**Parties**

5. Plaintiff BJ Services Company, USA is a Delaware corporation authorized to do business in Texas with its principal place of business in Texas. BJ Services is an oilfield service company which provided goods and services to the Debtor with respect to various mineral leases owned or operated by the Debtors.

6. Plaintiff Newpark Drilling Fluids is a Texas limited liability company with its principal place of business in Texas. Newpark is an oilfield service company which provided

goods and services to the Debtor with respect to various mineral leases owned or operated by the Debtors.

7. Defendant Union Bank has appeared in the main case and may be served with process by mailing a copy of this Complaint and Summons by first class mail, postage prepaid to its attorney or record in the main case, Samuel M. Stricklin, Bracewell & Guiliani, LLP, at 1445 Ross Avenue, Suite 3800, Dallas, Texas 75202. Bankruptcy Rule 7004(h).

8. Defendants/Debtors Cornerstone may be served with process by mailing copies of this Complaint and Summons by first class mail, postage prepaid to their joint business address at 5525 N. MacArthur Blvd., Suite 775, Irving, Texas 75038, and to their attorneys of record in the main case, Scott Everett and Stephen Pezanosky, Haynes & Boone, LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas 75219-7673. Bankruptcy Rule 7004(b)(9) and (h).

**Factual Background**

9. On August 6, 2009 (the "Petition Date"), the Debtors filed their original Petitions for Relief under Chapter 11 of the United States Bankruptcy Code [Docket No. 1].

10. On August 25, 2009, the Court signed an Order approving the Final Cash Collateral/Vendor Financing Order (the "Cash Collateral Order") [Docket No. 81].

11. Pursuant to the Cash Collateral Order, Cornerstone acknowledged and stipulated that Union Bank held a first priority, valid and perfected lien (with some minor exceptions) on substantially all of the Debtors' assets. Despite this stipulation, the Cash Collateral Order provides a procedure wherein "Trade Lien Creditors" are permitted to challenge Union Bank's prepetition liens and security interests in the prepetition collateral.[1]

12. "Trade Lien Creditors", as defined within the Cash Collateral Order includes the Plaintiffs herein.

[1] Docket No. 81.

13. The Debtors own or operate oil, gas and mineral interests in the mineral leases located in Texas and Oklahoma. The Debtors, as mineral property owners, own some, if not all of the land, leasehold interest, pipelines and right-of-way associated with each mineral lease. Each of the leases described and identified on Exhibits A through G are owned or operated by the Debtors.

14. BJ Services is a secured creditor of the Debtors. BJ Services filed an Affidavit Securing Lien Against Oil, Gas and Mineral Property against the wells and leases owned and operated by the Debtor for goods and services performed on the relevant wells and leases. BJ Services attached invoices supporting a total debt, after offsets and credits, of $996,665.11, as follows:

| **Well** | **Lien Date** | **Amount** |
|---|---|---|
| Covington Acres West #1H<br>Hill County, Texas<br>(Attached and incorporated herein as <u>Exhibit A)</u> | 7/13/2009 | $342,332.68 |
| Dingo #11-1H<br>Hughes County, Oklahoma<br>(Attached and incorporated herein as <u>Exhibit B)</u> | 9/11/2009 | $47,444.06 |
| Lizard #19-1H<br>Hughes County, Oklahoma<br>(Attached and incorporated herein as <u>Exhibit C)</u> | 8/17/2009 | $43,654.62 |
| Mays McElroy #1H<br>Hill County, Texas<br>(Attached and incorporated herein as <u>Exhibit D)</u> | 7/24/2009 | $504,025.41 |
| Okapi #17-11H<br>Hughes County, Oklahoma<br>(Attached and incorporated herein as <u>Exhibit E)</u> | 8/20/2009 | $51,232.52 |
| Wombat #1-1H<br>Hughes County, Oklahoma<br>(Attached and incorporated herein as <u>Exhibit F)</u> | 8/20/2009 | $55,610.29 |

