Timothy C. Dowd, OK Bar # 2458
(Admitted to Practice in the Northern District of Texas 3/10/1993)
Lyle R. Nelson, OK Bar # 10914
Eric L. Huddleston, OK Bar # 21225
ELIAS, BOOKS, BROWN & NELSON, P.C.
Two Leadership Square, Suite 1300
211 N. Robinson
Oklahoma City, OK 73102
T: 405.232.3722
F: 405.232.3746
ATTORNEYS FOR PHANTOM DRILLING
FLUIDS COMPANY

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **CORNERSTONE E&P COMPANY, L.P.,** *et. al* | § | **CASE NO. 09-35228-BJH** |
| | § | |
| Debtors, | § | **CHAPTER 11** |
| | § | |
| **PHANTOM DRILLING FLUIDS COMPANY,** | § | |
| | § | **ADVERSARY NO. _____** |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| **UNION BANK OF CALIFORNIA, N.A.** **CORNERSTONE E&P COMPANY, LP** **CORNERSTONE SOUTHWEST, GP, LLC** | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT TO DETERMINE EXTENT, VALIDITY AND PRIORITY OF LIENS

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Plaintiff, Phantom Drilling Fluids Company, (hereinafter referred to as "Phantom"), files this Complaint to Determine the Extent, Validity and Priority of its liens

1

in relationship to the liens held by Defendant, Union Bank of California, N.A. ("Union Bank"), and, in support thereof, would respectfully show unto the Court the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §1334 and the standing order of reference. This is a core proceeding under 28 U.S.C. §157(b)(2)(K), and Bankruptcy Rule 7001.

2. Venue is proper under 28 U.S.C. §1409 because the case is pending in this district.

3. Under 11 U.S.C. §506(a), the court may determine the extent of liens. A lien will create a secured claim only to the extent of the value of the creditor's interest in estate property.

4. This adversary proceeding is timely filed pursuant to paragraph 27 of the Final Cash Collateral/Vendor Finance Order dated August 25, 2009 (Doc. 81).

## PARTIES

5. The Plaintiff, Phantom, is an oil field service company which provided labor, goods and service to the Debtors with respect to various mineral leases operated or owned by the Debtors located in Oklahoma.

6. The Defendant, Union Bank, is a national banking association that can be served with process under Bankruptcy Rule 7004(h) by mailing a copy of the Summons and Complaint via first class mail, postage prepaid to its attorney in this case, Samuel M. Stricklin of Bracewell & Guiliani, LLP, at 1445 Ross Avenue, Suite 3800,

Dallas, Texas 75202.

7. The Defendants/Debtors, Cornerstone E&P Company, LP and Cornerstone Southwest GP, LLC (collectively "Cornerstone") can be served with process under Bankruptcy Rule 7004(b)(9) by mailing copies of the Summons and Complaint via first class mail, postage prepaid to their joint business address at 5525 N. MacArthur Blvd., Suite 775 Irving, TX 75038 and to their attorneys, Scott Everett and Stephen Pezanosky of Haynes & Boone, LLP, at 2323 Victory Avenue, Suite 700 Dallas, TX 75219-7673.

## FACTUAL BACKGROUND

8. The Cornerstone Chapter 11 bankruptcy cases were filed on August 6, 2009 ("Petition Date") under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§101 et sq. (the "Bankruptcy Code").

9. On August 25, 2009, the Court entered the Final Cash Collateral/Vendor Financing Order (Docket #81), where Cornerstone stipulated that Union Bank holds a first priority, valid and perfected lien, with certain minor exceptions noted therein, on virtually all of its assets.

10. The Debtors operate or maintain ownership interests in mineral leases in Texas and Oklahoma that produce gaseous and liquid hydrocarbons. The Debtors are "mineral property owners" and own an interest in one or more of the following: 1) land, 2) an oil, gas, or other mineral leasehold interest, 3) an oil or gas pipeline, or 4) an oil or gas pipeline right-of-way.

11. The Debtors were involved in "mineral activities", which include digging, drilling, torpedoing, operating, completing, maintaining, or repairing an oil, gas, or water well, or an oil or gas pipeline.

12. The leases involved in the mineral activities include the leases identified on Exhibits "A" and "B" attached hereto.

13. Phantom is mineral contractor who performed labor or furnished material or supplies to the Debtors for their mineral activities on the leases in Oklahoma.

14. Phantom is owed $512,781.18 for the labor, services and goods provided to the Debtors for mineral activities.

## COUNT ONE – DETERMINATION OF THE EXTENT AND VALIDITY OF LIENS

15. Phantom holds a lien on the mineral leases and has perfected its liens as shown on Exhibits "A" and "B". Phantom is entitled to a lien on the mineral leases shown, including a first lien on leases unencumbered by a prior lien of Union Bank.

16. Phantom seeks a determination of the extent, validity and priority of their liens as shown on the attached Exhibits and a declaratory judgment that it is entitled to assert its lien rights superior to those of Union Bank to the extent those leases are not properly described in or covered by the Union Bank mortgage documents, the Union Bank mortgage is subject to the obligations contained in Phantom's liens and to the extent Union Bank made non-obligatory advances covered by its mortgage subsequent to the provision of labor and/or services by Phantom as set for in its liens.

