IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CORNERSTONE E&P COMPANY, L.P., | § | CASE NO. 09-35228 |
| *et al.,* | § | |
| | § | |
| DEBTORS. | § | CHAPTER 11 |

**B.J. SERVICES COMPANY, U.S.A. AND NEWPARK DRILLING FLUIDS, LLC'S
JOINDER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
MOTION FOR CLARIFICATION OF FINAL CASH COLLATERAL/VENDOR
FINANCING ORDER ENTERED AUGUST 25, 2009 (DOC 81) OR IN THE
ALTERNATIVE, FOR RELIEF FROM SAME PURSUANT TO RULE 60(B)**
[Related Docket Nos. 81 and 334]

**BJ SERVICES COMPANY, U.S.A.** ("BJ Services") and **NEWPARK DRILLING
FLUIDS, LLC** ("Newpark"), Creditors in the above-numbered and styled cause, hereby file this
Joinder to the *Motion of the Official Committee of Unsecured Creditors for Clarification of Final
Cash Collateral/Vendor Financing Order Entered August 25, 2009 (Doc. 81) or In The
Alternative, For Relief from Same Pursuant to Rule 60(b)* [Docket No. 334]. In support hereof,
BJ Services and Newpark would show as follows:

**INTRODUCTION**

1. BJ Services is a creditor against the Debtor and is owed $996,665.11 for pre-
petition goods, services, materials, and supplies provided with respect to the Debtors' mineral
leases and related wells. All of this debt is secured by statutory mineral liens on the Debtors'
interest in those leases. The mineral liens were all timely filed and fully perfected. There is
some evidence to support that some of these lien claims may be partially undersecured.

2. Newpark is a creditor against the Debtors and is owed $793,832.66 for pre-
petition goods, services, materials and supplies provided with respect to Debtors' mineral leases

and related wells.  All of this debt is secured by statutory mineral liens on the Debtors' interest in those leases.  The mineral liens were timely filed and fully perfected.  There is some evidence to support that some of these lien claims may be partially undersecured.

3.     On August 6, 2009 (the "Petition Date"), the Debtors filed their original Petitions for Relief under Chapter 11 of the United States Bankruptcy Code [Docket No. 1].

3.     On August 6, 2009, the Debtors filed their Emergency Motion for an Order (I) Approving Interim and Final Use of Cash Collateral and Granting Adequate Protection; (II) Granting Authority to Make Payments to Royalty and Working Interest Owners; and (III) Approving Vendor Financing Agreement (the "Cash Collateral Motion")[Docket No. 15, 30].

4.     The Court granted the Cash Collateral Motion and entered an Amended Agreed Interim Cash Collateral/Vendor Financing Order on August 10, 2009 [Docket No. 35].

5.     On April 15, 2010, the Official Committee for the Unsecured Creditors (the "Committee") filed its Motion for Clarification, or in the Alternative Relief from the Cash Collateral motion (the "Motion").

## JOINDER

6.     BJ Services and Newpark join the arguments set forth by the Committee in its Motion, and in an attempt to preserve judicial resources, do not entirely restate those arguments herein.  Thus, BJ Services and Newpark join in the Committee's Motion.

7.     In addition to the arguments set forth in the Committee's motion, BJ Services and Newpark state as follows:

## REASONS FOR JOINDER

8.     Pursuant to the Cash Collateral Order, Cornerstone acknowledged and stipulated that Union Bank held a first priority, valid and perfected lien (with some minor exceptions) on

substantially all of the Debtors' assets. Despite this stipulation, the Cash Collateral Order provided a procedure wherein "Trade Lien Creditors" were permitted to challenge Union Bank's prepetition liens and security interests in the prepetition collateral.[1]

9. The Debtors own or operate oil, gas and mineral interests in the mineral leases located in Texas and Oklahoma. The Debtors, as mineral property owners, own some, if not all of the land, leasehold interest, pipelines and right-of-way associated with each mineral lease. Upon best information and belief, each of the leases are owned or operated by the Debtors.

