Edward L. Rothberg
TBN 17313990
Annie Catmull
TBN 00794932
Hoover Slovacek, LLP
5847 San Felipe, Suite 2200
Houston, Texas 77057
(713)977-8686; (713) 977-5395 (fax)
Attorney for Weatherford US, LP

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| CORNERSTONE E&P COMPANY, L.P., | § | CASE NO. 09-35228-BJH |
| *et. Al* | § | |
| | § | |
| | § | |
| Debtors. | § | CHAPTER 11 |

### REPLY TO DEBTOR'S LIMITED RESPONSE TO MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR CLARIFICATION OF FINAL CASH COLLATERAL/VENDOR FINANCING ORDER ENTERED AUGUST 25, 2009 (D0C. 359 – HEARING SET FOR MAY 11, 2010 AT 1:30 P.M.

WEATHERFORD U.S., L.P., and an affiliate known as Precision Energy Services, Inc. (collectively "Weatherford"), hereby reply to the Debtor's Limited Response to Motion of Official Committee of Unsecured Creditors for Clarification of Final Cash Collateral/Vendor Financing Order Entered August 25, 2009. The grounds for this reply are as follows:

**Background**

1.      Weatherford is owed $3,860,265.89 for goods, services and equipment rental provided with respect to the Debtors mineral leases and related wells. A portion of this debt is secured by minerals liens on the Debtors' interest in those leases. Otherwise, the debt is largely unsecured. Weatherford is probably the largest unsecured creditor in the case.

2.      Weatherford is also the Plaintiff in Adversary No. 09-3450. Notwithstanding the declarations in the cash collateral order to the contrary, Weatherford timely asserted in its

adversary proceeding that UBOC's mortgage does not extend to various leasehold interests owned by the Debtor.

3. Weatherford's adversary proceeding has been consolidated with three other similar adversary proceedings.

4. The purpose of the Committee's Motion is essentially to allow it to intervene in the consolidated adversary proceeding to assert the rights of the unsecured creditors in leasehold interests which potentially are unencumbered.

## Reply

5. In its Limited Response, the Debtors' assert that the Committee was aware of the existence of potentially unencumbered leasehold interests. The basis for this assertion is an email dated September 2, 2009, forwarding an analysis of this issue to the Committee. A copy of this email is attached as Exhibit A. Attached to the email was a spreadsheet indicating that the potential value of the "unsecured leasehold" interests was $2,217,043. A copy of this spreadsheet is attached as Exhibit B.

6. The email shows that it was sent by Barry Osborne on September 2, 2009, to Tom Burke, Phil Snow and Patrick Devine. Mr. Osborne was a Vice President of the Debtors. Tom Burke was employed by Texas CES, Inc. and was the chair of the Committee.[1] Phil Snow represent Texas Ces along with several other parties in the case.[2] Patrick Devine is the Committee Counsel.

7. The deadline for the Committee to file an adversary proceeding challenging the UBOC liens was November 9, 2009  Thus, the information was received by the individuals listed in Exhibit A well in advance of this deadline.

---

[1] During the pendency of this case, Mr. Burke resigned from his position with Texas CES and consequently resigned as the Committee Chair. The new Committee Chair is Mr. Michael Stephenson of Schlumberger which is also represented by Mr. Snow.

[2] A copy of Mr. Snow's Rule 2019 Statement is attached as Exhibit C.

8. This email, however, was never forwarded to Weatherford, nor was the issue raised by the email ever discussed at a Committee Meeting until after the November 9, 2009 deadline.

9. Weatherford received a copy of the spreadsheet attached as Exhibit B on or about November 21, 2009. This was after the deadline for the Committee to file an adversary proceeding objecting to the UBOC liens but before the deadline for individual mineral lien holders to file adversary proceeding with respect to their specific liens.

10. Weatherford is unaware of the reason why the lien spreadsheet was not provided to it prior to November 9, 2009. If Weatherford was aware of this information prior to the deadline, it would have urged the Committee to file an adversary proceeding.

WHEREFORE, Weatherford prays that the Court grant the Committee motion and such other and further relief as is just and proper.

Respectfully submitted,

HOOVER SLOVACEK LLP

By: */s/ Edward L. Rothberg*
    EDWARD L. ROTHBERG
    State Bar No. 17313990
    MELISSA A. HASELDEN
    State Bar No. 00794778
    ANNIE E. CATMULL
    State Bar No. 00794932
    5847 San Felipe, Suite 2200
    Houston, Texas 77057
    Telephone: 713.977-8686
    Facsimile: 713.977-5395

ATTORNEYS FOR WEATHERFORD US LP & PRECISION ENERGY SERVICES, INC.

## CERTIFICATE OF SERVICE

  I hereby certify that on May 10, 2010, a true and correct copy of foregoing document was served by email upon the following:

Phil Snow
philsnow@snowfogel.com

Kenneth Green
kennethgreen@snowfogel.com

Samuel Martin Stricklin
sam.stricklin@bgllp.com

Michael L. Dinnin
michael.dinnin@bgllp.com

William Jarrell Moore
will.moore@bgllp.com

John C. Middleton
john.middleton@haynesboone.com

Scott W. Everett
scott.everett@haynesboone.com
Stephen M. Pezanosky
stephen.pezanosky@haynesboone.com

Michael D. Gray
Michael.gray@lawbrg.com

Andrew D. Schwartz
Andrew.schwartz@lawbrg.com

Carl Dore', Jr.
carldore@doreassociates.com

Kristin S. Wallis
Kristin@doreassociates.com

Tim Dowd
tdowd@eliasbooks.com

Eric Huddleston
ehuddleston@eliasbooks.com

               /s/ *Edward L. Rothberg*
               EDWARD L. ROTHBERG

671228-1                           P a g e | 4