15. Newpark is a secured creditor of the Debtors. Newpark filed an Affidavit Securing Lien Against Oil, Gas and Mineral Property against the wells and leases owned and operated by the Debtor, for goods and services performed on the relevant wells and leases. Newpark attached invoices supporting a total debt, after offsets and credits, of $793,892.66, as follows:

| **Well** | **Lien Date** | **Amount** |
|---|---|---|
| Chittim #126-2<br>Dimmit County, Texas<br>(Attached and incorporated herein as <u>Exhibit G</u>) | 7/8/2009 | $793,892.66 |

15. Defendant Union Bank is the secured priority lender of the Debtors and pursuant to their financing documents hold valid, first priority liens and security interests on the Debtors' property identified in the financing documents. In accordance with these financing documents, Union Bank further asserts claims to hold valid, first priority liens and security interests on <u>all</u> of the Debtor's Mineral Leases. Plaintiff's object to Union Bank's assertion and seek a determination from the Court as to the validity, priority and extent of their liens.

**<u>CAUSE OF ACTION #1 – Declaratory Judgment</u>**

16. First, Plaintiffs seek a determination that the Debtors are indebted to the Plaintiffs for the total amount of their liens, as set forth in Exhibits B through H. Plaintiffs further seek a determination that the liens securing by the Mineral Leases and related assets securing these claims are valid, enforceable, timely filed and fully perfected. To the extent permitted under 11 U.S.C. §506(b), Plaintiffs seek a determination that they are entitled to interest and reasonable attorney's fees and costs.

19. Plaintiffs assert that the Union Bank finance documents do not properly describe, identify or attach to the following mineral leases:

| Lease |
|---|
| Covington Acres West #1H<br>Hill County, Texas |
| Dingo #11-1H<br>Hughes County, Oklahoma |
| Lizard #19-1H<br>Hughes County, Oklahoma |
| Mays McElroy #1H<br>Hill County, Texas |
| Okapi #17-11H<br>Hughes County, Oklahoma |
| Wombat #1-1H<br>Hughes County, Oklahoma |
| Chittim #126-2<br>Dimmit County, Texas |

20. Pursuant to Plaintiffs' assertion above, Plaintiffs seek a declaratory judgment that Union Bank does not hold a first-priority lien and security interest on the above listed, non-identified leases and thus the BJ Services and Newpark liens, as applicable, are superior.

21. To the extent Union Bank made non-obligatory advances under the Mortgage documents after the work was performed by Plaintiffs, BJ Services and Newpark seek a declaratory judgment that their lien rights are superior to those of Union Bank.

**<u>CAUSE OF ACTION – Determination of Allowed Secured Claims</u>**

22. Following the determination of the extent, validity and priority of the Plaintiffs' liens under Texas and Oklahoma law, BJ Services and Newpark seek a determination under 11

U.S.C. §506, of the amount of its allowed secured claim and the allowed secured claim of Union Bank with respect to each lease.

**Relief Requested**

WHEREFORE, PREMISES CONSIDERED, BJ Services Company, U.S.A. and Newpark Drilling Fluids, LLC respectfully request that the Bankruptcy Court enter judgment in their favor and grant the relief requested herein and for such other and further relief to which Plaintiffs are justly entitled.

DATED: December 11, 2009

Respectfully submitted,

**DORÉ & ASSOCIATES, ATTORNEYS, P.C.**

By: */s/ Carl Dore', Jr.*

Carl Doré, Jr.
State Bar No. 06000600
Kristin S. Wallis
State Bar No. 24060794
17171 Park Row, Suite 350
Houston, Texas 77084
Telephone: (281) 829-1555
Facsimile: (281) 829-1579

**ATTORNEYS FOR PLAINTIFFS**
BJ Services Company, U.S.A. and Newpark Drilling Fluids, LLC