4

## COUNT TWO – DETERMINATION OF ALLOWED SECURED CLAIMS

17. Upon determination of the extent, validity and priority of the liens of Phantom and Union Bank under Oklahoma law, Phantom seeks a determination under 11 U.S.C. §506, of the amount of its allowed secured claim and the allowed secured claim of Union Bank with respect to each lease.

**WHEREFORE, PREMISES CONSIDERED**, Phantom respectfully requests that the Bankruptcy Court (i) determine the extent, validity and priority of its liens in relation to the lien of Union Bank and (ii) determine the amount of its allowed secured claim and the allowed secured claim of Union Bank, and (iii) grant such other and further relief as is just and equitable.

Respectfully submitted,

ELIAS, BOOKS, BROWN & NELSON, P.C.

By: /s/ Eric L. Huddleston
Timothy C. Dowd, OK Bar # 2458
(Admitted to Practice in the Northern District of Texas 3/10/1993)
Lyle R. Nelson, OK Bar # 10914
Eric L. Huddleston, OK Bar # 21225
Two Leadership Square, Suite 1300
211 N. Robinson
Oklahoma City, OK 73102

ATTORNEYS FOR PHANTOM

2638

# IN THE OFFICE OF THE COUNTY CLERK
# COUNTY OF HUGHES, STATE OF OKLAHOMA
# AMENDED OIL AND GAS WELL LIEN STATEMENT

STATE OF OKLAHOMA )
) ss.
COUNTY OF HUGHES )

KNOW ALL PERSONS BY THESE PRESENTS:

That Phantom Drilling Fluids Company has and claims a lien upon the oil and gas leasehold, any proceeds from the sale of the oil and gas produced from the well, and any oil well supplies, tools and appliances used in operating the well situated in the County of Hughes, State of Oklahoma, and particularly described as Panda 5-1H, SW1/4 SW1/4 SE1/4 SW1/4, (200 FSL 1580 FWL), Section 5-05N-9E;

That the oil and gas leasehold is leased by Cornerstone E & P Company, LP, being the lessee of the land, building(s), appurtenances and improvements and against whom Phantom Drilling Fluids Company claims a lien, and that the property is presently occupied by Cornerstone E & P Company, LP;

That the Lessee is Cornerstone E & P Company, LP, 5525 N. McArthur Boulevard, Suite 775, Irving, TX 75038;

That the amount of the lien claimed totals $239,507.48;

That the Contractor is Bronco Drilling Company, Inc., 16217 N. May Avenue, Edmond, Oklahoma 73013.

That on or about December 22, 2008, Phantom Drilling Fluids Company entered into an oral contract with Cornerstone E & P Company, LP, to furnish material used on the oil and gas leasehold;

That pursuant to the contract Phantom Drilling Fluids Company furnished material used on the oil and gas leasehold fully described (see "Exhibit A" & "Exhibit B");

That the date upon which the material used on said oil and gas leasehold was last furnished under the contract was January 16, 2009; and that this lien statement has been filed with the county clerk within four (4) months of said date;

That the said sum is just, due and unpaid, and that Phantom Drilling Fluids Company claims and has a lien upon the oil and gas leasehold, any proceeds from the sale of the oil and gas produced from the well, and any oil well supplies, tools and appliances used in operating the well, and against Cornerstone E & P Company, LP, in the amount of $239,507.48, as above set forth, according to the laws of the State of Oklahoma.

Exhibit A

DATED this _24_ day of April, 2009.

_{signature}_
Gene Matthews - President/Owner
Phantom Drilling Fluids Company

_{signature}_
J. Tyler Worten, OBA # 21415
Hornbeek Vitali and Braun PLLC
3711 N. Classen Blvd.
Oklahoma City, OK 73118
405.236.8600
405.236.8602 facsimile

STATE OF OKLAHOMA HUGHES COUNTY, SS
At 11:35 o'clock A.M., Filed for record and recorded in
APR 15 2009
Book _____ at page _____
Deputy _{signature}_

STATE OF OKLAHOMA )
 ) ss.
COUNTY OF **HUGHES** )

That I, Gene Matthews, being of lawful age and first duly sworn on oath, deposes and states: That I am the claimant mentioned in the foregoing Oil and Gas Well Lien Statement; that I have read said lien statement and know the contents thereof; that the amount claimed, the name of the owner, the name of the contractor, the description of the property upon which the lien is claimed, and the information set forth in the itemized and described list and the attached Exhibits are just, true and correct.

_____
Gene Matthews - President/Owner
Phantom Drilling Fluids Company


STATE OF OKLAHOMA )
 ) ss.
COUNTY OF OKLAHOMA )

Subscribed and sworn to before me this 14th day of April, 2009.