10. Union Bank is the secured priority lender of the Debtors' and pursuant to their financing documents, hold valid, first priority liens and security interests on the Debtor's property identified in the financing documents. In reliance upon language contained in these financing documents, Union Bank further claims to hold valid, first priority liens and security interests on all of the Debtor's Mineral Leases, whether such property was identified as collateral, or not. BJ Services and Newpark object to Union Bank's claims asserting a valid, first priority lien and security interest on ALL of the Debtor's mineral property assets.

11. In accordance with the Cash Collateral motion, BJ Services and Newpark filed a timely adversary complaint seeking a determination from the Court as to the validity, priority and extent of their liens and further asserted in its complaint that Union Bank's mortgage does not properly describe, identify or attach to all of the Debtors' mineral leases.[2]

12. As previously stated, all amounts owed by the Debtors to BJ Services and Newpark are secured by statutory mineral liens on the Debtors' interest in the related leases. The mineral liens were valid, timely filed and properly perfected. However, according to initial

---

[1] Docket No. 81.

[2] Adversary No. 09-03452 (consolidated with proceedings numbered 09-03448, 09-03450 and 09-03457 under Adversary No. 09-03447).

reports and the Debtors' themselves, some of these leases have been unsuccessful, or marginally economic. As such, BJ Services and Newpark's mineral liens against these properties are most likely under-secured and thus a portion, if not all of these claims, will be unsecured.

13. Because of these potential unsecured claims, BJ Services and Newpark have a vested interest in the Committee's Motion.

14. Through discovery in the consolidated adversary proceedings, it appears that there are certain properties upon which Union Bank's mortgage and liens do not attach, and the value of that property exceeds the aggregate of vendor lien claims on that property. Because of this, there may be available equity for unsecured claimants. Unless the Motion for Clarification by the Unsecured Creditor Committee is granted, it remains possible that this Court could determine Union Bank to have no lien position on a particular property, yet create the inequitable result that Union Bank would "back-door" into a second lien position ahead of the unsecured creditor claimants.

15. Accordingly, BJ Services and Newpark join in the Committee's Motion for Clarification or Relief from the Cash Collateral motion. The Committee's motion seeks clarification that it is permitted to file an adversary complaint against Union Bank for the purpose of determining that the Cash Collateral motion did not create new prepetition security interests or liens where none previously existed.

16. As stated within the Committee's motion, should the Plaintiffs ultimately prevail in the consolidated adversary proceeding and the Committee's motion is denied, Union Bank would effectively be granted an *additional* lien behind the mineral lien holders. Such a lien would irreparably harm the interest of all unsecured creditors, because Union Bank would be granted liens on property that was never encumbered by Union Bank pre-petition.

17.     Further, BJ Services and Newpark echo the Committee's assertion that there would be no prejudice to Union Bank or the Debtors by granting the Committee's Motion, as Union Bank is already forced to litigate these same issues in the consolidated adversary proceedings.

18.     BJ Services and Newpark reserve the right to further amend, modify or supplement this Joinder at any time and/or to request further relief from the Court.  BJ Services and Newpark reserve all rights in connection with the Committee's Motion, and/or as a creditor and party in interest in this Bankruptcy Case or otherwise.

WHEREFORE, PREMISES CONSIDERED, BJ Services Company, U.S.A. and Newpark Drilling Fluids, LLC request that this Joinder be considered, that approval of the Committee's Motion be GRANTED, and respectfully pray that the Court grant such other relief as is just and proper.

DATED: May 6, 2010.

Respectfully submitted,

**DORÉ & ASSOCIATES, ATTORNEYS, P.C.**


By:     */s/ Carl Dore', Jr.*
        Carl Doré, Jr.
        State Bar No. 06000600
        Kristin S. Wallis
        State Bar No. 24060794
        17171 Park Row, Suite 350
        Houston, Texas 77084
        Telephone: (281) 829-1555
        Facsimile: (281) 829-1579

        ***Attorneys for BJ Services Company, U.S.A.***
        ***and Newpark Drilling Fluids, LLC***

## CERTIFICATE OF SERVICE

   I hereby certify that on May 6, 2010, a true and correct copy of the foregoing document was served by ECF on all parties who receive notice electronically pursuant to the Local Rules.


         By:  */s/ Kristin S. Wallis*
             Kristin S. Wallis



Z:\Docs\CARL\BANKRUPTCY\CornerstoneE&P\UCC Motion for Leave\Joinder to UCC Motion for Leave.docx