My Commission Expires: 08/06/2011

_____
Notary Public

2839

## IN THE OFFICE OF THE COUNTY CLERK
## COUNTY OF HUGHES, STATE OF OKLAHOMA
## AMENDED OIL AND GAS WELL LIEN STATEMENT

STATE OF OKLAHOMA )
) ss.
COUNTY OF HUGHES )

KNOW ALL PERSONS BY THESE PRESENTS:

That Phantom Drilling Fluids Company has and claims a lien upon the oil and gas leasehold, any proceeds from the sale of the oil and gas produced from the well, and any oil well supplies, tools and appliances used in operating the well situated in the County of Hughes, State of Oklahoma, and particularly described as Parrot 18-1H, SW1/4 SE1/4 SW1/4 SE1/4, Section 18-5N-10E;

That the oil and gas leasehold is leased by Cornerstone E & P Company, LP, being the lessee of the land, building(s), appurtenances and improvements and against whom Phantom Drilling Fluids Company claims a lien, and that the property is presently occupied by Cornerstone E & P Company, LP;

That the Lessee is Cornerstone E & P Company, LP, 5525 N. McArthur Boulevard, Suite 775, Irving, TX 75038;

That the amount of the lien claimed totals $273,273.70;

That the Contractor is Bronco Drilling Company, Inc., 16217 N. May Avenue, Edmond, Oklahoma 73013.

That on or about November 28, 2008, Phantom Drilling Fluids Company entered into an oral contract with Cornerstone E & P Company, LP, to furnish material used on the oil and gas leasehold;

That pursuant to the contract Phantom Drilling Fluids Company furnished material used on the oil and gas leasehold fully described (see "Exhibit A" & "Exhibit B");

That the date upon which the material used on said oil and gas leasehold was last furnished under the contract was December 18, 2008; and that this lien statement has been filed with the county clerk within four (4) months of said date;

That the said sum is just, due and unpaid, and that Phantom Drilling Fluids Company claims and has a lien upon the oil and gas leasehold, any proceeds from the sale of the oil and gas produced from the well, and any oil well supplies, tools and appliances used in operating the well, and against Cornerstone E & P Company, LP, in the amount of $273,273.70, as above set forth, according to the laws of the State of Oklahoma.

**Exhibit B**

DATED this 14 day of April, 2009.

*[signature]*
Gene Matthews - President/Owner
Phantom Drilling Fluids Company

*[signature]*
J. Tyler Worten, OBA # 21415
Hornbeek Vitali and Braun PLLC
3711 N. Classen Blvd.
Oklahoma City, OK 73118
405.236.8600
405.236.8602 facsimile

STATE OF OKLAHOMA )
) ss.
COUNTY OF **HUGHES** )

That I, Gene Matthews, being of lawful age and first duly sworn on oath, deposes and states: That I am the claimant mentioned in the foregoing Oil and Gas Well Lien Statement; that I have read said lien statement and know the contents thereof; that the amount claimed, the name of the owner, the name of the contractor, the description of the property upon which the lien is claimed, and the information set forth in the itemized and described list and the attached Exhibits are just, true and correct.

*/s/ Gene Matthews*
Gene Matthews - President/Owner
Phantom Drilling Fluids Company


STATE OF OKLAHOMA )
) ss.
COUNTY OF OKLAHOMA )

Subscribed and sworn to before me this 14th day of April, 2009.

My Commission Expires: 08/06/2011

*/s/ Michelle Curtis*
Notary Public

[Notary Seal: MICHELLE CURTIS, NOTARY, #07007451, EXP. 08/06/11, STATE OF OKLAHOMA]

STATE OF OKLAHOMA HUGHES COUNTY, SS
Filed for record
At 11:36 o'clock A.M., and recorded in
APR 15 2009
book 1 at page 208
Jeauna Walker, County Clerk
Deputy

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>PHANTOM DRILLING FLUIDS COMPANY | DEFENDANTS<br>Union Bank of CA, N.A.,<br>Cornerstone E&P Company, LP<br>Cornerstone Southwest, GP, LLC |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Elias, Books, Brown & Nelson, P.C.<br>211 N. Robinson Suite 1300<br>Oklahoma City, OK 73102 | **ATTORNEYS** (If Known)<br>Scott Everett & Stephen Pezanosky    Samuel Stricklin<br>2323 Victory Ave, Ste. 700   Bracewell & Guiliani LLP<br>Dallas, TX 75219-7673      1445 Ross Ave, Ste. 3800 |
| **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   □ Other<br>□ Trustee | **PARTY** (Check One Box Only) Dallas, TX 75202<br>☑ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO DETERMINE EXTENT, VALIDITY AND PRIORITY OF LIENS

28 U.S.C. §1334, 28 U.S.C. §157(b)(2)(K), 28 U.S.C. §1409, and 11 U.S.C. §506(a)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $   $0 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>CORNERSTONE E&P COMPANY, LP | BANKRUPTCY CASE NO.<br>09-35228-bjh ||
| DISTRICT IN WHICH CASE IS PENDING<br>NORTHERN | DIVISION OFFICE<br>DALLAS | NAME OF JUDGE<br>HOUSER |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>s/Eric Huddleston |||
| DATE<br>12/14/2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Eric Huddleston ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.